IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DR. MARIA ARTUNDUAGA, <br><br> Plaintiff, <br><br> v. <br><br> THE UNIVERSITY OF CHICAGO MEDICAL CENTER and DR. DAVID SONG, individually, <br><br> Defendants. | No. 12 C 8733 <br><br> Judge James B. Zagel <br> Magistrate Judge Sidney I. Schenkier |

**MOTION TO DISMISS COMPLAINT COUNTS III TO VI OF DEFENDANTS THE UNIVERSITY OF CHICAGO MEDICAL CENTER AND DR. SONG**

NOW COME Defendants the University of Chicago Medical Center ("UCMC") and Dr. David Song, by their attorneys, and move to dismiss Counts III to VI of the Complaint of Plaintiff Maria Artunduaga. In support of their motion, Defendants state as follows:

1. Plaintiff, who alleges that she is from Colombia, was a Physician Resident in the Plastic and Reconstructive Surgery program at UCMC from June 20, 2011 to June 30, 2012.

2. Dr. Song was the Program Director for the Plastic and Reconstructive Surgery program and Plaintiff's supervisor.

3. On November 2, 2011, Dr. Song discussed with Plaintiff her performance as a Resident and informed her that UCMC was considering placing her on probation.

4. Dr. Song summarized that meeting in a memo, which contains three statements Plaintiff claims are "false" and "indicate that she was unable to perform her duties as Resident and "lacks certain professional abilities."

5. Plaintiff alleges that this memo was distributed to approximately 20 UCMC employees between November 2011 and May 2012 but does not allege who made the distribution or identify to employees to whom it was allegedly distributed.

6. Plaintiff was placed on probation on November 15, 2011.

7. On March 27, 2012, Dr. Song informed Plaintiff that UCMC would not renew her contract for a second year.

8. Dr. Song sent Plaintiff a letter dated April 30, 2012 containing statements that Plaintiff alleges are "false" and "indicate that she was unable to perform her duties as a Resident" and "lacks the ability to behave professionally."

9. Plaintiff alleges that Dr. Song's sent copies of his April 30, 2012 letter to Barry Kamin, Director of Graduate Medical Education, and Jane McAtee, Associate General Counsel.

10. At a grievance hearing held on May 16, 2012, Dr. Song read aloud an email containing critical comments about Plaintiff's performance by General Surgery Chief Resident, John Seal.

11. Plaintiff alleges that, in reading the email, Dr. Song included a critical assessment of Plaintiff's performance that was not articulated in the email.

12. Plaintiff alleges it was false that the email included the critical assessment as read by Dr. Song and that his "inaccurate recitation of the email indicated that Plaintiff lacked the knowledge necessary for her to perform her duties as Resident."

13. Plaintiff alleges in Counts I and II claims against Defendants for discrimination because of her Colombian national origin and for retaliation for complaining of such discrimination in violation of 42 U.S.C. §1981. Defendants have answered those Counts.

14. In Count III, Plaintiff alleges that the false statements claimed to have been made by Dr. Song attribute to her an inability to perform her duties as Resident and otherwise harm her in her profession constitute defamation *per se*.

15. Counts III should be dismissed because:

    (a) The statements of which Plaintiff complains are not *per se* defamatory; and

    (b) Plaintiff's Complaint shows that the complained of statements were privileged.

16. In Count IV, Plaintiff sues Defendant UCMC for defamation *per se* alleging that it is responsible for Dr. Song's alleged false statements under the doctrine of *respondeat superior*.

17. Count IV should be dismissed because Plaintiff has not stated a claim for defamation against Dr. Song. There is thus no basis for Plaintiff's *respondeat superior* claim against UCMC.

18. In Count V, Plaintiff alleges that Dr. Song interfered with her expectation of continuing her residency at UCMC.

19. Count V should be dismissed because:

    (a) Plaintiff has not alleged a reasonable expectation of continuing her residency;

    (b) Plaintiff has not alleged that Dr. Song took any action with regard to a third party; and

    (c) Plaintiff's Complaint shows that Dr. Song's actions were privileged.

20. Count VI alleges that Dr. Song interfered with her expectation of obtaining gainful employment after completing her residency.

3

21. Count VI should be dismissed because:

    (a) Plaintiff has not alleged a reasonable expectation of employment after her residency;

    (b) Plaintiff has not alleged that Dr. Song took any action with regard to a third party; and

    (c) Plaintiff's Complaint shows that Dr. Song's actions were privileged.

WHEREFORE, Defendants University of Chicago Medical Center and Dr. David Song pray that Counts III to VI of the Complaint of Plaintiff Maria Artunduaga be dismissed with prejudice and that they be awarded such other relief as the Court deems just and proper.

    Respectfully submitted,

    THE UNIVERSITY OF CHICAGO MEDICAL CENTER AND DR. DAVID SONG

    By:    s/ Michael G. Cleveland
           One of Their Attorneys

Michael G. Cleveland, Bar No. 00460915
Andrea L. Lewis
Vedder Price P.C.
222 North LaSalle Street, Suite 2600
Chicago, Illinois 60601-1003
T: +1 (312) 609-7500

Dated: December 14, 2012

4

# CERTIFICATE OF SERVICE

The undersigned certifies that he caused copies of the foregoing MOTION TO DISMISS COMPLAINT COUNTS III TO VI OF DEFENDANTS THE UNIVERSITY OF CHICAGO MEDICAL CENTER AND DR. SONG to be served upon:

Alejandro Caffarelli
Madeline Kate Engel
Caffarelli & Siegel Ltd
Two Prudential Plaza
180 North Stetson, #3150
Chicago, Illinois  60601

by electronic means on December 14, 2012.

                                                         s/  Michael G. Cleveland
                                                         Michael G. Cleveland