# TAB 22

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DR. MARIA ARTUNDUAGA,<br><br>Plaintiff,<br><br>v.<br><br>THE UNIVERSITY OF CHICAGO MEDICAL CENTER and DR. DAVID SONG, individually,<br><br>Defendants. | No. 12 CV 08733<br><br>Judge Zagel<br>Magistrate Judge Shenkier |

## DEFENDANTS' ANSWERS AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Defendants University of Chicago Medical Center and Dr. David Song for their answers and objections to Plaintiff's First Set of Interrogatories state as follows:

### GENERAL OBJECTIONS

Defendants object to Plaintiff's Definitions and Instructions on the grounds that they are overbroad and burdensome, request information that is irrelevant, immaterial and not calculated to lead to the discovery of admissible evidence and seek to impose on Defendants obligations that exceed those imposed by the Federal Rules of Civil Procedure and the Local Rules of this Court.

### INTERROGATORY NO. 1:

For the Plaintiff, identify and provide the following:

    a.    A list of duties for any position(s) held by Plaintiff during her time with UCMC;

    b.    The reason or reasons for Plaintiff's termination; and

    c.    Any compensation increases or other increase in benefits that Plaintiff likely would have received but for her termination.

**ANSWER:**

a. Plaintiff held the position of first-year Resident in UCMC's Plastic and Reconstructive Surgery ("PRS") section. No written job description of that position is maintained. The PRS Residency Program is described generally on UCMC's web site, a copy of which posting will be produced. Plaintiff's job duties are generally spelled out in her Resident Contract, a copy of which will be produced.

b. Plaintiff was not terminated. She was not offered a contract for a second year of residency.

c. Plaintiff was not terminated. She was not offered a contract for a second year of residency.

**INTERROGATORY NO. 2:**

Identify and describe the following about Defendant UCMC:

a. Describe the organizational structure of the surgery department and Plastic and Reconstructive Surgery (PRS) department at UCMC during the 2011-2012 academic period, identifying the individual(s) in each position and also specifically identifying anyone with supervisory authority over Plaintiff during her employment;

b. Describe the PRS residency program, including the number of residents who begin the program each year, the duration of the program, the criteria for selection into the program; and the general structure of the program, including a description of residents' training procedures, surgical skills sessions, surgical rotations, and assignments to supervising physicians; and

**ANSWER:**

Defendants object to this Interrogatory on the grounds that it is overbroad and burdensome and requests information that is irrelevant, immaterial and not calculated to lead to the discovery of admissible evidence. Without waiving these objections, Defendants respond as follows:

a. During the 2011-2012 academic period, UCMC's Department of Surgery was comprised of the following sections: Thoracic; General Surgery; Neurosurgery; Ophthalmology; Orthopaedics; Otolaryngology; Pediatric Surgery; PRS; Transplantation; Urology; and Vascular Surgery. The Department Chairman was Dr. Matthews. Each Section had a Section Chief.

-2-

        The following Sections within the Department of Surgery operated accredited residency programs: General Surgery; Opthamology; Orthopedics; Otolaryngology; PRS; and Urology. Each Residency program had a Program Administrator.

        The Section Chief for PRS was Dr. David Song. He was also the Program Director for the PRS Residency Program. The Associate Program Director was Dr. Julie Park.

        In addition to Dr. Song and Dr. Park, the PRS Attending Physicians were: Dr. Lawrence Gottlieb, Dr. Lawrence Zachary. Dr. Ginard Henry, Dr. Russell Reid and Dr. Raphael Lee.

        The PRS Chief Residents were Dr. Justine Lee and Dr. Sara Dickie. Dr. Dickie functioned as Administrative Chief Resident.

b.    Two Residents begin the PRS Residency program each year. The Program is six years long. The PRS Residency Program is described generally on UCMC's web site, a copy of which posting will be produced. See answer to Interrogatory No. 3 below regarding selection to the Program.

**INTERROGATORY NO. 3:**

Describe UCMC's methodology for selecting Plaintiff as a PRS resident during the 2011-2012 academic period. As part of your response to this Interrogatory, identify any person who hired, participated in the decision to hire, recommended the hiring of, or approved the hiring of Plaintiff. Describe the interview process, the nature of Plaintiff's competition for the position (including a description of the number of other applicants), and the rationale that UCMC used in making its determination to hire Plaintiff. Identify any facts, documents, or other information upon which UCMC relied in taking such action.

**ANSWER:**

Defendants object to this Interrogatory on the grounds that it is overbroad and burdensome and requests information that is irrelevant, immaterial and not calculated to lead to the discovery of admissible evidence. Without waiving these objections, Defendants respond as follows:

Medical school graduates seeking residency appointments submit to the Accreditation Council on Graduate Medical Education ("ACGME") a list of the programs to which they desire appointment in order of preference. For the 2011 to 2012 academic year, a list of over 200

-3-

candidates who had listed the UCMC PRS program as a preference was provided to the PRS Section. Based on the ACGME applications submitted by the candidates and their credentials, the Dr. Song selected 29 candidates to be interviewed.

Interviews were conducted on December 9, 2010 and on January 19, 2011. PRS Attendings and Residents participated in the interviews, subject to their availability. On the evenings preceding those two interview days, the PRS section hosted a dinner for the candidates who were to be interviewed the following day; that dinner was attended by PRS Attendings and Residents, subject to availability. Plaintiff was interviewed on December 9, 2010 by all the PRS Attendings, including Drs. Song and Park, and others.

On January 19, 2012, after the interviews that day were concluded, PRS faculty and Residents who had participated in the interviewing process, subject to availability, met to review and rank the candidates in order of preference. The Program submitted its list to ACGME which then matched the Program's preference list with the candidate's preference list. Plaintiff was ranked fifth out of 29.

Under ACGME procedures, candidates match into the program listed highest on their list that had also ranked the candidate but had not filled all available positions with candidates the program preferred as determined by the program's rank list. The match process was carried out by ACGME in March 2011. Plaintiff and Deana Shenaq, the other candidate matched by ACGME with the UCMC PRS Program, then received appointments as PRS Residents for the 2011 – 2012 academic period.

**INTERROGATORY NO. 4:**

Identify each person, by name and job title, who evaluated Plaintiff's performance, or participated in any discussions or written correspondence relating to Plaintiff's performance. For each person identified in response to this Interrogatory, describe the person's evaluation of Plaintiff, and identify any facts, documents, or other information upon which that person relied in making performance evaluations or documenting the evaluation(s).

-4-

**ANSWER:**

Defendants object to this Interrogatory on the grounds that it is overbroad and burdensome and requests information that is irrelevant, immaterial and not calculated to lead to the discovery of admissible evidence. Defendants further object on the ground that this Interrogatory seeks information best obtained through deposition. Defendants also object on the grounds that this Interrogatory seeks information protected by the attorney-client and/or attorney work product privileges. Without waiving these objections, Defendants respond as follows: Defendants will produce non-privileged documents containing evaluations of Plaintiff's performance or discussions about her performance that presently exist in hard copy form. Subject to agreement by the parties on appropriate custodians, time frame and search terms, Defendants will search for and, if any are located, will produce non-privileged documents containing evaluations of Plaintiff's performance or discussions about her performance that exist now only in electronic form.

**INTERROGATORY NO. 5:**

Describe all oral communications between Defendant Song and any other employee of UCMC regarding Plaintiff's abilities as a resident, aptitude as a surgeon, national origin, accent, or complaints regarding disparate treatment, discrimination, or retaliation. As part of your response to this Interrogatory, identify each communication by date, nature of the communication, individuals involved in the communication(s), content of the communication(s), and whether there exists any written or audio recording of the communication(s). Include, but do not limit your response to, a description of all such communications described in paragraphs 58, 59, 65, 66, 69, 75, 83, 86, and 88 of Plaintiff's Complaint.

**ANSWER:**

Defendants object to this Interrogatory on the grounds that it is overbroad and burdensome and requests information that is irrelevant, immaterial and not calculated to lead to the discovery of admissible evidence. Defendants further object on the ground that this Interrogatory seeks information best obtained through deposition. Defendants also object to this

CHICAGO/#2402425.3

Interrogatory on the grounds that it seeks information protected by the attorney-client and/or attorney work product privileges. Without waiving these objections, Defendants respond as follows: Defendants have denied that the communications alleged in paragraphs 65, 66, 86 and 88 occurred. Defendants will produce non-privileged documents concerning the communications alleged in paragraphs 58, 59, 69 and 75.

**INTERROGATORY NO. 6:**

Identify any person who terminated, participated in the decision to terminate, recommended the termination of, or approved the termination of the Plaintiff. For each person identified in response to this Interrogatory, state the rationale the person used for such action and identify any facts, documents, or other information upon which that person relied in taking such action.

**ANSWER:**

Defendants object to this Interrogatory on the grounds that it is overbroad and burdensome and requests information that is irrelevant, immaterial and not calculated to lead to the discovery of admissible evidence. Without waiving these objections, Defendants respond as follows: Plaintiff was not terminated. She was not offered a contract for a second year of residency. The decision not to give Plaintiff a contract for a second residency year was made unanimously by the entire PRS faculty on March 26, 2012. The faculty who voted not to give Plaintiff a contract for a second year of residency were: Dr. David Song, Dr. Lawrence Gottlieb, Dr. Lawrence Zachary, Dr. Ginard Henry, Dr. Julie Park, Dr. Russell Reid and Dr. Raphael Lee.

**INTERROGATORY NO. 7:**

Describe the Medical Center's policies, procedures, and practices (including any changes thereto and the dates those changes were implemented) that the Medical Center normally and customarily follows with regard to setting performance goals and evaluating the performance of individuals employed as PRS Physician Residents and for General Surgery (GS) residents (as defined above), for the period of the five (5) years preceding the filing of this Complaint. Please provide any written documentation of UCMC evaluation procedures.

-6-

**ANSWER:**

Defendants object to this Interrogatory on the grounds that it is overbroad and burdensome and requests information that is irrelevant, immaterial and not calculated to lead to the discovery of admissible evidence. Without waiving these objections, Defendants respond as follows: Defendants will produce the UCMC Graduate Medical Education ("GME") Policy regarding evaluations.

**INTERROGATORY NO. 8:**

Identify all individuals employed as PRS residents or GS residents during the five (5) years preceding the filing of this Complaint. For each individual identified, your description should include but not be limited to, a description of his or her national origin, first language, dates of employment as a resident with UCMC, position with the Medical Center, list of supervisors with dates of supervision, and whether he or she completed or is expected to complete the residency program with the Medical Center.

**ANSWER:**

Defendants object to this Interrogatory on the grounds that it is overbroad and burdensome and requests information that is irrelevant, immaterial and not calculated to lead to the discovery of admissible evidence. Defendants also object on the grounds that the term "first language" is vague and ambiguous. Without waiving these objections, Defendants respond as follows: Residents are not employees. Defendants provide the following information for PRS Residents during the five years preceding the filing of Plaintiff's complaint.

| Name | Dates of Residency | National Origin | Languages spoken fluently in addition to English |
|---|---|---|---|
| Alkureshi, Lee | 6/24/09 to present | United Kingdom | |
| Artunduaga, Maria | 6/24/11 to 6/23/12 | Colombia | Spanish |
| Bank, Jonathan | 6/24/08 to present | Israel | Hebrew |
| Butz, Daniel | 6/24/10 to present | U.S.A. | |

| Name | Dates of Residency | National Origin | Languages spoken fluently in addition to English |
|---|---|---|---|
| Dickie, Sara | 6/24/06 to 6/30/12 | U.S.A. | |
| Fuller, Sam | 6/24/09 to present | U.S.A. | |
| Greives, Matthew | 6/24/07 to present | U.S.A. | |
| Klieber, Grant | 6/28/08 to present | U.S.A. | |
| Kueberuwa, Essie | 6/24/10 to present | United Kingdom | |
| Kwan, Daniel | 6/24/04 to 6/30/10 | U.S.A | Mandarin |
| Lee, Justine | 6/24/06 to 6/30/12 | U.S.A. | Mandarin |
| Nyugen, Trang | 6/24/07 to present | Vietnam | Vietnamese |
| Pelletier, Aaron | 6/24/05 to 6/30/11 | U.S.A. | |
| Roughton, Michelle | 6/24/05 to 6/30/11 | U.S.A. | |
| Seitz, Iris | 6/24/04 to 6/30/10 | Germany | German |
| Shenaq, Deana | 6/24/11 to present | Jordan | Arabic |

## INTERROGATORY NO. 9:

Identify the number of surgical cases to which PRS residents or GS residents were assigned in the 2011-2012 academic period at UCMC. As part of your response to this Interrogatory, indicate by PRS or GS resident, the number of surgical cases assigned to each individual during that period, on a week-by-week basis.

## ANSWER:

Defendants object to this Interrogatory on the grounds that it is overbroad and burdensome and requests information that is irrelevant, immaterial and not calculated to lead to the discovery of admissible evidence. Without waiving these objections, Defendants respond as follows: Defendants will produce annual reports showing the number of surgical cases Plaintiff

and her fellow first year PRS Resident, Dr. Deana Shenaq, reported that they participated in the 2011 – 2012 academic year. Defendants will also produce reports showing: the number of cases Plaintiff and Dr. Shenaq reported that they participated in during the weeks of July 11, July 18, July 25, September 12 and September 26, 2011; the number of cases in which Plaintiff and Dr. Susan Lim reported that they participated in during the weeks of August 1 and 8, 2011; the number of cases in which Plaintiff and Dr. Julia Berian reported that they participated in during the weeks of August 15 and 22, 2011; and the number of cases in which Plaintiff and Dr. Melinda Stack reported that they participated in during the weeks of April 9, 16 and 23, 2012.

**INTERROGATORY NO. 10:**

Describe the process or procedure for assigning surgical cases to PRS residents and GS residents. As part of your response to this Interrogatory, describe who decides whether a resident will be assigned to a surgical case, and the criteria used to make that determination.

**ANSWER:**

Defendants object to this Interrogatory on the grounds that it is overbroad and burdensome and requests information that is irrelevant, immaterial and not calculated to lead to the discovery of admissible evidence. Defendants further object on the ground that this Interrogatory seeks information best obtained through deposition. Without waiving these objections, Defendants respond as follows: the method by which surgical cases are assigned varies from service to service.

**INTERROGATORY NO. 11:**

State what policies and procedures the Company normally and customarily follows with regard to complaints by PRS and GS Residents regarding disparate treatment, national origin discrimination, hostile work environment, harassment, defamation, and retaliation. Please provide any existing written documentation of UCMC procedures and describe the Medical Center's procedure for informing residents of these procedures.

**ANSWER:**

Defendants object to this Interrogatory on the grounds that it is overbroad and burdensome and requests information that is irrelevant, immaterial and not calculated to lead to the discovery of admissible evidence. Without waiving these objections, Defendants respond as follows: Defendants will produce documents describing its policies and procedures for investigating complaints of harassment and disruptive work environment.

**INTERROGATORY NO. 12:**

Describe any education or training that Defendant Song and other individuals who had managerial or supervisory authority over Plaintiff were provided, regarding national origin discrimination, harassment, hostile work environment, defamation, tortious interference, and procedures relating to Resident complaints about any of these issues.

**ANSWER:**

Defendants object to this Interrogatory on the grounds that it is overbroad and burdensome and requests information that is irrelevant, immaterial and not calculated to lead to the discovery of admissible evidence. Defendants also object to this interrogatory on the grounds that it seeks information protected by the attorney-client privilege.

**INTERROGATORY NO. 13:**

Identify all PRS and GS residents that ever complained to UCMC, either formally or informally, of disparate treatment, national origin discrimination, defamation, hostile work environment, or unlawful retaliation by Defendants UCMC or Song during the period of the five (5) years prior to the filing of the Complaint in the instant matter through the present. Provide the following information for each individual identified:

    a.    Name, last known address and telephone number;

    b.    The individual's position and dates of employment at UCMC;

    c.    The date of his or her complaint;

    d.    The nature of his or her complaint;

    e.    Whether the individual completed his or her residency program with UCMC;

    f.    Whether Song had supervisory authority over him/her; and

   g. If he or she did not complete the residency program at UCMC, the date and reason the individual's employment with Defendant ended.

**ANSWER:**

Defendants object to this Interrogatory on the grounds that it is overbroad and burdensome and requests information that is irrelevant, immaterial and not calculated to lead to the discovery of admissible evidence. Defendants further object on the ground that this Interrogatory seeks certain information best obtained through deposition. Without waiving these objections, Defendants respond as follows: No PRS or GS Resident complained formally of disparate treatment, national origin discrimination, defamation, hostile work environment or unlawful retaliation by Defendants during the five years prior to the filing of the Complaint other than Plaintiff, who complained only of alleged national origin discrimination and who first did so on May 31, 2012.

**INTERROGATORY NO. 14:**

Do you expect to call any witnesses at trial? If so, identify all potential witnesses and, with respect to each witness, describe the facts and opinions to which he or she is expected to testify and include a summary of the grounds and identity of the documents upon which such facts or opinions are based. In response to this interrogatory, identify and provide the requested information for all the individuals listed in Defendants' Initial Disclosures.

**ANSWER:**

Defendants object to this Interrogatory on the grounds that it is overbroad and burdensome and requests information that is irrelevant, immaterial and not calculated to lead to the discovery of admissible evidence. Defendants further object on the ground that this Interrogatory seeks information that is protected by the attorney-client and/or attorney work product privileges. Without waiving these objections, Defendants respond as follows: Defendants will identify their trial witnesses at the time and in the fashion required by the Federal Rules of Civil Procedure and the Rules and orders of the Court.

CHICAGO/#2402425.3

**INTERROGATORY NO. 15:**

Provide the names and job title of each individual having input into the answers to these Interrogatories. As to each individual, identify the Interrogatory onto which he or she had input.

**ANSWER:**

In addition to counsel, Defendant Dr. David Song as to all Interrogatory answers; Barry Kamin as to Interrogatory No. 3; Mr. Kamin and Akilah Williams as to Interrogatory Nos. 3 and 8; Carmen Barr as to Interrogatory Nos. 3, 8 and 9.

**INTERROGATORY NO. 16:**

Describe any information received by Defendants from non-parties to this litigation regarding the subject matter described in Plaintiff's Complaint. Explain the origin of the information, who provided it to UCMC, and describe the information.

**ANSWER:**

Defendants object to this Interrogatory on the grounds that it is vague and ambiguous and appears to be overbroad and burdensome and to request information that is irrelevant, immaterial and not calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 17:**

Describe UCMC's process for determining whether to renew the contract of a PRS or GS Physician Resident after his or her first year of residency. Include in your response the specific criteria considered in making such a determination, and the individuals who participate in the decision.

**ANSWER:**

Defendants object to this Interrogatory on the grounds that it is overbroad and burdensome and requests information that is irrelevant, immaterial and not calculated to lead to the discovery of admissible evidence. Without waiving these objections, Defendants respond as follows: In the PRS section, the decision to offer a contract for another year of residency to a Resident already in the Program is made by a vote of the PRS faculty of Attending Physicians. The decision not to give Plaintiff a contract for a second residency year was made unanimously

by the entire PRS faculty on March 26, 2012. The faculty who voted not to give Plaintiff a contract for a second year of residency were: Dr. David Song, Dr. Lawrence Gottlieb, Dr. Lawrence Zachary, Dr. Ginard Henry, Dr. Julie Park, Dr. Russell Reid and Dr. Raphael Lee.

Respectfully submitted,

THE UNIVERSITY OF CHICAGO
MEDICAL CENTER and DR. DAVID SONG

By: _____
       One of Their Attorneys

Michael G. Cleveland
Andrea L. Lewis
Vedder Price P.C.
222 North LaSalle Street
Suite 2600
Chicago, Illinois 60601-1003
T: +1 (312) 609-7500

Dated:    February 11, 2013

## VERIFICATION OF ANSWERS

I, Dr. David H. Song, being duly sworn upon my oath, hereby state that that I have reviewed DEFENDANTS' ANSWERS AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES, and that the answers are complete and accurate to the best of my knowledge, information and belief.

_____
Dr. David H. Song

SUBSCRIBED and SWORN to
before me this 11th day
of February, 2013.

_____
Notary Public

My Commission Expires 4/19/15

OFFICIAL SEAL
LISA LARKIN
Notary Public - State of Illinois
My Commission Expires Apr 19, 2015

CHICAGO/#2402425.2

## VERIFICATION OF ANSWERS

I, Dr. David H. Song, being duly sworn upon my oath, hereby state that I am Cynthia Chow Professor of Surgery, Chief, Section of Plastic and Reconstructive Surgery and Vice Chairman, Department of Surgery at the University of Chicago Medical Center, that I have reviewed DEFENDANTS' ANSWERS AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES, and that the answers are complete and accurate to the best of my knowledge, information and belief.

_____
Dr. David H. Song

SUBSCRIBED and SWORN to
before me this 11th day
of February, 2013.

_____
Notary Public

My Commission Expires 4/19/15

OFFICIAL SEAL
LISA LARKIN
Notary Public - State of Illinois
My Commission Expires Apr 19, 2015

CHICAGO/#2402425.2

## CERTIFICATE OF SERVICE

The undersigned certifies that he caused copies of the foregoing DEFENDANTS' ANSWERS AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES to be served upon:

> Alejandro Caffarelli
> Madeline Kate Engel
> Caffarelli & Siegel Ltd
> Two Prudential Plaza
> 180 North Stetson, #3150
> Chicago, Illinois 60601

by email on February 11, 2013.

_____
Michael G. Cleveland