**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DR. MARIA ARTUNDUAGA, | |
| Plaintiff, | |
| v. | No. 12 C 8733 |
| THE UNIVERSITY OF CHICAGO MEDICAL CENTER, | Judge Amy J. St. Eve<br>Magistrate Judge Sidney I. Schenkier |
| Defendant. | |

**DEFENDANT'S MOTION *IN LIMINE*
TO BAR REFERENCE TO UNRELATED AND UNFAVORABLE PUBLICITY**

Defendant, The University of Chicago Medical Center ("UCMC"), hereby moves to bar evidence, testimony and argument concerning publicity that is unrelated to the instant case and unfavorable to UCMC, its witnesses and/or The University of Chicago.

**I. LEGAL STANDARD**

The motion *in limine* helps to "ensure the expeditious and evenhanded management of trial proceedings" and "permits the parties to focus their preparation on those matters that will be considered by the jury." *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997). The Court is authorized to rule on motions *in limine* pursuant to its authority to manage trials, and it maintains broad discretion when making such rulings. *Mason v. City of Chicago*, 631 F. Supp. 2d 1052, 1055 (N.D. Ill. 2009) (citing *Luce v. United States*, 469 U.S. 38, 41 (1984); *Jenkins v. Chrysler Motor Corp.*, 316 F.3d 663, 664 (7th Cir. 2002)).

**II. ARGUMENT**

The Court should bar Plaintiff from referencing any unfavorable publicity about UCMC, its witnesses and/or The University of Chicago (and the underlying matters resulting in such

publicity) that are unrelated to her claims, including but not limited to UCMC's decision to build a trauma center in Hyde Park and The University of Chicago's recent letter to students regarding academic freedom. At trial, UCMC anticipates that Plaintiff may try to reference these or other events that have garnered negative publicity for UCMC or The University of Chicago. These matters are irrelevant to Plaintiff's claims, and Plaintiff's sole purpose in referencing them would be to cast UCMC in a negative light. Any such evidence, testimony or argument will serve only to unfairly prejudice the jury and confuse it as to the relevant issues. It is clearly impermissible under the Federal Rules of Evidence and should not be permitted by the Court. *See* FED. R. EVID. 402, 403, 404; *see also Koefoot v. Am. Coll. of Surgeons*, 652 F. Supp. 882, 894 (N.D. Ill. Dec. 9, 1986) (granting motion *in limine* to exclude unrelated publicity generated by hospital investigations as irrelevant and prejudicial).

## III.     CONCLUSION

For the foregoing reasons, UCMC moves the Court *in limine* to bar evidence, testimony and argument concerning publicity that is unrelated to the instant case and unfavorable to UCMC, its witnesses and/or The University of Chicago.

Dated: November 18, 2016

Respectfully submitted,

THE UNIVERSITY OF CHICAGO
MEDICAL CENTER

By:     s/ Elizabeth N. Hall
                    One of Its Attorneys

Edward C. Jepson, Jr.
Elizabeth N. Hall
Vedder Price P.C.
222 North LaSalle Street
Chicago, Illinois 60601
T:  +1 (312) 609 7500

CHICAGO/#2913268.6

## CERTIFICATE OF SERVICE

I, the undersigned, certify that a true and correct copy of the foregoing document, DEFENDANT'S MOTION *IN LIMINE* TO BAR REFERENCE TO UNRELATED AND UNFAVORABLE PUBLICITY, was served on November 18, 2016 via the Court's CM/ECF system on the following:

Jamie S. Franklin
The Franklin Law Firm LLC
53 W. Jackson Boulevard, Suite 803
Chicago, IL 60604
jsf@thefranklinlawfirm.com

Cynthia H. Hyndman
Robinson, Curley & Clayton, P.C.
300 South Wacker Drive, Suite 1700
Chicago, IL  60606
chyndman@robinsoncurley.com

s/ Elizabeth N. Hall
Elizabeth N. Hall

CHICAGO/#2913268.6