**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **DR. MARIA ARTUNDUAGA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 12-cv-08733** |
| | ) | |
| **THE UNIVERSITY OF CHICAGO** | ) | **Judge Amy St. Eve** |
| **MEDICAL CENTER,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**PLAINTIFF'S MOTION *IN LIMINE* NO. 6 – TO BAR EVIDENCE
AND TESTIMONY REGARDING THE PLAINTIFF'S
COMPLAINTS TO THE ACGME AND THE ACGME'S RESPONSES**

Plaintiff Dr. Maria Artunduaga, by her attorneys, pursuant to Fed. R. Evid. 401, 402, 403, 801, and 802, files this Motion *in Limine* No. 6 – To Bar Evidence and Testimony Regarding the Plaintiff's Complaints to the Accreditation Council for Graduate Medical Education ("ACGME") and the ACGME's Responses. In support thereof, Dr. Artunduaga states as follows:

1.      Dr. Artunduaga has brought this case against Defendant University of Chicago Medical Center ("UCMC"), claiming that UCMC discriminated against her on the basis of her national origin and retaliated against her when it terminated her employment as a resident in UCMC's Section of Plastic and Reconstructive Surgery ("PRS").

2.      Dr. David Song was the Program Director for the PRS residency program during the time Dr. Artunduaga worked at UCMC, from late June 2011 until May 2012.  Dr. Song made the decision to place Dr. Artunduaga on probation in November 2011.  Dr. Song, and possibly other attending physicians in the PRS Section, made the decision to terminate Dr. Artunduaga

from the PRS residency program in March 2012. These are the two adverse employment actions she challenges.

3.      Between April and June 2012, weeks or months after the decisions challenged by Dr. Artunduaga in this lawsuit were made, she filed a complaint, an addendum, and a second complaint with the ACGME against the Section of Plastic and Reconstructive Surgery, alleging that Dr. Song's actions against her rendered the Section noncompliant with ACGME accrediting requirements. In August 2012, the ACGME issued two letters – one to Dr. Artunduaga, and one to UCMC – dismissing the complaints. *See* Exh. A, ACGME Letters.

4.      The ACGME and its investigation played no role in any of the events that led to Dr. Artunduaga's probation and termination.

5.      The ACGME was not involved in Dr. Song's and the other decision makers' decisions to place Dr. Artunduaga on probation in November 2011 and to terminate her in March 2012. No one at the ACGME had any input into the decisions made by Dr. Song or the other decision makers at the time of the incidents that gave rise to this lawsuit.

6.      Dr. Artunduaga anticipates that UCMC will seek to present evidence and testimony that she filed complaints with the ACGME, and that her complaints were denied, in support of their position that no discrimination or retaliation took place. But the ACGME complaints are not relevant to either Dr. Artunduaga's claims or UCMC's defenses, which turn only on whether the decision makers were motivated by unlawful discrimination or retaliated against her for her complaints when they made their November 2011 and March 2012 decisions.

7.      Any evidence or testimony regarding the ACGME complaints that was not communicated to or shared with the persons who made the adverse employment decisions at issue here is not relevant. Such evidence or testimony also impermissibly purports to advance a

legal conclusion and may confuse the jury into believing that Dr. Artunduaga's discrimination and retaliation claims have already been adjudicated. For these reasons, as explained more fully below, evidence and testimony regarding the ACGME complaints and the ACGME's responses should all be barred.

A.     **Complaints and Determinations Not Communicated to Decision Makers Are Not Relevant to Title VII Discrimination and Retaliation Claims.**

8.     The question for the jury in this case is whether UCMC would have terminated Dr. Artunduaga had she not been of Colombian national origin or if she had not complained of national origin discrimination. *See* Seventh Circuit Pattern Jury Instructions 3.01, 3.02. *See also Ortiz v. Werner Enterprises, Inc.*, 834 F.3d 760, --- (7th Cir. 2016), No. 15-2574, 2016 U.S. App. LEXIS 15284, * 8 (7th Cir. Aug. 19, 2016) ("Sole question" that mattered in national origin discrimination case was "whether a reasonable juror could conclude that Ortiz would have kept his job if he had a different ethnicity and everything else had remained the same.").

9.     In making this determination, the jury must focus on evidence regarding the decision that was made and the reasons the decision maker provides for that decision. *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 610 (1993) (liability depends upon whether protected trait actually motivated the employer's decision).

10.     Federal Rule of Evidence 401 provides that evidence is relevant if the fact is of consequence in determining the action, and under Rule 402, irrelevant evidence is not admissible. The ACGME complaints and the ACGME's responses are of no consequence in determining whether national origin discrimination or retaliation took place weeks or months earlier, as they could not possibly have influenced the decision makers. As such, the evidence should be barred. *Dreger v. Mid-America Club*, No. 95 C 4490, 1998 U.S. Dist. LEXIS 2577 * 1 (N.D. Ill. Feb. 23, 1999) ("it is only the facts existing at the time of [the defendant's] decision

and leading up to that decision which are relevant to the question of whether [the defendant] unlawfully discriminated against [the plaintiff] when it made its decision.").

**B.**    **Evidence and Testimony Related to the ACGME Complaints and its Responses Should be Excluded under Fed. R. Evid. 403.**

11.    Even if the Court found that the ACGME complaints and their outcomes bore any relevance to the claims in this case, it should exclude this evidence under Federal Rule of Evidence 403, because the probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, and wasting time.

12.    First, presenting the jury with evidence of the ACGME's dismissal of Dr. Artunduaga's complaints would be confusing, misleading, and unduly prejudicial. In actuality, these materials carry no legal weight and have no precedential value, but the jury may nonetheless be swayed by their "official" veneer and their purported conclusions. The risk of such an outcome vastly outweighs any probative value that UCMC might argue the materials possesses (and, as shown above, it has none).

13.    Second, if UCMC were permitted to introduce this evidence, the trial would be needlessly lengthened. The plaintiff would then be entitled to cross-examine the members of the ACGME who conducted the investigations into each complaint regarding their conclusions. This would significantly lengthen trial and that time would be wasted on issues that have nothing to do with liability.

14.    In sum, the ACGME complaints and the ACGME's responses occurred weeks to months after Dr. Artunduaga was put on probation and terminated. They have nothing whatsoever to do with UCMC's liability in this case. For all the reasons presented above, this evidence and testimony should be excluded.

WHEREFORE, the plaintiff Dr. Maria Artunduaga, respectfully requests that this Court grant her *motion in limine* to bar evidence and testimony related to the ACGME complaints and the ACGME's responses, and to grant such other and further relief as may be just and proper.

Dated: November 18, 2016                    Respectfully submitted,

                                            **DR. MARIA ARTUNDUAGA**


                                    By:     /s/ Cynthia H. Hyndman
                                            One of her Attorneys

Jamie S. Franklin, ARDC No. 6242916
The Franklin Law Firm LLC
53 W. Jackson Blvd., Ste. 803
Chicago, IL 60604
(312) 662-1008
(312) 662-1015 (fax)
jsf@thefranklinlawfirm.com

Cynthia H. Hyndman
ROBINSON CURLEY & CLAYTON, P.C.
300 South Wacker Dr., Ste. 1700
Chicago, IL 60606
(312) 663-3100
(312) 663-0303 (fax)
chyndman@robinsoncurley.com

## <u>CERTIFICATE OF SERVICE</u>

       I, the undersigned, certify the foregoing document, **Plaintiff's Motion in Limine No. 6– to Bar Evidence and Testimony Regarding the Plaintiff's Complaints to the ACGME and the ACGME'S Responses** as additional Counsel for Plaintiff, was served by electronic mail on November 18, 2016 on the following persons:

       Edward C. Jepson Jr.
       Elizabeth N. Hall
       VEDDER PRICE P.C.
       222 N. LaSalle Street
       Suite 2600
       Chicago, IL 60601
       ejepson@vedder.com
       ehall@vedder.com

       Jamie S. Franklin
       THE FRANKLIN LAW FIRM LLC
       53 W. Jackson, Boulevard
       Suite 803
       Chicago, IL 60604
       jsf@thefranklinlawfirm.com

                                /s/Cynthia H. Hyndman

# Exhibit A



ACGME

**Accreditation Council for
Graduate Medical Education**

515 N. State Street
Suite 2000
Chicago, IL 60654

Phone 312.755.5000
Fax 312.755.7498
www.acgme.org

August 2, 2012

Letter sent by email to Maria Artunduaga, MD, on August 1, 2012

Dear Dr. Artunduaga:

The ACGME appreciates the opportunity to have reviewed your complaints of
April 27, 2012, and June 22, 2012, alleging the University of Chicago and its
Plastic Surgery program are noncompliant with ACGME requirements.
ACGME bases its accreditation decisions on its determination of substantial
compliance with its accreditation standards and investigates complaints under
its complaint policy in order to determine whether the substance of the
complaint should affect the accreditation status of the program or the
sponsoring institution. The ACGME does not adjudicate individual disputes
between programs and personnel.

Your complaints have been reviewed by the Review Committee for Plastic
Surgery and the Institutional Review Committee and the accreditation status
of the residency program and institution remains the same. The complaint file
will be closed.

Sincerely,

*Marsha a miller*

Marsha A. Miller, MA
Associate Vice President
Office of Resident Services

MA003251

# Exhibit B



ACGME

Accreditation Council for
Graduate Medical Education

515 N. State Street
Suite 2000
Chicago, IL 60654

Phone 312.755.5000
Fax 312.755.7498
www.acgme.org

August 2, 2012

David H. Song, MD, MBA
Chief and Director Plastic Surgery Residency Program
University of Chicago Medical Center
5841 South Maryland Avenue, MC 6035
Chicago, IL 60637

Barry L. Kamin, MD
Executive Director for Graduate Medical Education
University of Chicago Medical Center
5841 South Maryland Avenue, MC 1052
Chicago, IL 60637

Re: Program #3621600146 and #8001600119

Dear Dr. Song and Mr. Kamin:

The Review Committee for Plastic Surgery and the Institutional Review
Committee have reviewed Maria Artunduaga' s complaints alleging the
University of Chicago and its Plastic Surgery Program are noncompliant with
ACGME requirements. The review committees also reviewed your responses
of June 22, 2012, and July 25, 2012, respectively, with supporting
documentation. Both review committees judged there was no validity to the
complaints and will not pursue any further action related to the complaint.

The ACGME will close its file on the complaint, and the complainant will be
notified of the review committees' decision.

Sincerely,

Marsha A. Miller

Marsha A. Miller, MA
Associate Vice President
Office of Resident Services
312-755-5041
mmiller@acgme.org

cc:     Peggy Simpson, EdD, Executive Director, RC for Plastic Surgery
        Patricia Surdyk, PhD, Executive Director, Institutional Review
        Committee

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER                    UCMC00011962