# Exhibit F-1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DR. MARIA ARTUNDUAGA,

Plaintiff,

v.

THE UNIVERSITY OF CHICAGO
MEDICAL CENTER,

Defendant.

No. 12 C 8733

Judge Amy St. Eve
Magistrate Judge Sidney I. Schenkier

## JOINT PROPOSED JURY INSTRUCTIONS

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear or public opinion to influence you. You should not be influenced by any person's race, color, religion, national ancestry or sex.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

Joint Instruction No. 1
Seventh Circuit Pattern Instruction No. 1.01

Objected to_____
Given_____
Given as Modified_____
Refused_____
Withdrawn_____

During this trial, I have asked a witness a question myself. Do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

Joint Instruction No. 2
Seventh Circuit Pattern Instruction No. 1.02

Objected to_____
Given_____
Given as Modified_____
Refused_____
Withdrawn_____

In this case the Defendant is a medical center.  All parties are equal before the law. A medical center is entitled to the same fair consideration that you would give any individual person.

Joint Instruction No. 3
Seventh Circuit Pattern Instruction No. 1.03

Objected to_____
Given_____
Given as Modified_____
Refused_____
Withdrawn_____

4

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence and stipulations.  A stipulation is an agreement between both sides that certain facts are true or that a person would have given certain testimony.

I have taken judicial notice of certain facts. To say that a court will take judicial notice of a fact, whether it be an event or a custom or a law of some other government, is merely another way of saying that the usual forms of evidence will be dispensed with if the fact concerns matters of common knowledge.  You must accept those facts as proved.

Joint Instruction No. 4
Seventh Circuit Pattern Instruction No. 1.04

Objected to_____
Given_____
Given as Modified_____
Refused_____
Withdrawn_____

During the trial, certain testimony was presented to you by the reading of depositions and video. You should give this testimony the same consideration you would give it had the witnesses appeared and testified here in court.

Joint Instruction No. 5
Seventh Circuit Pattern Instruction No. 1.05

Objected to_____
Given_____
Given as Modified_____
Refused_____
Withdrawn_____

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, Internet or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

Joint Instruction No. <u>6</u>
Seventh Circuit Pattern Instruction No. 1.06

Objected to_____
Given_____
Given as Modified_____
Refused_____
Withdrawn_____

7

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

Joint Instruction No. <u>7</u>
Seventh Circuit Pattern Instruction No. 1.08

Objected to_____
Given_____
Given as Modified_____
Refused_____
Withdrawn_____

You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

Joint Instruction No. 8
Seventh Circuit Pattern Instruction No. 1.09

Objected to_____
Given_____
Given as Modified_____
Refused_____
Withdrawn_____

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

Joint Instruction No. 9
Seventh Circuit Pattern Instruction No. 1.11

Objected to_____
Given_____
Given as Modified_____
Refused_____
Withdrawn_____

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, direct evidence that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

Joint Instruction No. <u>10</u>
Seventh Circuit Pattern Instruction No. 1.12

Objected to_____
Given_____
Given as Modified_____
Refused_____
Withdrawn_____

11

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying;

- and the reasonableness of the witness's testimony in light of all the evidence in the case.

Joint Instruction No. <u>11</u>
Seventh Circuit Pattern Instruction No. 1.13

Objected to_____
Given_____
Given as Modified_____
Refused_____
Withdrawn_____

12

You may consider statements given by a Party or a Witness under oath before trial as evidence of the truth of what he or she said in the earlier statements, as well as in deciding what weight to give his or her testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement not under oath or acted in a manner that is inconsistent with his or her testimony here in court, you may consider the earlier statement or conduct only in deciding whether his or her testimony here in court was true and what weight to give to his or her testimony here in court.

In considering a prior inconsistent statements or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

Joint Instruction No. 12
Seventh Circuit Pattern Instruction No. 1.14 (modified)

Objected to_____
Given_____
Given as Modified_____
Refused_____
Withdrawn_____

It is proper for a lawyer to meet with any witness in preparation for trial.

Joint Instruction No. <u>13</u>                                    Objected to_____
Seventh Circuit Pattern Instruction No. 1.16        Given_____
                                                                       Given as Modified_____
                                                                       Refused_____
                                                                       Withdrawn_____

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

Joint Instruction No. 14                          Objected to_____
Seventh Circuit Pattern Instruction No. 1.17      Given_____
                                                  Given as Modified_____
                                                  Refused_____
                                                  Withdrawn_____

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

Joint Instruction No. <u>15</u>
Seventh Circuit Pattern Instruction No. 1.18

Objected to_____
Given_____
Given as Modified_____
Refused_____
Withdrawn_____

You have heard witnesses give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness's qualifications, and all of the other evidence in the case.

Joint Instruction No. 16
Seventh Circuit Pattern Instruction No. 1.21

Objected to_____
Given_____
Given as Modified_____
Refused_____
Withdrawn_____

Certain [describe demonstrative exhibit, e.g., models, diagrams, devices, sketches] have been shown to you. Those [short description] are used for convenience and to help explain the facts of the case. They are not themselves evidence or proof of any facts.

Joint Instruction No. <u>17</u>
Seventh Circuit Pattern Instruction No. 1.24

Objected to_____
Given_____
Given as Modified_____
Refused_____
Withdrawn_____

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean:

When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

Joint Instruction No. <u>18</u>
Seventh Circuit Pattern Instruction No. 1.27

Objected to_____
Given_____
Given as Modified_____
Refused_____
Withdrawn_____

If you decide for Defendant on the question of liability, then you should not consider the question of damages.

Joint Instruction No. <u>19</u>
Seventh Circuit Pattern Instruction No. 1.31

Objected to_____
Given_____
Given as Modified_____
Refused_____
Withdrawn_____

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court. Forms of verdict have been prepared for you.

[Forms of verdict read.]

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the appropriate form, and all of you will sign it.

Joint Instruction No.20
Seventh Circuit Pattern Instruction No. 1.32

Objected to_____
Given_____
Given as Modified_____
Refused_____
Withdrawn_____

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally. If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

Joint Instruction No. <u>21</u>
Seventh Circuit Pattern Instruction No. 1.33

Objected to_____
Given_____
Given as Modified_____
Refused_____
Withdrawn_____

The verdict must represent the considered judgment of each juror. Your verdict, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

Joint Instruction No. 22
Seventh Circuit Pattern Instruction No. 1.34

Objected to_____
Given_____
Given as Modified_____
Refused_____
Withdrawn_____

23

We are about to take our first break during the trial, and I want to remind you of the instruction I gave you earlier. Until the trial is over, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else. If anyone approaches you and tries to talk to you about the case, do not tell your fellow jurors but advise me about it immediately. Do not read or listen to any news reports of the trial. Finally, remember to keep an open mind until all the evidence has been received and you have heard the views of your fellow jurors.

I may not repeat these things to you before every break that we take, but keep them in mind throughout the trial.

Joint Instruction No. 23
Seventh Circuit Pattern Instruction No. 2.01

Objected to_____
Given_____
Given as Modified_____
Refused_____
Withdrawn_____

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.

The deposition of [*Witness*], which was taken on [*date*], is about to be presented to you. Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present to testify.

Joint Instruction No. 24
Seventh Circuit Pattern Instruction No. 2.08

Objected to_____
Given_____
Given as Modified_____
Refused_____
Withdrawn_____

25

Evidence will now be presented to you in the form of written answers of one of the parties to written interrogatories submitted by the other side. These answers were given in writing and under oath before this trial in response to written questions.

You must give the answers the same consideration as if the answers were made from the witness stand.

Joint Instruction No. <u>25</u>
Seventh Circuit Pattern Instruction No. 2.09

Objected to_____
Given_____
Given as Modified_____
Refused_____
Withdrawn_____

I have a duty to caution or warn an attorney who does something that I believe is not in keeping with the rules of evidence or procedure. You are not to draw any inference against the side whom I may caution or warn during the trial.

Joint Instruction No. <u>26</u>
Seventh Circuit Pattern Instruction No. 2.14

Objected to_____
Given_____
Given as Modified_____
Refused_____
Withdrawn_____

*Introductory paragraphs*

Ladies and gentlemen: You are now the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions. At the end of the trial, I will give you more detailed instructions. Those instructions will control your deliberations.

One of my duties is to decide all questions of law and procedure. From time to time during the trial and at the end of the trial, I will instruct you on the rules of law that you must follow in making your decision.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be.

*Order of Trial*

The trial will proceed in the following manner:

First, Plaintiff's attorney may make an opening statement. Next, Defendant's attorney may make an opening statement. An opening statement is not evidence but is simply a summary of what the attorney expects the evidence to be.

After the opening statements, Plaintiff will call witnesses and present evidence. Then, Defendant will have an opportunity to call witnesses and present evidence. After the parties' main cases are completed, Plaintiff may be permitted to present rebuttal evidence and Defendant may be permitted to present sur-rebuttal evidence.

After the evidence has been presented, the attorneys will make closing arguments and I will instruct you on the law that applies to the case.

After that, you will go to the jury room to deliberate on your verdict.

*Claims and Defenses*

The positions of the parties can be summarized as follows:

Dr. Maria Artunduaga was born and raised in Colombia, attended medical school there and practiced medicine there for three years. She is a native Spanish speaker and speaks English as well. In late June 2011, Dr. Artunduaga began to work at the University of Chicago Medical Center as a resident in UCMC's Section of Plastic and Reconstructive Surgery. The program director for UCMC's Plastic and Reconstructive Surgery residency program is Dr. David Song. A PRS residency at UCMC lasts six years. Plaintiff signed a one year residency contract that was subject to renewal in the spring of 2012.

Dr. Artunduaga claims that beginning in July 2011 she was subjected to discrimination at UCMC on the basis of her national origin. Dr. Artunduaga also claims that she complained about what she believed to be national origin discrimination to various persons at UCMC, including Dr. Song. UCMC denies that Dr. Artunduaga was subjected to national origin

28

discrimination and denies that Dr. Artunduaga complained about alleged national origin discrimination until after the decision not to renew her contract was made.

In November 2011, Dr. Song placed Dr. Artunduaga on probation. In March 2012, Dr. Song advised Dr. Artunduaga that her residency contract would not be renewed, thus ending her residency effective June 30, 2012.

Dr. Artunduaga has brought two claims under Title VII of the Civil Rights Act of 1964. She claims that UCMC terminated her employment because of her Colombian national origin. She also claims that UCMC terminated her employment because she complained that she had been subjected to discrimination on the basis of her Colombian national origin. UCMC denies that Dr. Artunduaga was subject to national origin discrimination or that she complained about alleged national origin discrimination until after the decision not to renew her contract was made. UCMC maintains that Dr. Artunduaga's poor performance, conduct and behavior caused her residency contract not to be renewed.

*Rulings on Objections*

From time to time during the trial I may be called upon to make rulings of law on objections or motions made by the lawyers. You should not infer or conclude from any ruling or other comment I may make that I have any opinions about how you should decide this case. And if I should sustain an objection to a question that goes unanswered by a witness, you should not guess or speculate what the answer might have been, and you should not draw any inferences or conclusions from the question itself.

*Bench Conferences*

At times during the trial it may be necessary for me to talk with the lawyers here at the bench out of your hearing, or by calling a recess. We meet because often during a trial something comes up that doesn't involve the jury.

We will, of course, do what we can to keep the number and length of these conferences to a minimum, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

*Note Taking*

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

When you leave the courthouse during the trial, your notes should be left in the [courtroom] [jury room]. When you leave at night, your notes will be secured and not read by anyone. At the end of the trial, your notes will be destroyed, and no one will be allowed to read the notes before they are destroyed.

*No Transcript Available to Jury*

Pay close attention to the testimony as it is given. At the end of the trial you must make your decision based on what you recall of the evidence. You will not have a written transcript to consult.

*Questions by Jurors Forbidden*

I do not permit jurors to ask questions of witnesses or of the lawyers. Please do not interrupt the lawyers during their examination of witnesses.

If you are unable to hear a witness or a lawyer, please raise your hand immediately and I will see that this is corrected.

*Judge's Questions*

During the trial, I may sometimes ask a witness questions. Do not assume that because I ask questions I hold any opinion on the matters I ask about, or on how the case should be decided.

*Jury Conduct*

All jurors must follow certain rules of conduct, and you must follow them, too.

First, you must not discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else. You must not let others discuss the case with you. You may not post anything about this case on any social media site, including but not limited to Facebook or Twitter.  If anyone tries to talk to you or to contact you about the case please let me know about it immediately;

Second, you may not post anything about this case on any social media site, including but not limited to Facebook or Twitter;

Third, you must not read any news stories or articles or listen to any radio or television reports about the case or about anyone who has anything to do with it;

Fourth, you must not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and must not make any investigation about the case on your own;

Fifth, if you need to communicate with me, you must give a signed note to the [bailiff] [clerk] [law clerk] [matron] to give to me; and

Sixth, you must not make up your mind about what the verdict should be until after you have gone to the jury room to decide that case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

Joint Instruction No. <u>27</u>
Federal Civil Jury Instructions of the Seventh Circuit
Sample Preliminary Instructions (modified).

Objected to_____
Given_____
Given as Modified_____
Refused_____
Withdrawn_____