# Exhibit F-2

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **DR. MARIA ARTUNDUAGA,** | ) | |
| | ) | |
| *Plaintiff,* | ) | **Case No. 12-cv-08733** |
| | ) | |
| v. | ) | **Judge Amy J. St. Eve** |
| | ) | **Magistrate Judge Sidney I. Schenkier** |
| **THE UNIVERSITY OF CHICAGO** | ) | |
| **MEDICAL CENTER,** | ) | |
| | ) | |
| *Defendant.* | ) | |

**PLAINTIFF'S JURY INSTRUCTIONS AND VERDICT FORM**

Plaintiff claims that she was terminated by Defendant because of her Colombian national origin. To succeed on this claim, Plaintiff must prove by a preponderance of the evidence that she was terminated by Defendant because of her Colombian national origin. To determine that Plaintiff was terminated because of her Colombian national origin, you must decide that Defendant would not have terminated Plaintiff had she not been Colombian but everything else had been the same.

If you find that Plaintiff has proved this by a preponderance of the evidence, then you must find for Plaintiff. However, if you find that Plaintiff did not prove this by a preponderance of the evidence, then you must find for Defendant.

DISPUTED
Plaintiff's Instruction No. <u>1</u>
Seventh Circuit Pattern Instruction No. 3.01

Objected to_____
Given_____
Given as Modified_____
Refused_____
Withdrawn_____

2

## <u>DEFENDANT'S OBJECTIONS TO PLAINTIFF'S PROPOSED JURY INSTRUCTION 1</u>

Plaintiff's Instruction 1, based on Pattern Instruction 3.01, is inaccurate in its assertion that Plaintiff was "terminated." Plaintiff's residency contract was not renewed. While completion of the residency program would take six years, Plaintiff signed only a one year residency contract, which on its face states that UCMC "makes no contract to renew this contract. Reappointment is at the discretion of UCMC . . . .". (*See* Docket No. 88, PX 1 (Declaration of Dr. Maria Artunduaga ("MA Dec.") ¶ 2, Ex. A (¶¶ 1, 13)). There was no expectation that she would continue from year to year, and Defendant had the option each year to renew her contract or not. Indeed, suggesting, as has Plaintiff, that her employment was terminated fails to take into account that her residency contract was for one year and subject to renewal each year, and is unfairly prejudicial to Defendant. Fed. R. Evid. 403. Defendant has proposed its own Instruction 1 in lieu of Plaintiff's Instruction 1.

## <u>PLAINTIFF'S RESPONSE TO DEFENDANT'S OBJECTION</u>

Plaintiff's employment with Defendant was terminated; the fact that it was through the non-renewal of a contract is not a distinction that will be meaningful for the jury. This is not a breach of contract action. The plaintiff was employed in a residency program that lasted six years; the termination of her residency contract after the first year precluded her continuing her employment in the residency program for the six years that both Plaintiff and Defendant expected her to complete. In fact, the evidence will show that Dr. Artunduaga was the first resident ever terminated from the Plastics and Reconstructive Surgery program at UCMC. The instruction should, at the very least, read that Defendant did not "renew her residency contract, thus terminating her participation in the residency program."

Further, the Federal Rules of Evidence do not apply to jury instructions, so any argument that the instruction violates FRE 403 is unavailing. The test applicable to jury instructions is whether the instruction properly states the law and is supported by the record. *See Huff v. Sheahan*, 493 F.3d 893, 899 (7th Cir. 2007); *United States v. Vang,* 128 F.3d 1065, 1069 (7th Cir. 1997). Because Plaintiff used Seventh Circuit Pattern Instruction No. 1, unmodified, there is no question that this instruction is a proper statement of the law. Furthermore, the notion that Plaintiff was terminated is supported by the record.

Plaintiff also claims that she was terminated by Defendant because she complained about national origin discrimination. To succeed on this claim, Plaintiff must prove by a preponderance of the evidence that Defendant terminated her because she complained about national origin discrimination. To determine that Plaintiff was terminated because she complained about national origin discrimination, you must decide that Defendant would not have terminated Plaintiff if she had not complained about national origin discrimination but everything else had been the same.

If you find that Plaintiff has proved this by a preponderance of the evidence, then you must find for Plaintiff. However, if you find that Plaintiff did not prove this by a preponderance of the evidence, then you must find for Defendant.

DISPUTED
Plaintiff's Instruction No. <u>2</u>                             Objected to_____
Seventh Circuit Pattern Instruction No. 3.02      Given_____
                                                                  Given as Modified_____
                                                                  Refused_____
                                                                  Withdrawn_____

## DEFENDANT'S OBJECTIONS TO PLAINTIFF'S PROPOSED JURY INSTRUCTION 2

Plaintiff's Instruction 2, based on Pattern Instruction 3.02, is inaccurate in its assertion that Plaintiff was "terminated." Plaintiff's residency contract was not renewed. While completion of the residency program would take six years, Plaintiff signed only a one year residency contract, which on its face states that UCMC "makes no contract to renew this contract. Reappointment is at the discretion of UCMC . . . .". (*See* MA Dec. ¶ 2, Ex. A (¶¶ 1, 13)). There was no expectation that she would continue from year to year, and Defendant had the option each year to renew her contract or not. Indeed, suggesting, as has Plaintiff, that her employment was terminated fails to take into account that her residency contract was for one year and subject to renewal each year, and is unfairly prejudicial to Defendant. Fed. R. Evid. 403.

The instruction also fails to specify that she must prove by a preponderance of the evidence that she complained about national origin discrimination. This is of particular import here where there is a dispute as to the timing of Plaintiff's alleged national origin discrimination complaint. *See Gleason v. Mesirow Fin.*, 118 F.3d 1134, 1146-47 (7th Cir. 1997) (confirming that failure to engage in protected activity defeated Title VII retaliation claim); *see also Hernandez v. HCH Miller Park Joint Venture*, 418 F.3d 732, 737 (7th Cir. 2005) (same). Defendant has proposed its own Instruction 2 in lieu of Plaintiff's Instruction 2.

**PLAINTIFF'S RESPONSE TO DEFENDANT'S OBJECTIONS**

The instruction follows Seventh Circuit Pattern Instruction No. 3.02, which does not separate the Plaintiff's burden in a retaliation claim into two elements. *See* FEDERAL CIVIL JURY INSTRUCTIONS OF THE SEVENTH CIRCUIT, § 3.02 (2015). The instruction is clear that Plaintiff can only recover if she proves that Defendant terminated her because she complained about national origin discrimination. Defendant will be free to argue – and the jury will understand – that Plaintiff will not be able to prove that she was terminated because she complained if she, in fact, never complained.

The use of the word "terminated" is also appropriate for all the reasons detailed in Plaintiff's Response to Defendant's Objections to Proposed Jury Instruction 1.

A complaint about being treated differently because of one's accent can constitute a complaint about national origin discrimination.

If you find that Plaintiff has proven by a preponderance of the evidence that Defendant terminated her because she complained that she had been treated differently because of her accent, you must find for Plaintiff on her retaliation claim.  If you find that Plaintiff did not prove this by a preponderance of the evidence, then you must find for Defendant on Plaintiff's retaliation claim.

DISPUTED
Plaintiff's Instruction No. 3                      Objected to_____
*Hasham v. California State Board of Equalization*,      Given_____
200 F.3d 1035, 1050 (7th Cir. 2000);      Given as Modified_____
*Akinbode v. Motorola, Inc.,* No. 05-cv-4600      Refused_____
2007 U.S. Dist. LEXIS 58909 (N.D. Ill. Aug. 13, 2007);      Withdrawn_____
*Fragante v. City & County of Honolulu*,
888 F.2d 591, 596 (9th Cir. 1989).

**<u>DEFENDANT'S OBJECTIONS TO PLAINTIFF'S PROPOSED JURY INSTRUCTION 3</u>**

The first sentence of Plaintiff's Instruction 3 contains an improper legal conclusion, which does not belong in a jury instruction and that is argumentative and unfairly prejudicial to Defendant. Fed. R. Evid. 403. The instruction is also vague, confusing and ambiguous as to the phrase "treated differently" (and as to whom "treated [her] differently") and is unfairly prejudicial to Defendant. Additionally, the case law Plaintiff cites does not support the proposition that "a complaint about being treated differently because of one's accent can constitute a complaint about national origin discrimination." Plaintiff must also first establish that she complained of national origin discrimination before the jury can or should determine whether she was terminated for making such a complaint. *See* Defendant's above objections and its Instruction Number 2.

## PLAINTIFF'S RESPONSE TO DEFENDANT'S OBJECTIONS

The jury is entitled to understand that while an employee who merely makes generalized complaints may not be found to have engaged in protected activity, Plaintiff here did not need to make a specific complaint that she was being discriminated against because of her Colombian national origin to prevail on a retaliation claim. *See* Dkt. 101 at 20-21 (complaints about plaintiff's accent could underpin a national origin discrimination complaint). While the cases cited do not involve claims of retaliation, it follows that because "accent is generally recognized as a manifestation of national origin," *see Hasham v. California State Bd. of Equalization*, 200 F.3d 1035, 1050 (7th Cir. 1997), Plaintiff's complaint that people treated her differently because of her accent could constitute a complaint about national origin discrimination.

In addition, as explained above with respect to proposed Instruction No. 2, the instructions with respect to proving a retaliation claim are clear without separating the claim into two separate elements, as Defendant proposes.

I have already instructed you that you should consider all the evidence in the case, including the circumstantial evidence. The types of circumstantial evidence you may consider in an employment case include, but are not limited to, the following:

1.    Suspicious timing;

2.    Ambiguous oral or written statements;

3.    Behavior toward or comments directed at other employees in the protected group;

4.    Evidence that employees similarly situated to the Plaintiff but not in Plaintiff's protected group received systematically better treatment;

5.    Evidence of an employer's shifting or inconsistent explanations for the challenged employment decision(s);

6.    Evidence that an employer's explanation for the challenged employment decision is false or not genuinely believed;

7.    Evidence that an employer failed to follow its own policies or procedures; or

8.    Inconsistent statements offered by the employer.

DISPUTED

| | |
|---|---|
| Plaintiff's Instruction No. <u>4</u> | Objected to_____ |
| *Reeves v. Sanderson Plumbing Products, Inc*., | Given_____ |
| 530 U.S. 133, 148, 120 S. Ct. 2097, 147 L.Ed.2d 105 | Given as Modified_____ |
| 2000); *Hossack v. Floor Covering Associates of* | Refused_____ |
| *Joliet, Inc*., 492 F.3d 853, 862 (7th Cir. 2007); | Withdrawn_____ |

*Rhodes v. Ill. Dept. of Transp*., 359 F.3d 498, 504 (7th Cir.2004);
*Millbrook v. IBP, Inc.,* 280 F.3d 1169, 1174 (7th Cir. 2002);
*Lang v. Illinois Dep't of Children & Family Servs.,* 361
F.3d 416, 419-20 (7th Cir. 2004); *Stone v. City of Indianapolis Pub. Utils. Div*.,
281 F.3d 640, 644 (7th Cir. 2002); *Worth v. Tyer*, 276 F.3d 249 (7th Cir. 2001); *Gordon v.
United Airlines, Inc*., 246 F.3d 878 (7th Cir. 2001); *Curry v. Menard, Inc*., 270 F.3d
473 (7th Cir. 2001); *Russell v. Board of Trustees*, 243 F.3d 336 (7th Cir. 2001);
*Troupe v. May Dept. Stores Co*., 20 F.3d 734, 737 (7th Cir.1994); *Jones-Walsh v. Town of
Cicero*, 2005 WL 2293671 (N.D. Ill. Sept. 14, 2005).

11

**DEFENDANT'S OBJECTIONS TO PLAINTIFF'S PROPOSED JURY INSTRUCTION 4**

Plaintiff's Instruction 4 regarding circumstantial evidence unnecessarily deviates from Pattern Instruction 1.12, which adequately explains the definition of "circumstantial" evidence. It is also unfairly prejudicial in that it implies that Plaintiff was employed by Defendant instead of a resident subject to annual contract renewal. *See* above objections to Instructions 1 and 2.

Plaintiff's listed examples of circumstantial evidence also violate Federal Rule of Evidence 403 and are unfairly prejudicial to Defendant: Numbers 1-8 are vague, confusing and ambiguous; Numbers 3, 4, 5 and 6 contain undefined and confusing terms ("protected group", "similarly situated," "systematically better treatment" and "challenged employment decision"); Number 4 contains a legal conclusion ("similarly situated") and undefined terms ("protected group" and "systematically better treatment"); Numbers 3, 7 and 8 are vague and ambiguous and confusing and do not link the topic at issue to any adverse action or treatment by the Defendant, which could lead the jury to impermissibly (and unfairly) conclude that general and unspecified behavior towards an unspecified protected group, failure to follow an entirely irrelevant policy or making inconsistent statements about a variety of topics unrelated to the plaintiff, adverse action or alleged discrimination can be circumstantial evidence of discrimination (i.e., unspecified "behavior" (Number 3), failure to follow "policy or procedure" (Number 7) and "inconsistent statements" (Number 8)). In addition, the long list is likely to confuse the jury rather than to assist it in making a decision.

## PLAINTIFF'S RESPONSE TO DEFENDANT'S OBJECTIONS

The jury is entitled to know the kinds of evidence it can consider to determine whether Defendant discriminated or retaliated against Plaintiff. Seventh Circuit Pattern Instruction No. 1.12 merely explains the difference between direct and circumstantial evidence and does not suffice to direct the jury to the kinds of evidence it can consider in this case. *See* FEDERAL CIVIL JURY INSTRUCTIONS OF THE SEVENTH CIRCUIT, § 1.12 (2015).

The suggestion that Plaintiff was not an employee of Defendant because she signed a one-year residency contract is not supported by the record or the law. Indeed, Defendant seeks to introduce its "Employee Termination Policy" as evidence in support of its defenses. *See* Defendant's Trial Exhibit List, Exhibits 276 and 282.

The proposed instruction follows well-established law in the Seventh Circuit as to what can constitute evidence of discrimination and retaliation. The terms used are basic and not confusing; a person of average intelligence will understand the terms "protected group," "similarly situated employee," or "challenged employment decision," especially in the context of the evidence that will be presented.

13

If you find that Plaintiff has proved any of her claims against Defendant, then you must determine what amount of damages, if any, Plaintiff is entitled to recover. Plaintiff must prove her damages by a preponderance of the evidence.

If you find that Plaintiff has failed to prove any of her claims, then you will not consider the question of damages.

DISPUTED
Plaintiff's Instruction No. <u>5</u>                    Objected to_____
Seventh Circuit Pattern Instruction No. 3.09    Given_____
                                                Given as Modified_____
                                                Refused_____
                                                Withdrawn_____

## **DEFENDANT'S OBJECTIONS TO PLAINTIFF'S PROPOSED JURY INSTRUCTION 5**

Plaintiff's Instruction 5, based on Pattern Instruction 3.09, should refer to "either" of Plaintiff's claims instead of "any" Plaintiff's claims, as she only has two claims. "Any" suggests a greater number than two, and may confuse the jury as to the issues before it and is unfairly prejudicial to Defendant. Fed.R.Evid. 403.

## <u>PLAINTIFF'S RESPONSE TO DEFENDANT'S OBJECTIONS</u>

The proposed instruction tracks Seventh Circuit Pattern Instruction No. 3.09. *See* FEDERAL CIVIL JURY INSTRUCTIONS OF THE SEVENTH CIRCUIT, § 3.09 (2015). The jury will understand from all the instructions that only two claims are being brought by Plaintiff; they won't be confused by the use of the word "any."

You may award compensatory damages only for injuries that Plaintiff has proved by a preponderance of the evidence were caused by Defendant's wrongful conduct.

Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

You should consider the following types of compensatory damages:

1.      The mental/emotional pain and suffering that Plaintiff has experienced and is reasonably certain to experience in the future. No evidence of the dollar value of mental/emotional pain and suffering has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate Plaintiff for the injury she has sustained.

2.      The reasonable value of medical care that Plaintiff reasonably needed and actually received as well as the present value of the care that she is reasonably certain to need and receive in the future.

3.      The reasonable value of educational expenses Plaintiff reasonably incurred as a direct result of the Defendant's discrimination and/or retaliation.

4.      The present value of the reduction in Plaintiff's future earning capacity caused by Defendant's discrimination and/or retaliation.


DISPUTED
Plaintiff's Instruction No. 6                                    Objected to_____
Seventh Circuit Pattern Instruction No. 3.10          Given_____
                                                                          Given as Modified_____
                                                                          Refused_____
                                                                          Withdrawn_____

## DEFENDANT'S OBJECTIONS TO PLAINTIFF'S PROPOSED JURY INSTRUCTION 6

Defendant objects to Plaintiff's Instruction 6, based on Pattern Instruction 3.10, because it fails to include the pattern language which provides that the jury should not consider the issue of lost wages and benefits (and, such issues are to be decided by the Court). *See, e.g.*, *Pals v. Schepel Buick & GMC Truck, Inc.*, 220 F.3d 495, 500 (7th Cir. 2000); *see also* FEDERAL CIVIL JURY INSTRUCTIONS OF THE SEVENTH CIRCUIT §3.10 (2015). The following language should be added, and is included in Defendant's alternative instruction based on Pattern Instruction 3.10: "[i]n calculating compensatory damages, you should not consider the issue of lost wages and benefits. The Court will calculate and determine any damages for past or future lost wages and benefits."

The instruction should specify that the compensatory damage must have been caused/must be caused by Defendant's discrimination against her because of her national origin and/or because Defendant retaliated against her because she complained of national origin discrimination. Absent such clarification, this instruction is improper and unfairly prejudicial to Defendant and fails to set forth Plaintiff's burden. Fed. R. Evid. 403. Such clarification for the jury is of particular import here where there is evidence that Plaintiff's alleged emotional distress, expenses and lost future earnings were caused by occurrences other than Defendant.

In addition, Defendant objects to the instruction regarding future lost earnings because Plaintiff cannot produce competent evidence "suggesting that [her] injuries [caused by Defendant] have narrowed the range of economic opportunities available to [her]". *Williams v. Pharmacia, Inc.*, 137 F.3d 944, 952 (7th Cir. 1998). Without such evidence, such an instruction to the jury is inappropriate.

Defendant has proposed an alternative instruction, Instruction Number 9.

## **PLAINTIFF'S RESPONSE TO DEFENDANT'S OBJECTIONS**

Plaintiff seeks to have back pay and front pay tried to the jury. Should the Court decide otherwise, it would be appropriate to add the language omitted. Otherwise, the proposed instruction tracks Seventh Circuit Pattern Instruction No. 3.10, which clearly sets forth in the first paragraph that the Plaintiff can only recover damages she has shown to have been caused by Defendant's wrongful conduct. *See* Federal Civil Jury Instructions of the Seventh Circuit, § 3.10 (2015). It is unnecessary to add language regarding causation elsewhere in the instruction.

Plaintiff intends to introduce evidence that her future earning capacity has been limited due to Defendant's unlawful conduct. As the Court in *Williams v. Pharmacia, Inc.*, 137 F.3d 944, 953 (7th Cir. 1998) explained, compensation for loss in future earning capacity is necessary because remedies such as reinstatement and back pay, do "not and cannot erase that the victim of discrimination has been terminated by an employer, has sued that employer for discrimination, and the subsequent decrease in the employee's attractiveness to other employers into the future, leading to future loss in time or level of experience."

If you find that Plaintiff has proven either her claim of discrimination or her claim of retaliation by a preponderance of the evidence, you may award her as damages any lost wages and benefits she would have received from the Defendant if she had not been terminated minus the earnings and benefits that Plaintiff received from other employment during that time that she would not otherwise have received.

DISPUTED
Plaintiff's Instruction No. 7                    Objected to_____
Seventh Circuit Pattern Instruction No. 3.11     Given_____
                                                 Given as Modified_____
                                                 Refused_____
                                                 Withdrawn_____

## DEFENDANT'S OBJECTIONS TO PLAINTIFF'S PROPOSED JURY INSTRUCTION 7

Defendant objects to Plaintiff's Instruction 7, based on Pattern Instruction 3.11, because back and front pay are matters for the court, not the jury. *Pals v. Schepel Buick & GMC Truck, Inc.*, 220 F.3d 495, 500 (7th Cir. 2000); *Gracia v. Sigmatron Int'l, Inc.*, 130 F. Supp. 3d 1249, 1255 (N.D. Ill. 2015). Defendant has suggested an alternative instruction to be used for back and front pay, and for mitigation, but only if the Court determines that evidence regarding back and front pay damages will be presented to an advisory jury. *See* Defendant's Instructions 5 - 7. In addition, to the extent the jury is permitted to advise on lost wages or benefits, the period for which either may be available to Plaintiff should be specified. Plaintiff was not guaranteed a contract from year to year, and the residency program was, at most, six years long. Moreover, there was no reasonable expectation of employment at UCMC after completion of the residency program. (*See* MA Dec. ¶ 2, Ex. A (¶¶ 1, 13)). Accordingly, any front pay award could not extend beyond June 2017 (the end of the six year residency program). *See Shick v. Ill. Dept. of Human Servs.*, 307 F.3d 605, 614 (7th Cir. 2002). Further, any back pay award should be limited by, and front pay precluded by, Defendant's after acquired evidence defense, about which Plaintiff has not provided any instruction. *See Sheehan v. Donlen Corp.*, 173 F.3d 1039, 1047 (7th Cir. 1999). *See* Defendant's Instruction 8.

## PLAINTIFF'S RESPONSE TO DEFENDANT'S OBJECTIONS

Plaintiff seeks to have back pay and front pay tried to the jury. The proposed instruction tracks Seventh Circuit Pattern Instruction No. 3.11, which is used if the jury is to award back pay or front pay. *See* FEDERAL CIVIL JURY INSTRUCTIONS OF THE SEVENTH CIRCUIT, § 3.11 (2015). Plaintiff has not tendered instructions regarding mitigation or after-acquired evidence because Plaintiff believes Defendant will not present sufficient evidence to go to the jury on either defense.

If you find for Plaintiff, you may, but are not required to, assess punitive damages against Defendant. The purposes of punitive damages are to punish a defendant for its conduct and to serve as an example or warning to Defendant and others not to engage in similar conduct in the future.

Plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against Defendant. You may assess punitive damages only if you find that the conduct of Defendant's managerial employees was in reckless disregard of Plaintiff's rights. An action is in reckless disregard of Plaintiff's rights if taken with knowledge that it may violate the law.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward either party. In determining the amount of any punitive damages, you should consider the following factors:

- the reprehensibility of Defendant's conduct;

- the impact of Defendant's conduct on Plaintiff;

- the relationship between Plaintiff and Defendant;

- the likelihood that Defendant would repeat the conduct if an award of punitive damages is not made;

- the relationship of any award of punitive damages to the amount of actual harm the Plaintiff suffered.

DISPUTED
Plaintiff's Instruction No. 8                          Objected to_____
Seventh Circuit Pattern Instruction No. 3.13           Given_____
                                                       Given as Modified_____
                                                       Refused_____
                                                       Withdrawn_____

**DEFENDANT'S OBJECTIONS TO PLAINTIFF'S PROPOSED JURY INSTRUCTION 8**

Defendant objects to Plaintiff's Instruction 8 regarding punitive damages and based on Pattern Instruction 3.13, because it fails to include the appropriate model language that the jury should not award punitive damages if Defendant proves that it made a good faith effort to implement an antidiscrimination policy. Defendant has submitted an alternative instruction containing the pattern language and which otherwise accounts for Plaintiff's burden. *See* Defendant's Instruction 10. Defendant also objects to this instruction as Plaintiff will not be able to meet her burden to establish that punitive damages are appropriate. *See David v. Caterpillar, Inc.*, 324 F.3d 851, 865 (7th Cir. 2003).

## PLAINTIFF'S RESPONSE TO DEFENDANT'S OBJECTIONS

The proposed instruction tracks Seventh Circuit Pattern Instruction No. 3.13.  *See*

FEDERAL CIVIL JURY INSTRUCTIONS OF THE SEVENTH CIRCUIT, § 3.13 (2015).  The language

Defendant seeks to include is only appropriate in instances when there is a question about

whether the decision makers were acting in a managerial capacity.  *Id.*, comment e.  There is no

question here regarding the authority of Defendant's decision makers.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **DR. MARIA ARTUNDUAGA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 12-cv-08733** |
| | ) | |
| **THE UNIVERSITY OF CHICAGO** | ) | **Judge Amy St. Eve** |
| **MEDICAL CENTER,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## VERDICT FORM

1.  Do you find that Defendant the University of Chicago Medical Center discriminated against Plaintiff Dr. Maria Artunduaga because of her national origin when it terminated her employment?

    Yes _____        No _____

2.  Do you find that Defendant the University of Chicago Medical Center retaliated against Plaintiff Dr. Maria Artunduaga when it terminated her employment?

    Yes _____        No _____

3.  If you answered "Yes" to either Question 1 or 2, please enter the amount of lost wages and benefits you award to Dr. Artunduaga for the claims that you have found that she proved.

    $ _____

4.  If you answered "Yes" to either Question 1 or 2, please enter the amount of compensatory damages you award to Dr. Artunduaga for the claims that you have found that she proved.

    $ _____

5.    If you answered "Yes" to either Question 1 or 2, please enter the amount of punitive damages you award to Dr. Artunduaga for the claims that you have found that she proved.

$ _____

Signed:

_____          _____

Jury Foreperson

_____          _____


_____          _____


_____          _____

## DEFENDANT'S OBJECTIONS TO PLAINTIFF'S PROPOSED VERDICT FORM

### Objections to Questions 1 and 2

Questions 1 and 2 are inaccurate. Plaintiff was not "terminated." Defendant chose not to renew her one year residency contract. Question 2 is also incomplete. It should provide that the jury must find – by a preponderance of the evidence – both that Plaintiff complained of national origin discrimination and that Defendant "retaliated against Plaintiff for complaining of national origin discrimination" *See Hicks v. Forest Pres. Dist. of Cook County*, 677 F.3d 781, 790-91 (7th Cir. 2012). *See* Defendant's Proposed Questions 1 and 2.

### Objections to Question 3

Question 3 is inappropriate, as back and front pay damages are matters for the court, not the jury. *Pals v. Schepel Buick & GMC Truck, Inc.*, 220 F.3d 495, 500 (7th Cir. 2000); *Gracia v. Sigmatron Int'l, Inc.*, 130 F. Supp. 3d 1249, 1255 (N.D. Ill. 2015). Moreover, here, it is more efficient for the Court to hear and determine issues of back pay, instead of requesting a non-binding recommendation from the jury. First, the Court does not need the assistance of the jury in determining the maximum duration of front pay, as the residency program itself was six years long and Plaintiff cannot recover for any period after the end of the residency program (i.e., after June 2017). *See Shick v. Ill. Dept. of Human Servs.*, 307 F.3d 605, 614 (7th Cir. 2002). In addition, resident pay for each academic year is set by contract, and therefore there is no need for a jury to spend time calculating the value of any particular residency year. And, at the same time, Defendant's after acquired evidence defense, which impacts Plaintiff's back pay recovery potential, in particular that based on violations of HIPAA, is complex and would be more appropriately heard by the Court instead of the jury. *See Schuster v. Shepard Chevrolet, Inc.*, No. 99 C 8326, 2002 WL 507130 (N.D. Ill. Apr. 3, 2002) (finding that complexity of equitable damages award rendered use of advisory jury inefficient).

Regardless, if the jury is permitted to advise regarding back and front pay, Defendant has proposed an alternative set of questions which takes into account the above (Verdict Form Questions 3 and 4) and included a question regarding mitigation (Verdict Form Question 5) and Defendant's after-acquired evidence defense (Verdict Form Questions 6-8), which will limit back pay and eliminate front pay if successful. *See, e.g.*, *Rodriguez v. City of Chi.*, No. 08 CV 4710, 2011 WL 1103864, at *14 (N.D. Ill. Mar. 25, 2011) (citing *McKennon v. Nashville Banner Publishing Co.*, 115 S. Ct. 879 (1995). Plaintiff's Question 3 should not be used because it is unfairly prejudicial and improper in that it assumes Plaintiff's entitlement to damages for lost wages and benefits, does not set forth Plaintiff's burden (for purposes of proving entitlement to those damages generally or the amount of them, by a preponderance of the evidence) and does not distinguish between back pay and front pay damages. Plaintiff also fails to account for mitigation and Defendant's after-acquired evidence defenses.

### Objections to Questions 4 and 5

Questions 4 and 5 are unfairly prejudicial and improper and should not be used because they assume Plaintiff's entitlement to compensatory damages and punitive damages and do not set forth Plaintiff's burden (for purposes of proving entitlement to those damages generally or the amount of them, by a preponderance of the evidence). The jury should be asked if Plaintiff proved her entitlement to compensatory/punitive damages by a preponderance of the evidence and then ask for the amount proven for each type of compensatory/punitive damages available. The punitive damages instruction should also take into account Defendant's efforts to implement an anti-discrimination policy. Defendant has addressed these issues in its proposed Verdict Form Questions 9 and 10.

## PLAINTIFF'S RESPONSES TO DEFENDANT'S OBJECTIONS

General verdicts encompass all the essential elements of a claim. *See Freeman v. Chicago Park Dist.*, 189 F.3d 613, 615 (7th Cir. 1999). This is not a complicated case and a general verdict, as proposed by Plaintiff, will suffice to assure that "all fact issues have been resolved in favor of the prevailing party." *Id.* (quoting *Dual Mfg. & Eng'g., Inc. v. Burris Indus., Inc.*, 619 F.2d 660, 667 (7th Cir. 1980).

### Questions 1 and 2

Plaintiff's employment with Defendant was terminated; the fact that it was through the non-renewal of a contract is not a distinction that will be meaningful for the jury. This is not a breach of contract action. The plaintiff was employed in a residency program that lasted six years; the termination of her residency contract after the first year precluded her continuing her employment in the residency program for the six years that both Plaintiff and Defendant expected her to complete. In fact, the evidence will show that Dr. Artunduaga was the first resident ever terminated from the Plastics and Reconstructive Surgery program at UCMC.

The jury instructions that will be read to the jury make clear that Plaintiff can only recover if she proves that Defendant terminated her because she complained about national origin discrimination. Defendant will be free to argue – and the jury will understand – that Plaintiff will not be able to prove that she was terminated because she complained if she, in fact, never complained. It is not necessary to have two separate questions for the jury to answer on the retaliation claim.

### Questions 3, 4 and 5

Plaintiff is seeking to have back pay and front pay decided by the jury; she is not seeking a non-binding recommendation. A court can allow the jury to decide issues of back pay and

front pay.  *See Pals v. Schepel Buick & GMC Truck, Inc.*, 220 F.3d 495, 501 (7th Cir. 2000).

The defendant's after-acquired evidence defense is not complicated; a jury can readily

understand whether UCMC would have fired Dr. Artunduaga had it discovered her alleged

wrongful conduct while she was still employed.  Moreover, Plaintiff anticipates that Defendant

will not present sufficient evidence to go to a jury on these defenses, so any difficulty a jury

might have with understanding them is irrelevant.

The verdict form's questions regarding damages do not assume entitlement.  The jury

will be properly instructed that it is not to award damages of any kind unless Dr. Artunduaga

proves them.  The general verdict is presumed to encompass all the essential elements of the

claim.  *See Freeman*, 189 F.3d at 615.