# Exhibit F-3

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DR. MARIA ARTUNDUAGA,

Plaintiff,

v.

THE UNIVERSITY OF CHICAGO
MEDICAL CENTER,

Defendant.

No. 12 C 8733

Judge Amy St. Eve
Magistrate Judge Sidney I. Schenkier

## **DEFENDANT'S PROPOSED JURY INSTRUCTIONS AND VERDICT FORM**

Plaintiff claims that Defendant did not renew her residency contract because of her Colombian national origin. To succeed on this claim, Plaintiff must prove by a preponderance of the evidence that Defendant did not renew her residency contract because of her Colombian national origin. To determine that Defendant did not renew Plaintiff's residency contract because of her Colombian national origin, you must decide that Defendant would have renewed Plaintiff's residency contract had Plaintiff not been Colombian but everything else had been the same.

If you find that Plaintiff has proved this by a preponderance of the evidence, then you must find for Plaintiff on this claim. However, if you find that Plaintiff did not prove this by a preponderance of the evidence, then you must find for Defendant on this claim.

DISPUTED

Defendant's Instruction No. 1

Seventh Circuit Pattern Instruction No. 3.01 (modified)

Objected to_____

Given_____

Given as Modified_____

Refused_____

Withdrawn_____

**Plaintiff's Objections to Defendant's Proposed Instruction No. 1**

Plaintiff objects to Defendant's proposed Instruction No. 1 on the grounds that the term "did not renew her residency contract," is misleading and prejudicial. This is not an action for a breach of contract. The plaintiff was employed in a residency program that lasted six years; the termination of her residency contract after the first year precluded her from remaining in the residency program for the six years that both Plaintiff and Defendant expected her to complete. The proposed instruction should use language to the effect either that Defendant "terminated her employment" or did not "renew her residency contract, thus terminating her participation in the residency program."

Plaintiff has tendered proposed Instruction No. 1 as an alternative to Defendant's proposed Instruction No. 1.

**Defendant's Response to Plaintiff's Objections to Defendant's Proposed Instruction No. 1**

Plaintiff's proposals are inconsistent with the record evidence. While completion of the residency program would take six years, Plaintiff signed only a one year residency contract, which on its face states that UCMC "makes no commitment to renew this contract. Reappointment is at the discretion of UCMC . . . .". (*See* Docket No. 88, PX 1 (Declaration of Dr. Maria Artunduaga ("MA Dec.") ¶ 2, Ex. A (¶¶ 1, 13)). There was no reasonable expectation that she would continue from year to year, and Defendant had the option each year to renew her contract or not. There is nothing prejudicial about Defendant's instruction. Indeed, suggesting, as has Plaintiff, that her employment was terminated fails to take into account that her residency contract was for one year and subject to renewal each year, and is unfairly prejudicial to Defendant. FED. R. EVID. 403.

Plaintiff also claims that Defendant did not renew her residency contract because she complained about national origin discrimination to Defendant. To succeed on this claim, Plaintiff must prove two things by a preponderance of the evidence: that (a) she complained to Defendant about national origin discrimination and (b) Defendant did not renew her residency contract because she complained about national origin discrimination.

If you find that Plaintiff did not prove by a preponderance of the evidence that she complained to Defendant of national origin discrimination, you must find for Defendant on this claim.

If you find that Plaintiff proved by a preponderance of the evidence that she complained to Defendant of national origin discrimination, you must determine whether Defendant did not renew Plaintiff's residency contract because Plaintiff complained of national origin discrimination. To determine that Plaintiff's residency contract was not renewed because she complained about national origin discrimination, you must decide that Defendant would have renewed Plaintiff's residency contract if she had not complained about national origin discrimination but everything else had been the same. If you find that Plaintiff has proved this by a preponderance of the evidence, then you must find for Plaintiff on this claim. However, if you find that Plaintiff did not prove this by a preponderance of the evidence, then you must find for Defendant on this claim.

**Plaintiff's Objections to Defendant's Proposed Instruction No. 2**

DISPUTED

Defendant's Instruction No. 2

Seventh Circuit Pattern Instruction No. 3.02 (modified); *see  Hicks v. Forest Pres. Dist. of Cook County*, 677 F.3d 781, 790-91 (7th Cir. 2012);  *see Gleason v. Mesirow Fin.*, 118 F.3d 1134, 1146-47 (7th Cir. 1997) (confirming that failure to engage in protected activity defeated Title VII retaliation claim); *see also Hernandez v. HCH Miller Park Joint Venture*, 418 F.3d 732, 737 (7th Cir. 2005) (same).

Objected to_____

Given_____

Given as Modified_____

Refused_____

Withdrawn_____

Plaintiff objects to Defendant's proposed Instruction No. 2 on the grounds that the term "did not renew her residency contract," is misleading and prejudicial. This is not an action for a breach of contract. The plaintiff was employed in a residency program that lasted six years; the termination of her residency contract after the first year precluded her from remaining in the residency program for the six years that both Plaintiff and Defendant expected her to complete. The proposed instruction should use language to the effect either that Defendant "terminated her employment" or did not "renew her residency contract, thus terminating her participation in the residency program."

Plaintiff also objects to Defendant's proposed Instruction No. 2 on the grounds that it deviates improperly from Seventh Circuit Pattern Instruction No. 3.02 relating to proof of retaliation. The pattern instruction does not separate the plaintiff's burden of proof into two separate elements. *See* FEDERAL CIVIL JURY INSTRUCTIONS OF THE SEVENTH CIRCUIT, § 3.02 (2015). The case cited by defendant to support this modification to the pattern instruction, *Hicks v. Forest Pres. Dist. Of Cook County*, 677 F.3d 781, 790-91 (7th Cir. 2012), is unavailing. There the question was whether a retaliation instruction was proper because it did not identify the specific adverse action the plaintiff had suffered. *Id.* In determining that there was no error in giving the instruction without the reference to the specific adverse action, the Court did state that "it was unnecessary and probably misguided for the district court to model an instruction using language developed in a different circuit." *Id.* at 791. The other cases cited by Defendant did not involve jury instructions.

Plaintiff also objects to the instruction because it is confusing and prejudicial. By dividing the burden of proof into two separate elements, the defendant interjects additional

statements requiring the jury to find for defendant if each element is not proved. Defendant has not presented a compelling argument for deviating from the pattern instruction.

Plaintiff has tendered proposed Instruction No. 2 as an alternative to Defendant's proposed Instruction No. 2.

**Defendant's Response to Plaintiff's Objections to Defendant's Proposed Instruction No. 2**

Plaintiff's proposals are inconsistent with the record evidence. While completion of the residency program would take six years, Plaintiff signed only a one year residency contract, which on its face states that UCMC "makes no commitment to renew this contract. Reappointment is at the discretion of UCMC . . . .". (*See* MA Dec. ¶ 2, Ex. A (¶¶ 1, 13)). There was no reasonable expectation that she would continue from year to year, and Defendant had the option each year to renew her contract or not. There is nothing prejudicial about Defendant's instruction. Indeed, suggesting, as has Plaintiff, that her employment was terminated fails to take into account that her residency contract was for one year and subject to renewal each year, and is unfairly prejudicial to Defendant. FED. R. EVID. 403.

Title VII makes it an unlawful employment practice to retaliate against an individual "because [she] has opposed any practice made an unlawful employment practice by this subchapter [.]" 42 U.S.C. § 2000e-3(a). Here, there is a dispute as to whether Plaintiff engaged in a protected activity (i.e. complained of national origin discrimination) before Defendant made the decision not to renew her residency contract – the alleged retaliatory adverse action about which Plaintiff now complains. Pattern Instruction Number 3.02, on which Defendant's Instruction is based, does not contemplate this scenario, *i.e.* one in which there is a dispute as to whether the Plaintiff in fact engaged in protected activity before the adverse action was taken. Accordingly, it is appropriate to separate Plaintiff's burden of proof into two elements, both of which must be satisfied, under Title VII, for Plaintiff to succeed. In addition, Defendant's instruction is neither confusing or prejudicial. If the jury does not conclude that Plaintiff engaged in protected activity, then it cannot find for Plaintiff on her retaliation claim. *See Gleason v. Mesirow Fin.*, 118 F.3d 1134, 1146-47 (7th Cir. 1997) (confirming that failure to engage in protected activity defeated Title VII retaliation

claim); *see also Hernandez v. HCH Miller Park Joint Venture*, 418 F.3d 732, 737 (7th Cir. 2005) (same). Plaintiff's Instruction Number 2 does not account for the dispute regarding whether Plaintiff engaged in protected activity, and therefore is insufficient.

In deciding Plaintiff's claims, you should not concern yourselves with whether Defendant's actions were wise, reasonable, or fair. Rather, your concern is only whether Plaintiff has proved by a preponderance of the evidence that Defendant did not renew her residency contract (a) because of her Colombian national origin or (b) because she complained about national origin discrimination.

DISPUTED
Defendant's Instruction No. 3
Seventh Circuit Pattern Instruction No. 3.07 (modified);
*Collins v. Dial Corp.*, No. 97 C 3089, 1997 U.S. Dist. LEXIS 17658, at *18-19 (N.D. Ill. Nov. 4, 1997);
*Brummett v. Sinclair Broadcast Group, Inc.*, 414 F.3d 686, 692 (7th Cir. 2005);
*Ajayi v. Aramark*, 336 F.3d 520, 532 (7th Cir. 2003).

Objected to_____
Given_____
Given as Modified_____
Refused_____
Withdrawn_____

**Plaintiff's Objections to Defendant's Proposed Instruction No. 3**

Plaintiff objects to Defendant's proposed Instruction No. 3 on the grounds that the term "did not renew her residency contract," is misleading and prejudicial. This is not an action for a breach of contract. The plaintiff was employed in a residency program that lasted six years; the termination of her residency contract after the first year precluded her from remaining in the residency program for the six years that both Plaintiff and Defendant expected her to complete. The proposed instruction should use language to the effect either that Defendant "terminated her employment" or did not "renew her residency contract, thus terminating her participation in the residency program."

**Defendant's Response to Plaintiff's Objections to Defendant's Proposed Instruction No. 3**

Plaintiff's proposals are inconsistent with the record evidence. While completion of the residency program would take six years, Plaintiff signed only a one year residency contract, which on its face states that UCMC "makes no contract to renew this contract. Reappointment is at the discretion of UCMC . . . .". (*See* MA Dec. Ex. A (¶¶ 1, 13)). There was no expectation that she would continue from year to year, and Defendant had the option each year to renew her contract or not. There is nothing prejudicial about Defendant's instruction. Indeed, suggesting, as has Plaintiff, that her employment was terminated fails to take into account that her residency contract was for one year and subject to renewal each year, and is unfairly prejudicial to Defendant. FED. R. EVID. 403.

.

In analyzing the testimony and evidence in this case, you must be mindful that Plaintiff's testimony as to her subjective beliefs regarding why Defendant did not renew her residency contract is not sufficient evidence upon which to base a verdict in her favor. If you find that her proof in this case is nothing more than her own subjective belief and speculation, then you must find for Defendant.

DISPUTED                                              Objected to_____
Defendant's Instruction No. 4                        Given_____
*Abuelyman v. Ill. State Univ.*,                     Given as Modified_____
667 F.3d 800, 812 (7th Cir. 2011);                   Refused_____
*Owens v. Bd. of Educ. of Chi.*,                     Withdrawn_____
No. 15 C 1089, 2016 U.S. Dist. LEXIS 119772,
at *13 (N.D. Ill. Sept. 6, 2016);
*Pough v. SBC Commc'n., Inc.*,
570 F. Supp. 2d 1006, 1015 (N.D. Ill. 2008)

**Plaintiff's Objections to Defendant's Proposed Instruction No. 4**

Plaintiff objects to Defendant's proposed Instruction No. 4 on the grounds that it is improper for the Court to call the jury's attention to particular pieces of evidence and admonish the jury that such evidence cannot support a verdict for plaintiff. Moreover, the proposed instruction improperly suggests that any testimony by plaintiff regarding the reasons for her termination is "speculative;" any such statement would constitute improper comment by the Court on the evidence.

While the instruction may be an accurate statement of the law, the defendant has not provided any authority for converting that statement of the law into a jury instruction. Indeed, none of the cases cited by defendant in support involved jury instructions. There is no Seventh Circuit pattern jury instruction capturing this statement of the law, nor should there be. Defendant has the ability to file a motion *in limine* or object to testimony at trial if it believes any evidence offered by Plaintiff is not relevant to her discrimination or retaliation claims.

**Defendant's Response to Plaintiff's Objections to Defendant's Proposed Instruction No. 4**

As Plaintiff admits, Defendant's proposed instruction accurately states the law.  Further, Defendant anticipates that much of Plaintiff's evidence will be her own subjective testimony in support of her claims, and the jury should be notified that such testimony alone is insufficient to support a verdict in Plaintiff's favor.

If you find that Plaintiff has proven her claim of national origin discrimination or her claim of retaliation by a preponderance of the evidence, the Court will determine whether she will be awarded any damages as past or future lost wages and benefits. You will not consider the amount of lost wages and benefits that Plaintiff might have received from the Defendant if she had not been discriminated against based on her national origin or retaliated against because she complained of national origin discrimination. This is an issue that will be determined by the Court alone.

DISPUTED
Defendant's Instruction No. 5
Seventh Circuit Pattern Instruction No. 3.11 (modified).
Defendant maintains that evidence concerning back/front pay should be presented only to and related amounts due, if any, should be determined/considered only by the Court. *See, e.g.*, *Pals v. Schepel Buick & GMC Truck, Inc.*, 220 F.3d 495, 500 (7th Cir. 2000) ("Back pay and front pay are equitable remedies…and therefore matters for the judge")

Objected to_____
Given_____
Given as Modified_____
Refused_____
Withdrawn_____

**Plaintiff's Objections to Defendant's Proposed Instruction No. 5**

Plaintiff objects to Defendant's proposed Instruction No. 5 on the grounds that Plaintiff seeks to have the issues of front pay and back pay presented to the jury. Plaintiff also objects on the grounds that if the Court keeps the question of back pay and front pay for its own determination, the jury will be so instructed by using Seventh Circuit Pattern Instruction No. 3.10. *See* FEDERAL CIVIL JURY INSTRUCTIONS OF THE SEVENTH CIRCUIT, § 3.10 (2015). *See also* Defendant's proposed Instruction No. 9. There is no need to advise the jury twice that the Court will determine issues of back pay and front pay.

Plaintiff has tendered proposed Instruction No. 7 as an alternative to Defendant's proposed Instruction No. 5.

**Defendant's Response to Plaintiff's Objections to Defendant's Proposed Instruction No. 5**

First, even if the jury does advise as to back and front pay as Plaintiff desires, which Defendant believes would be inappropriate in this case, Plaintiff does not include language in her compensatory damages instruction (Plaintiff's Instruction No. 8) which accounts for the fact that lost wages and benefits and compensatory damages are not the same and that lost wages and benefits should not be considered in determining the value of compensatory damages. Plaintiff has failed to take "care [] to distinguish front pay and lost future earnings, which serve different functions," and such failure could allow for double recovery, which is improper under Seventh Circuit precedent. *See* PATTERN FEDERAL CIVIL JURY INSTRUCTIONS OF THE SEVENTH CIRCUIT § 3.10, Committee Comment d (2015) (citing *Williams v. Pharmacia, Inc.*, 137 F.3d 944, 953-54).

Second, a separate instruction is appropriate here given the evidence that Defendant anticipates Plaintiff will attempt to present to the jury regarding her damages claims and alleged wage-related losses. If he is not barred, Plaintiff's expert, Dr. Killingsworth, will testify about Plaintiff's lost wages and earnings from the end of her first residency year through 2052. (*See* Docket No. 174, p. 4-5, Ex. 7 (¶ 1-2, 15)). Dr. Killingsworth makes no effort to distinguish in Plaintiff's lost earnings from the end of her residency through the date of verdict, or through the last possible day of the front pay period (June 30, 2017, when the full residency program ends) and his analysis lumps together all of Plaintiff's purported economic "losses" for a period of approximately 40 years. (*See* Docket No. 174, p. 4-5, 7-8.) Accordingly, whether or not the Court alone decides the issues of back and front pay and lost wages and benefits and Dr. Killingsworth is permitted to testify (and/or evidence regarding his conclusions are entered), it is important for the jury to understand that lost "wages" during the back and front pay periods are entirely separate

from the compensatory damages it will be charged with determining. Therefore, a separate instruction is appropriate.

If you find that Plaintiff has proven her claim of national origin discrimination or retaliation for complaining of national origin discrimination by a preponderance of the evidence, you may award her as damages any lost wages and benefits she would have received from the Defendant through [back pay period / front pay period (through June 2017 at latest)] if Defendant had not terminated her residency contract, minus the earnings and benefits that Plaintiff received from other employment or work during that time that she would not otherwise have received.

It is Plaintiff's burden to prove that she lost wages and benefits and their amount.  If she fails to satisfy her burden for any period(s) of time for which she seeks damages, then you may not award damages for that time period.

DISPUTED
Defendant's Instruction No. 6
Seventh Circuit Pattern Instruction No. 3.11 (modified).
Evidence concerning back/front pay should be presented only to and related amounts due, if any, should be determined/considered only by, the Court.  *see Pals v. Schepel Buick & GMC Truck, Inc.*, 220 F.3d 495, 500 (7th Cir. 2000) ("[b]ack pay and front pay are equitable remedies…and therefore matters for the judge").  Front pay, at the latest, if any, should terminate as of the end of June 2017 (when the residency program would have otherwise ended).  *Shick v. Ill. Dept. of Human Servs.*, 307 F.3d 605, 614 (7th Cir. 2002);  *see Williams v. Pharmacia*, 137 F.3d 944, 954 (7th Cir. 1998); *see also Garcia v. Sigmatron, Int'l, Inc.*, 130 F.Supp. 3d 1249, 1263 (N.D. Ill. 2015).  Defendant provides this draft instruction in an abundance of caution.  Bracketed language to be modified based on the evidence, if any, presented to the jury regarding back and/or front pay and/or Court determination regarding whether jury will advise/hear evidence on either issue.

Objected to_____
Given_____
Given as Modified_____
Refused _____
Withdrawn _____

**Plaintiff's Objections to Defendant's Proposed Instruction No. 6**

Plaintiff objects to Defendant's proposed Instruction No. 6 on the grounds that it deviates improperly from Seventh Circuit Pattern Instruction No. 3.11 relating to back pay and front pay. *See* FEDERAL CIVIL JURY INSTRUCTIONS OF THE SEVENTH CIRCUIT, § 3.11 (2015). The proposed instruction includes a direction to the jury of the precise period for which the plaintiff would be allowed to recover back and/or front pay. It is not proper for the court to direct the jury to calculate damages for any particular time period. None of the cases cited by defendant involved jury instructions and none support advising the jury of the appropriate time frame for a damages award.

Plaintiff has tendered proposed Instruction No. 7 as an alternative to Defendant's proposed Instruction No. 6.

**Defendant's Response to Plaintiff's Objections to Defendant's Proposed Instruction No. 6**

Here, unlike in many cases, and which is not contemplated by Pattern Instruction 3.11, the maximum duration of the front pay period is set, as a matter of law, as the complete residency program (in which Plaintiff participated for one year) will end in June 2017. Plaintiff is not entitled to front pay beyond that date, and should the jury be permitted to advise on front and back pay, the jury instruction should specify the maximum duration of that period so as to ensure that any award that could issue is commensurate with the potential period of loss. *See Schick v. Ill. Dept. of Human Servs*, 307 F.3d 605, 614 (7th Cir. 2002).

In addition, it is important for the jury to understand the difference between the period applicable to Plaintiff's alleged "lost wages," which is the back and front pay period, and the period applicable to her alleged "lost future earnings," which are compensatory damages. This is particularly important because her expert does not distinguish between the two, which is confusing and could lead to the possibility of double recovery. *See* Defendant's Response to Plaintiff's prior objection.

Plaintiff's Instruction Number 7 does not account for the above. In addition, it does not – as provided for by Pattern Instruction 3.11 – specify that it is Plaintiff's burden to prove entitlement to lost wages and benefits, and their amounts, and that she cannot recover same for any periods of time in which that burden is not satisfied. Further, neither Plaintiff's Instruction Numbers 7 or 8, nor any of her other instructions, make clear that the issues of lost wages/benefits and compensatory damages are separate and distinct, which could result in double recovery in contravention of Seventh Circuit precedent and Title VII. *See* FEDERAL CIVIL JURY INSTRUCTIONS OF THE SEVENTH CIRCUIT § 3.10, Committee Comment d (2015) (citing *Williams v. Pharmacia, Inc.*, 137 F.3d 944, 953-54).

Defendant argues that Plaintiff's claim for lost wages and benefits should be reduced by amounts she would have been paid had she obtained a residency position in another residency program.

If you find that Plaintiff:

    1.    did not take reasonable actions to reduce her damages, and

    2.    that Plaintiff reasonably might have found comparable employment or a residency position in another residency program, if she had taken such action,

You should reduce by any amount you might award Plaintiff for lost [wages] [benefits] [other damages] by the amount Plaintiff reasonably would have earned during the period for which you are awarding [lost wages] [benefits] [other damages].

Defendant must prove both that the reduction should be made and its amount.

DISPUTED
Defendant's Instruction No. 7
Seventh Circuit Pattern Instruction No. 3.12 (modified). Evidence concerning back/front pay should be presented only to and related amounts due, if any, should be determined/considered only by, the Court. *see Pals v. Schepel Buick & GMC Truck, Inc.*, 220 F.3d 495, 500 (7th Cir. 2000) ("[b]ack pay and front pay are equitable remedies…and therefore matters for the judge"). Front pay, at the latest, if any, should terminate as of the end of June 2017 (when the residency program would have otherwise ended). *Shick v. Ill. Dept. of Human Servs.*, 307 F.3d 605, 614 (7th Cir. 2002); *see Williams v. Pharmacia*, 137 F.3d 944, 954 (7th Cir. 1998); *see also Garcia v. Sigmatron, Int'l, Inc.*, 130 F.Supp. 3d 1249, 1263 (N.D. Ill. 2015). Defendant provides this draft instruction to be used only if the Court decides to present the question to an advisory jury. Bracketed language to be modified based on the evidence, if any, presented to the jury regarding back and/or front pay and/or Court determination regarding whether jury will advise/hear evidence on either issue.

Objected to_____
Given_____
Given as Modified_____
Refused _____
Withdrawn _____

**Plaintiff's Objections to Defendant's Proposed Instruction No. 7**

Plaintiff objects to Defendant's proposed Instruction No. 7 on the grounds that it deviates improperly from Seventh Circuit Pattern Instruction No. 3.12 relating to mitigation. The statement in item number 2 should read, "that Plaintiff might reasonably have found comparable employment in a residency program had she taken such action." *See* FEDERAL CIVIL JURY INSTRUCTIONS OF THE SEVENTH CIRCUIT, § 3.12 (2015).

**Defendant's Response to Plaintiff's Objections to Defendant's Proposed Instruction 7**

Plaintiff does not explain how Defendant's instruction is improper and only offers her

own suggested revision without support of same.  Defendant's instruction is proper.

Defendant contends that on December 4, 2013 it learned that a tape recording of the May 16, 2012 grievance hearing was made on Plaintiff's behalf. Defendant also contends that on March 7, 2014, it learned that Plaintiff made a tape recording of a discussion between her and Dr. Song that took place on May 7, 2012. Defendant further contends that on May 10, 2013, it learned that Plaintiff provided confidential protected patient health information regarding Defendant's patients to her husband and to a friend.

Defendant argues that if Plaintiff had continued in UCMC's Plastic and Reconstructive Surgery residency program beyond June 2012, it would have terminated her from the residency program:

(a)      on December 4, 2013, when Defendant contends it learned that a tape recording of the May 16, 2012 grievance hearing was made on her behalf and/or she made use of that recording;

(b)      on March 7, 2014, when Defendant contends it learned that Plaintiff made a tape recording of a May 7, 2012 discussion between Dr. Song and herself; and/or

(c)      on May 10, 2013, when Defendant contends it learned that Plaintiff provided confidential protected patient health information regarding Defendant's patients to her husband and to a friend.

You must decide whether Defendant has proved all of the following by a preponderance of the evidence:

1.      That Plaintiff engaged in the conduct described in (a), (b) and/or (c) above; and

2.      That Plaintiff's conduct as described in (a), (b) and/or (c) above would have resulted in Plaintiff's termination from the residency program if Defendant had known about it.

If you find that Defendant proved points 1. and 2. above by a preponderance of the evidence for purposes of the circumstances described in (a), (b) and/or (c) above, then you must limit your

award of Plaintiff's lost wages and benefits, if any, to the time period of July 2012 through the

date on which you determine Defendant would have terminated Plaintiff's residency contract (then

in effect) and her participation in the residency program due to her conduct as described in (a), (b)

<u>and/or</u> (c) above.

| | |
|---|---|
| DISPUTED | Objected to_____ |
| Defendant's Instruction No. <u>8</u> | Given_____ |
| *See Sheehan v. Donlen Corp*. 173 F.3d 1039, 1047 (7th | Given as Modified_____ |
| Cir. 1999); *Rodriguez v. City of Chi.*, No. 08 CV 4710, | Refused _____ |
| 2001 WL 1103864, at *14 (N.D. Ill. Mar. 25, 2011). | Withdrawn _____ |
| Evidence concerning back/front pay (and relatedly, after | |
| acquired evidence affirmative defense) and related | |
| amounts due, if any, should be determined/considered | |
| only by, the Court. *See Pals v. Schepel Buick & GMC* | |
| *Truck, Inc.*, 220 F.3d 495, 500 (7th Cir. 2000) ("[b]ack | |
| pay and front pay are equitable remedies…and therefore | |
| matters for the judge"). Defendant provides this draft | |
| instruction to be used only if the Court decides to present | |
| the question to an advisory jury. | |

**Plaintiff's Objections to Defendant's Proposed Instruction No. 8**

Plaintiff objects to Defendant's proposed Instruction No. 8 on the grounds that it is confusing and misstates the law regarding after-acquired evidence.

The instruction is improper because it states that the defendant must prove that the Dr. Artunduaga's conduct would have resulted in her termination from the residency program. By using the passive voice the instruction does not properly instruct the jury that the Defendant must prove that it would actually have terminated Dr. Artunduaga from the residency program in light of the alleged conduct. "Proving that the same decision would have been justified … is not the same as proving that the same decision would have been made." *Sheehan v. Donlen Corp.*, 173 F.3d 1039, 1048 (7th Cir. 1999)(quoting *Price Waterhouse v. Hopkins*, 490 U.S. 228, 252 (1989)). The instruction should include a sentence to the effect, "It is not sufficient for the Defendant to show that it could have terminated Plaintiff from the residency program; the Defendant must show by a preponderance of the evidence that it actually would have terminated Plaintiff from the residency program because of her alleged conduct."

Plaintiff also objects to the proposed instruction because it states that the jury must conclude that Plaintiff would have been terminated had Defendant known of the conduct. That is not the standard. The standard is that Defendant must prove by a preponderance of the evidence that it would actually have terminated Plaintiff from the residency program at the time it learned of the alleged conduct. *See Sheehan,* 173 F.3d at 1047.

**Defendant's Response to Plaintiff's Objections to Defendant's Proposed Instruction No. 8**

Defendant properly states its burden as appropriate to show that it would have terminated Plaintiff from the residency program if it had known of her misconduct on the dates referenced above. Defendant does not suggest, as Plaintiff provides, that its burden is only to show that it "could have terminated" Plaintiff from the program but that it would have terminated her from the program. *See* Point 2 above.

Plaintiff cites no authority in support of her additional suggested language and the use of "actually," in particular, misstates Defendant's burden and is unfairly prejudicial to Defendant. FED. R. EVID. 403. Defendant has also stated the dates on which it learned of Plaintiff conduct, which would have resulted in her termination on or around the same date.

You may award compensatory damages only for injuries that Plaintiff has proved by a preponderance of the evidence were caused by Defendant's discrimination against Plaintiff based on her national origin and/or retaliation against Plaintiff because she complained of national origin discrimination.

Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

In calculating compensatory damages, you should not consider the issue of lost wages and benefits. The Court will calculate and determine any damages for past or future lost wages and benefits.

You should consider the following types of compensatory damages, and no others:

1. The physical and mental/emotional pain and suffering that Plaintiff has experienced and is reasonably certain to experience in the future that was caused by Defendant's discrimination against Plaintiff because of her national origin or Defendant's retaliation against Plaintiff because she complained of national origin discrimination. No evidence of the dollar value of physical or mental/emotional pain and suffering has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate Plaintiff for the injury she has sustained.

2. The reasonable value of medical care that Plaintiff reasonably needed and actually received that was caused by Defendant's discrimination against Plaintiff because of her national origin or retaliation against Plaintiff because she complained of national origin discrimination.

3.  The present value of the reduction in Plaintiff's future earning capacity that was caused by Defendant's discrimination against Plaintiff because of her national origin or retaliation against Plaintiff because she complained of national origin discrimination.

DISPUTED
Defendant's Instruction No. 9
Seventh Circuit Pattern Instruction No. 3.10
(modified); *see Williams v. Pharmacia*, 137 F.3d 944,
953-54 (7th Cir. 1998); *see also Merriweather v. Family
Dollar Stores of Indiana, Inc.*, 103 F.3d 576, 581 (7th Cir.
1996).  Evidence concerning back/front pay and related
amounts due, if any, should be determined/considered
only by, the Court.  *See Pals v. Schepel Buick & GMC
Truck, Inc.*, 220 F.3d 495, 500 (7th Cir. 2000) ("[b]ack
pay and front pay are equitable remedies…and therefore
matters for the judge").

Objected to_____
Given_____
Given as Modified_____
Refused _____
Withdrawn _____

**Plaintiff's Objections to Defendant's Proposed Instruction No. 9**

Plaintiff objects to Defendant's proposed Instruction No. 9 on the grounds that it includes language that the jury should not consider back pay or front pay, as Plaintiff seeks to have the jury make this determination. Plaintiff also objects to the proposed instruction because it does not instruct the jury that it can award damages for plaintiff's educational expenses. *See* Plaintiff's Proposed Instruction No. 6.

Plaintiff also objects to the proposed instruction in that it improperly deviates from the Seventh Circuit Pattern Instruction No. 3.10 by inserting the phrase "was caused by" in the itemized descriptions of the types of compensatory damages recoverable. *See* FEDERAL CIVIL JURY INSTRUCTIONS OF THE SEVENTH CIRCUIT, § 3.10 (2015). The pattern instruction makes clear that Plaintiff may only recover damages for injuries caused by Defendant's wrongful conduct; there is no need to repeat the causation element in the description of types of compensatory damages. Id.

Plaintiff also objects to the proposed instruction on the grounds that it does not include a potential award for the reasonable value of medical care Plaintiff will need in the future because of Defendant's wrongful conduct.

Plaintiff has tendered proposed Instruction No. 6 as an alternative to Defendant's proposed Instruction No. 9.

**Defendant's Response to Plaintiff's Objections to Defendant's Proposed Instruction No. 9**

The language regarding lost wages and benefits that Defendant included is part of Pattern Instruction 3.10, and issues of back and front pay should be decided by the Court. *See Pals v. Schepel Buick & GMC Truck, Inc.*, 220 F.3d 495, 500 (7th Cir. 2000); *see* FEDERAL CIVIL JURY INSTRUCTIONS OF THE SEVENTH CIRCUIT §3.10 (2015).

The issue of causation is particularly important in the instant case where there are reasons entirely unrelated to Plaintiff's claims of wrongdoing by Defendant that have caused the types of alleged compensatory damages Plaintiff hopes to pin on Defendant. For example, and as set forth in Defendant's Response to Plaintiff's Motion in Limine 2, there are a variety of potential causes for Plaintiff's alleged emotional distress (and the treatment concerning same). In addition, Defendant cannot be liable for Plaintiff's educational expenses, as they were incurred because Plaintiff failed to take reasonable and appropriate steps to obtain alternative employment and sabotaged her own efforts to do so. Further, Plaintiff cannot prove that such educational expenses beyond her medical degree were reasonably incurred or required. Accordingly, it must be made clear to the jury that the damages Plaintiff seeks must have been caused by Defendant's alleged discrimination and retaliation in each instance.

Defendant objects to the inclusion of any reference to Plaintiff's alleged educational expenses and future medical expenses as Plaintiff will not be able to establish that Defendant is responsible for such damages.

If you find for Plaintiff, you may, but are not required to, assess punitive damages against Defendant. The purposes of punitive damages are to punish a defendant for its conduct and to serve as an example or warning to Defendant and others not to engage in similar conduct in the future.

Plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against Defendant. You may assess punitive damages only if you find that the conduct of Dr. David Song was taken in reckless disregard of Plaintiff's rights. An action is taken in reckless disregard of Plaintiff's rights if taken with knowledge that it may violate the law. You should not, however, award Plaintiff punitive damages if Defendant proves that it made a good faith effort to implement an antidiscrimination policy.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward either/any party. In determining the amount of any punitive damages, you should consider the following factors:

- the reprehensibility of Defendant's conduct;

- the impact of Defendant's conduct on Plaintiff;

- the relationship between Plaintiff and Defendant;

- the likelihood that Defendant would repeat the conduct if an award of punitive damages is not made; and

- the relationship of any award of punitive damages to the amount of actual harm the Plaintiff suffered.

DISPUTED                                          Objected to_____
Defendant's Instruction No. <u>10</u>            Given_____

Seventh Circuit Pattern Instruction No. 3.13(modified); *David v. Caterpillar, Inc.*, 324 F.3d 851, 865 (7th Cir. 2003).

Given as Modified_____
Refused_____
Withdrawn_____

**Plaintiff's Objections to Defendant's Proposed Instruction No. 10**

Plaintiff objects to Defendant's Proposed Instruction No. 10 on the grounds that it deviates improperly from Seventh Circuit Pattern Instruction No. 3.13 relating to punitive damages.  *See* FEDERAL CIVIL JURY INSTRUCTIONS OF THE SEVENTH CIRCUIT, § 3.13 (2015).

Plaintiff also objects to the proposed instruction on the grounds that punitive damages are assessed against the defendant, UCMC, and it is prejudicial to suggest to the jury – by singling out Dr. Song – that Dr. Song would be responsible for paying a punitive damage award. Moreover, Dr. Song has taken the position that he did not make the termination decision on his own but that other attendings in the PRS section also made the decision.

The proposed instruction includes some, but not all, of the bracketed language from paragraph 3 of the pattern instruction.  The committee comments to the pattern instruction make clear that this language should only be included "where there is an issue whether an employee was acting in a managerial capacity."  *See* FEDERAL CIVIL JURY INSTRUCTIONS OF THE SEVENTH CIRCUIT, § 3.13 (2015), comment e.  There is no question here that either Dr. Song – or any other attending in the PRS section – was acting in a managerial capacity when making the decision to terminate Dr. Artunduaga.  Thus, Defendant is not entitled to raise a defense of implementation in a good faith of an antidiscrimination policy.

Plaintiff has tendered proposed Instruction No. 8 as an alternative to Defendant's proposed Instruction No. 10.

**Defendant's Response to Plaintiff's Objections to Defendant's Proposed Instruction No. 10**

Here, Plaintiff accuses Dr. Song of discrimination and retaliation. *See* FEDERAL CIVIL JURY INSTRUCTIONS OF THE SEVENTH CIRCUIT, § 3.13 (2015). To the extent the evidence at trial establishes that Plaintiff accuses managerial employees *other than* Dr. Song of discrimination and retaliation, Instruction Number 10 can be so modified.

The language regarding Defendant's good faith efforts to implement an anti-discrimination policy is relevant and appropriate. Indeed, it is pertinent to Defendant's *Kolstad* defense, which provides that "an employer may not be vicariously liable [for punitive damages] for the discriminatory employment decisions of *managerial agents* where these decisions are contrary to the employer's 'good faith efforts to comply with Title VII.'" *Cooke v. Stefani Mgmt. Servs., Inc.*, 250 F.3d 564, 568 (7th Cir. 2001) (emphasis added) (quoting *Kolstad v. ADA*, 527 U.S. 526, 545, 119 S.Ct. 2118 (1999)). The reference in Committee Comment e to the pattern instruction provides: "[w]here there is an issue as to whether an employee was acting in a managerial capacity justifying the imposition of punitive damages, the *relevant* bracketed portion of the instruction should be included." FEDERAL CIVIL JURY INSTRUCTIONS OF THE SEVENTH CIRCUIT, § 3.13, Comment e (2015) (emphasis added). *Hertzberg v. SRAM Corp.*, page 663 of which is cited in Comment e in support of this proposition, concerns the factors to be considered when determining whether an actor accused of discrimination is a managerial agent of the defendant, and thereafter briefly, but not in full on that page, goes on to analyze whether the *Kolstad* defense was satisfied once it was determined that the actor in question *was* a managerial agent. *See* 261 F.3d 651, 663 (7th Cir. 2001). The "relevant" bracketed language referred to in the instruction, then, is only as follows: [Plaintiff must prove by a preponderance of the evidence that Defendant's [managerial employees, officers] acted within the scope of their employment and in reckless disregard of

Plaintiff's right not to be [discriminated and/or retaliated] against. [In determining whether [*Name*] was a managerial employee of Defendant, you should consider the kind of authority Defendant gave him, the amount of discretion he had in carrying out his job duties and the manner in which he carried them out.] FEDERAL CIVIL JURY INSTRUCTIONS OF THE SEVENTH CIRCUIT, § 3.13 (2015). (The inclusion of such language may ultimately be appropriate depending on the evidence presented by Plaintiff at trial and whom, exactly, she claims discriminated against her and retaliated against her).

To prove her national origin discrimination claim, Plaintiff will have to prove by a preponderance of the evidence that Defendant did not renew her residency contract because of her Colombian national origin.  To prove her retaliation claim, Plaintiff will have to prove by a preponderance of the evidence that she complained to Defendant about national origin discrimination and that Defendant did not renew her residency contract because she complained about national origin discrimination.  When I say that Plaintiff must prove something by a "preponderance of the evidence," it means that when you have considered all of the evidence in the case, you must be persuaded that Plaintiff's claim is more probably true than not true.

At the end of the trial I will give you a final instruction on these matters.  If there is any difference between what I just told you and what I tell you in the instructions I give you at the end of the trial, the instructions given at the end of the trial will govern.

*Province of Judge and Jury*

Do not allow sympathy, prejudice, fear or public opinion to influence you. You should not be influenced by any person's race, color, religion, national ancestry, or sex.

*Evidence in the Case*

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and any facts that I may instruct you to find or the parties may agree or stipulate to.

A stipulation is an agreement between both sides that certain facts are true.

*Credibility of Witnesses*

You will have to decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also have to decide what weight, if any, you give to the testimony of each witness.

*Direct and Circumstantial Evidence*

You may have heard the phrases "direct evidence" and "circumstantial evidence."  Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, <u>direct evidence</u> that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining."  <u>Circumstantial evidence</u> that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. When the time comes to deliberate on your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

*Inferences*

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this an "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

*What is Not Evidence; Evidence for a Limited Purpose*

The following things are not evidence, and you must not consider them as evidence in deciding the facts of this case: the attorneys' statements, arguments, questions and objections; any testimony that I instruct you to disregard; and anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for one particular purpose, and not for any other purpose. I will tell you when that occurs, and instruct you on the purposes for which the item can and cannot be used. You should also pay particularly close attention to such an instruction, because it may not be available to you in writing later in the jury room.

Defendant's Instruction No. 11     Objected to_____
Federal Civil Jury Instructions of the Seventh Circuit Given_____
Sample Preliminary Instructions (modified)  Given as Modified_____
                 Refused_____
                 Withdrawn_____

**Plaintiff's Objection to Defendant's Proposed Instruction No. 11**

Plaintiff objects to these paragraphs being used in the preliminary instructions to the jury on the grounds that the jury will be instructed on these issues at the close of trial after all evidence is in.  None of these issues will be necessary for the jury to understand the procedure of the trial or how to consider the evidence in general.

**Defendant's Response to Plaintiff's Objection to Defendant's Proposed Instruction No. 11**

These instructions are relevant and important to help the jury understand from the outset the basics of what they will be asked to decide, the burden that Plaintiff must meet and other matters that are important and set the tone for trial, per the fact that they are included in the pattern preliminary instructions. *See* FEDERAL CIVIL JURY INSTRUCTIONS OF THE SEVENTH CIRCUIT, SAMPLE PRELIMINARY INSTRUCTIONS. The substance of these instructions is standard and will not vary based on evidence presented at trial.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DR. MARIA ARTUNDUAGA,

Plaintiff,

v.

THE UNIVERSITY OF CHICAGO
MEDICAL CENTER,

Defendant.

No. 12 C 8733

Judge Amy St. Eve
Magistrate Judge Sidney I. Schenkier

## **DEFENDANT'S PROPOSED VERDICT FORM**

<u>Question 1</u>. Has Plaintiff proven by a preponderance of the evidence that Defendant discriminated against her because of her Colombian national origin by not renewing her residency contract?

YES _____     NO _____

<u>Question 2</u>. Has Plaintiff proven by a preponderance of the evidence both (a) that she complained to Defendant of national origin discrimination <u>and</u> (b) that Defendant did not renew her residency contract because she complained about national origin discrimination?

YES _____     NO _____

**If you answered NO to Questions 1 <u>and</u> 2, each juror must sign the verdict form.  Do NOT answer any additional questions.**

**If you answered YES to Questions 1 <u>or</u> 2, answer the additional questions below as directed.**

Question 3.[1]  Has Plaintiff proven by a preponderance of the evidence both (a) that she is entitled to lost wages or benefits from Defendant from the end of her residency contract on June 30, 2012 through the date of your verdict and (b) the dollar amount of her lost wages or benefits from the end of her residency contract in June 30, 2012 through the date of your verdict?

YES _____        NO _____

If YES, enter the amount of the lost wages and benefits you award to Plaintiff for this time period: $_____.

If NO, do not enter a dollar amount.

****

Question 4.  Has Plaintiff proven by a preponderance of the evidence that she is entitled to lost wages or benefits from Defendant from the date of your verdict through another date ending on or before June 30, 2017?

YES _____        NO _____

If YES, answer Questions 4A.

If NO, do not answer Questions 4A.

Question 4A.  Please state (i) the end date of the period through which Plaintiff has proven by a preponderance of the evidence that she is entitled to lost wages or benefits from Defendant, keeping in mind that the end date must be on or before June 30, 2017 and (ii) the amount of lost wages and benefits you award Plaintiff for this period:

(i) End date: _____

---

[1] **Questions 3-6 relate to back pay, front pay, mitigation and Defendant's after acquired evidence defense and should not be presented to the jury, but are offered here for consideration if the Court permits an advisory jury on these issues.**

(ii) Amount of lost wages and benefits you award to Plaintiff for the period of your verdict through the end date you provided above: $_____.

\*\*\*\*

Answer Question 5 only if you entered a dollar amount in response to Questions 3 and/or 4A.

Question 5.  Has Defendant proven by a preponderance of the evidence (a) that Plaintiff did not take reasonable actions to reduce her lost wages and benefits and (b) that she might have reasonably found comparable employment or a residency position in another residency program if she took such reasonable actions?

YES _____        NO _____

If YES, answer Question 5A.

If NO, do not answer Question 5A.

Question 5A.  Has Defendant proven by a preponderance of the evidence the amount by which Plaintiff's lost wages and benefits should be reduced due to her failure to take reasonable actions to reduce those damages?

YES _____        NO _____

If YES, enter the total amount by which you find that Plaintiff's lost wages and benefits (as identified by you in response to 3 and 4A, combined) should be reduced: $_____.

If NO, do not enter a dollar amount.

\*\*\*\*

Answer Question 6A, 6B and 6C only if you entered a dollar amount in response to Questions 3 and/or 4A.

Question 6.  Has Defendant proven by a preponderance of the evidence that if Plaintiff remained in the residency program after June 2012, it would have terminated her from the program on or about December 4, 2013, the date it contends it discovered that the May 16, 2012 grievance hearing was taped on her behalf and/or she made use of the recording?

YES _____  NO _____

Question 6B.  Has Defendant proven by a preponderance of the evidence that if Plaintiff remained in the residency program after June 2012, it would have terminated her from the program on or about March 7, 2014, the date it contends it discovered that she taped a May 7, 2012 discussion between Dr. Song and her and/or made use of the recording?

YES _____  NO _____

 Question 6C.  Has Defendant proven by a preponderance of the evidence that if Plaintiff remained in the residency program after June 2012, it would have terminated her from the program on or about May 10, 2013, the date it contends that it discovered that she provided confidential protected patient health information regarding Defendant's patients to her husband and to a friend?

YES _____  NO _____

****

Answer Question 7 only if you answered YES to Questions 1 or 2.

Question 7:  Has Plaintiff proven by a preponderance of the evidence that she incurred compensatory damages that were caused by Defendant's discrimination against her because of her national origin and/or retaliation against her because she complained of national origin discrimination?

YES _____    NO _____

If YES, answer Question 7A.

If NO, do not answer Question 7A.

Question 7A.  For each type of compensatory damage listed in (i) – (iii) below, enter the dollar amount, if any, that you determine Plaintiff has proven by a preponderance of the evidence was caused by Defendant's national origin discrimination against Plaintiff and/or its retaliation against Plaintiff because she complained of national origin discrimination.  Enter no dollar amount if Plaintiff has not proven entitlement to the particular type of compensatory damage by a preponderance of the evidence.

Types of compensatory damages and value:

(i).    Physical and mental/emotional pain and suffering that Plaintiff has experienced and is reasonably expected to experience because Defendant discriminated against her because of her national origin and/or retaliated against her because she complained of national origin discrimination: $_____.

(ii).    Reasonable value of medical care that Plaintiff reasonably needed and actually received because Defendant discriminated against her because of her national origin and/or retaliated against her because she complained of national origin discrimination: $_____.

(iii).    Present value of the reduction in Plaintiff's future earning capacity caused by Defendant's discrimination against her because of her national origin and/or retaliation against her because she complained of national origin discrimination:: $_____.

****

Answer Question 8 only if you answered YES to Questions 1 or 2.

Question 8.  Has Plaintiff proven by a preponderance of the evidence that Dr. Song's conduct was taken in reckless disregard of Plaintiff's rights not to be subject to national origin discrimination and/or retaliation because she complained of national origin discrimination?

YES _____      NO _____

If YES, answer Question 8A.

If NO, do not answer Question 8A.

Question 8A.  Has Defendant proven by a preponderance of the evidence that it made a good faith effort to implement an antidiscrimination policy?

YES _____      NO _____

If YES, do not answer question 8B.

If NO, answer question 8B.

Question 8B.  Should punitive damages be assessed against Defendant?

YES _____      NO _____

If YES, enter the amount of punitive damages: $_____.

If NO, do not enter a dollar amount.

**Each Juror must sign below:**

_____

PRESIDING JUROR

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

<u>**Plaintiff's Objections to Defendant's Proposed Verdict Form**</u>

Plaintiff objects to Defendant's Proposed Verdict Form on the grounds that it is unnecessarily complicated and confusing. The six-page Verdict Form requires the jury to find its way through a maze of special interrogatories, the responses to which are dependent on the answers to questions determined sometimes pages before. This complicated form increases the possibility of an inconsistent verdict, a result that should be avoided at all costs. *See Freeman v. Chicago Park Dist.*, 189 F.3d 613, 615 (7th Cir. 1999). This is not a complicated case and a general verdict, as proposed by Plaintiff, will suffice to assure that "all fact issues have been resolved in favor of the prevailing party." *Id.* (quoting *Dual Mfg. & Eng'g., Inc. v. Burris Indus., Inc.*, 619 F.2d 660, 667 (7th Cir. 1980).

**Objection to Question 1**

Plaintiff objects to Question 1 on the grounds that the term "not renewing her residency contract," is misleading and prejudicial. This is not an action for a breach of contract; the plaintiff was employed in a residency program that lasted six years; the termination of her residency contract after the first year precluded her from remaining in the residency program for the six years that both Plaintiff and Defendant expected her to complete. The question should use language to the effect either that Defendant "terminated her employment" or did not "renew her residency contract, thus terminating her participation in the residency program."

**Objection to Question 2**

Plaintiff objects to Question 2 on the grounds that the term "did not renew her residency contract," is misleading and prejudicial. This is not an action for a breach of contract; the plaintiff was employed in a residency program that lasted six years; the termination of her

residency contract after the first year precluded her from remaining in the residency program for the six years that both Plaintiff and Defendant expected her to complete. The question should use language to the effect either that Defendant "terminated her employment" or did not "renew her residency contract, thus terminating her participation in the residency program."

Plaintiff further objects to Question 2 on the grounds that it is unnecessary for the jury to decide separately whether the Plaintiff has proved that she complained about national origin discrimination. *See* FEDERAL CIVIL JURY INSTRUCTIONS OF THE SEVENTH CIRCUIT, § 3.02 (2015).

**Objections to Questions 3 and 4 (including subparts)**

Plaintiff objects to Questions 3 and 4, including all subparts, on the grounds that these questions are confusing. Question 3 asks the jury to determine whether Plaintiff has proven entitlement to lost wages or benefits from June 2012 through the date of the verdict; question 4 asks the same question starting with the date of the verdict through another date ending on or before June 2017. The opportunity for inconsistent verdicts is clear from these questions. The jury could answer no to question 3 and yes to question 4, in essence finding that plaintiff is not entitled to back pay, but is entitled to front pay. Also, separate questions under 3 and 4, seeking amounts of lost wages and benefits could confuse the jury and lead to further inconsistencies; the jury may not understand that different amounts should be awarded under these questions.

**Objections to Question 5 (including subparts)**

Plaintiff objects to Question 5 on the grounds that Defendant will not introduce sufficient evidence at trial for its mitigation defense to go to the jury.

**Objections to Question 6 (including subparts)**

Plaintiff objects to Question 6 – relating to Defendant's after-acquired evidence defense – on the grounds that Defendant will not introduce sufficient evidence at trial for its after-acquired evidence defenses to go to the jury. Plaintiff also objects to Question 6 on the grounds that the questions do not separate out each element that Defendant is required to establish to prove its defense, unlike questions posed with respect to Plaintiff's damages, for example. Thus, Question 6 should include a separate question first as to whether Defendant proved that a tape recording of the May 2012 grievance hearing had been made on her behalf and then ask whether Defendant proved that it would have terminated Plaintiff once it learned the tape had been made. Similar questions should be added to Questions 6B and 6C.

### Objections to Question 7 (including subparts)

Plaintiff objects to Question 7A(ii) on the grounds that it does not include a potential award for the reasonable value of medical care Plaintiff will need in the future because of Defendant's wrongful conduct.

### Objections to Question 8 (including subparts)

Plaintiff objects to Question 8 on the grounds that punitive damages are assessed against the defendant, UCMC, and it is prejudicial to suggest to the jury – by singling out Dr. Song – that Dr. Song would be responsible for paying a punitive damage award. Moreover, Dr. Song has taken the position that he did not make the termination decision on his own but that other attendings in the PRS section also made the decision.

Plaintiff objects to Question 8A on the grounds the question whether Defendant implemented an antidiscrimination policy should be answered only in those instances where

there is a question whether the actors were acting in a managerial capacity. *See* FEDERAL CIVIL JURY INSTRUCTIONS OF THE SEVENTH CIRCUIT, § 3.13 (2015), comment e.

**Defendant's Responses to Plaintiff's Objections to Defendant's Proposed Verdict Form**

Any complication in Defendant's Verdict Form will be resolved by the Court's determination that issues of back and front pay, and the related issues of mitigation and after acquired evidence, will be heard and decided by the Court alone. Plaintiff's Verdict Form is insufficient, as it does not account for a variety of important factors, including whether Plaintiff has met her burden for purposes of her claims or damages, mitigation or after acquired evidence. *See* Defendant's Objections to Plaintiff's Verdict Forms.

**Response to Plaintiff's Objection to Question 1**

Plaintiff's proposals are inconsistent with the record evidence. While completion of the residency program would take six years, Plaintiff signed only a one year residency contract. There was no reasonable expectation that she would continue from year to year, and, per Plaintiff's residency contract, Defendant had the option to renew that contract each year of the six year period it would take to complete the full program. (*See* Docket No. 88, PX 1 (Declaration of Dr. Maria Artunduaga ("MA Dec.") ¶ 2, Ex. A (¶¶ 1, 13)). There is nothing prejudicial about Defendant's instruction. Indeed, suggesting, as has Plaintiff, that her employment was terminated fails to take into account that her residency contract was for one year and subject to renewal each year, and is unfairly prejudicial to Defendant. FED. R. EVID. 403.

**Response to Plaintiff's Objection to Question 2**

Plaintiff's proposals are inconsistent with the record evidence. While completion of the residency program would take six years, Plaintiff signed only a one year residency contract. There was no reasonable expectation that she would continue from year to year, and, per Plaintiff's residency contract, Defendant had the option to renew that contract each year of the six year period it would take to complete the full program. (*See* MA Dec. ¶ 2 (Ex. A ¶¶ 1, 13)). There is nothing prejudicial about Defendant's instruction. Indeed, suggesting, as has Plaintiff, that her

employment was terminated fails to take into account that her residency contract was for one year and subject to renewal each year, and is unfairly prejudicial to Defendant. FED. R. EVID. 403.

Further, there is a dispute as to whether Plaintiff complained to UCMC about alleged national origin discrimination before the decision to not renew her contract was made. It is Plaintiff's burden to establish both that she complained of national origin discrimination and that she was retaliated against for complaining of national origin discrimination. Absent satisfaction of both elements, Plaintiff cannot succeed on her retaliation claim, and the jury should not be misled to conclude otherwise. *See Gleason v. Mesirow Fin.*, 118 F.3d 1134, 1146-47 (7th Cir. 1997) (confirming that failure to engage in protected activity defeated Title VII retaliation claim); *see also Hernandez v. HCH Miller Park Joint Venture*, 418 F.3d 732, 737 (7th Cir. 2005) (same); *see* FED. R. EVID. 403.

## Defendant's Response to Plaintiff's Objections to Questions 3 and 4 (including subparts)

Back and front pay are issues for the jury, and not the Court. *See, e.g.*, *Pals v. Schepel Buick & GMC Truck, Inc.*, 220 F.3d 495, 500 (7th Cir. 2000). However, should the jury be asked to advise as to Plaintiff's back and front pay damages, it is appropriate to separate out each type of damage claim, particularly where, as here, the maximum duration of the front pay period ends on June 30, 2017, when the complete residency program in which Plaintiff started will end. *See Schick v. Ill. Dept. of Human Servs*, 307 F.3d 605, 614 (7th Cir. 2002). It is also appropriate to ask the jury for its assessment as to the value of Plaintiff's lost wages and benefits claims; Plaintiff herself asks for a single number (for both back and front pay) in her instructions.

## Defendant's Response to Plaintiff's Objections to Question 5 (including subparts)

Defendant will introduce sufficient evidence at trial for its mitigation defense to go to the jury.

**Defendant's Response to Plaintiff's Objections to Questions 6 (including subparts)**

Defendant will introduce sufficient evidence at trial for its after-acquired evidence defense to go to the jury. Separating out each element, as Plaintiff suggests, will only further complicate Defendant's verdict form (about which Plaintiff already complains). Further, the question makes clear what the jury must find.

**Defendant's Response to Plaintiff's Objections to Question 7 (including subparts)**

Plaintiff will not be able to introduce evidence that Defendant is responsible for any alleged future medical expenses, and no such question regarding same is appropriate.

**Defendant's Response to Plaintiff's Objections to Question 8**

Here, Plaintiff accuses Dr. Song of discrimination and retaliation. *See* FEDERAL CIVIL JURY INSTRUCTIONS OF THE SEVENTH CIRCUIT, § 3.13 (2015). To the extent the evidence at trial establishes that Plaintiff accuses managerial employees *other than* Dr. Song of discrimination and retaliation, the verdict form (and proposed instruction) can be so modified.

Question 8A is relevant and appropriate. Indeed, it is pertinent to Defendant's *Kolstad* defense, which provides that "an employer may not be vicariously liable [for punitive damages] for the discriminatory employment decisions of managerial agents where these decisions are contrary to the employer's 'good faith efforts to comply with Title VII.'" *Cooke v. Stefani Mgmt. Servs., Inc.*, 250 F.3d 564, 568 (7th Cir. 2001) (emphasis added) (quoting *Kolstad v. ADA*, 527 U.S. 526, 545, 119 S.Ct. 2118 (1999)). The reference in Committee Comment e to the pattern instruction provides: "[w]here there is an issue as to whether an employee was acting in a managerial capacity justifying the imposition of punitive damages, the *relevant* bracketed portion of the instruction should be included." FEDERAL CIVIL JURY INSTRUCTIONS OF THE SEVENTH CIRCUIT, § 3.13, Comment e (2015) (emphasis added). *Hertzberg v. SRAM Corp.*, page 663 of

which is cited in Comment e in support of this proposition, concerns the factors to be considered when determining whether an actor accused of discrimination is a managerial agent of the defendant, and thereafter briefly, but not in full on that page, goes on to analyze whether the *Kolstad* defense was satisfied once it was determined that the actor in question *was* a managerial agent. *See* 261 F.3d 651, 663 (7th Cir. 2001). The "relevant" bracketed language referred to in the instruction, then, is only as follows: [Plaintiff must prove by a preponderance of the evidence that Defendant's [managerial employees, officers] acted within the scope of their employment and in reckless disregard of Plaintiff's right not to be [discriminated and/or retaliated] against. [In determining whether [*Name*] was a managerial employee of Defendant, you should consider the kind of authority Defendant gave him, the amount of discretion he had in carrying out his job duties and the manner in which he carried them out.] FEDERAL CIVIL JURY INSTRUCTIONS OF THE SEVENTH CIRCUIT, § 3.13 (2015). (The inclusion of such language may ultimately be appropriate depending on the evidence presented by Plaintiff at trial and whom, exactly, she claims discriminated against her and retaliated against her).