IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DR. MARIA ARTUNDUAGA, | |
| Plaintiff, | |
| v. | No. 12 C 8733 |
| THE UNIVERSITY OF CHICAGO MEDICAL CENTER, | Judge Amy J. St. Eve<br>Magistrate Judge Sidney I. Schenkier |
| Defendant. | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION *IN LIMINE* NO. 4
TO BAR EVIDENCE AND TESTIMONY OF INVESTIGATION AND REPORT
BY JONATHAN ROTHSTEIN**

The Court should deny Plaintiff's Motion *In Limine* No. 4 to bar evidence and testimony concerning the investigation and report that were conducted and prepared by Jonathan Rothstein, former Director of Employee/Labor Relations for The University of Chicago Medical Center ("UCMC"), in response to Plaintiff's complaint of national origin discrimination. Such evidence and testimony is relevant and admissible, and failing to admit the same would be unfairly prejudicial to UCMC.

**I.   BACKGROUND**

1.   Plaintiff was a resident in UCMC's Plastic and Reconstructive Surgery ("PRS") residency program during 2011-12 academic year. (Dkt. #82, Def.'s Summ. J. Statement of Facts ("SOF") ¶ 19.) During her tenure in the residency program, her performance was criticized and evaluated negatively by more than 20 Attending Physician faculty members and senior residents. (*See* SOF ¶¶ 23, 27, 30, 32, 33, 36, 39-40, 42-43, 53, 55, 59, 62-63, 65-68, 70, 81.) She was placed on probation in November 2011 and, following her failure to improve, on March

-2-

26, 2012, the decision not to renew her contract was made by the PRS Section. (SOF ¶ 6, 49, 76.)

2. Plaintiff grieved the probation and non-renewal decisions on April 6, 2012. (Def. Proposed Ex. 142 (UCMC 1397-98) (Exhibit 1).) A grievance hearing was held, in which Plaintiff was permitted to testify and present evidence, and her grievance was denied. (SOF ¶ 86.) On May 31, 2012, Plaintiff filed a request for review and appealed the grievance decision to the Dean of the Medical School and the President of UCMC. (SOF ¶ 87.) That appeal contained statements which, for the first time, could be construed as a complaint of national origin discrimination. (Def. Proposed Ex. 179 (UCMC 1729-33 (less the Appendix)) (Exhibit 2).)

3. On June 19, 2012, the Dean and President affirmed the grievance committee's decision, finding that it was supported by the facts and was not arbitrary and capricious. (Def. Proposed Ex. 183 (UCMC 11973-75) (Exhibit 3).) In their decision, they noted that Plaintiff appeared to raise the issue of national origin discrimination in her request for review and referred Plaintiff's concerns to Jonathan Rothstein, Director of Employee/Labor Relations, "to ensure that any complaints of national origin-based discrimination either have been or will be appropriately and fully investigated consistent with the Medical Center's policies." *Id.*

4. As Director of Employee/Labor Relations, it was Mr. Rothstein's responsibility to help ensure compliance with applicable state anti-discrimination, harassment and retaliation laws and UCMC's policies and processes regarding same, its procedures for implementing those policies and for investigating complaints of discrimination based on protected characteristics. Upon referral of Plaintiff's national origin discrimination complaint, Mr. Rothstein launched an investigation, interviewing over a dozen witnesses and reviewing a large volume of documents. He ultimately drafted a twenty-one page report detailing the facts of each alleged instance of

discrimination. (*See* Pl. Motion Ex. A (Rothstein Report (without exhibits (included at Def. Proposed Ex. 223)). Mr. Rothstein concluded that Plaintiff's national origin discrimination complaint was meritless. (*See id.* at 5.)

5. The evidence will show that before the investigation, Mr. Rothstein had twice interacted with Plaintiff and/or her husband. In November 2011, Plaintiff's husband contacted Mr. Rothstein concerning "difficulties" that Plaintiff was having in the PRS program. (Pl. Motion Ex. B (MA383)). Plaintiff's husband did not attribute Plaintiff's "difficulties" to discrimination and, as such, the complaint did not fall within the purview of Mr. Rothstein's office, and Plaintiff's husband was so informed. *Id.* In May 2012, Plaintiff told Mr. Rothstein that she had been subjected to retaliatory harassment for filing a grievance under the UCMC procedures. (*See* Pl. Motion Ex. B (UCMC 3588)). Because Plaintiff's complaint again fell outside of Mr. Rothstein's purview, he directed her to raise her concerns through the residency Graduate Medical Education Office. *See id.*

## II.   ARGUMENT

### A.   Mr. Rothstein's Testimony and Report Are Relevant Under Rule 401

Plaintiff argues that Mr. Rothstein cannot testify as to his report or conclusions, and that the report is irrelevant and inadmissible, because he did not investigate Plaintiff's claims "at or before" the decisions to place Plaintiff on probation and to not renew her contract were made. (Pl. Motion ¶ 6). Plaintiff's contentions should be rejected out of hand.

First, there was no way for Mr. Rothstein – or anyone else – to investigate the decisions to place Plaintiff on probation or renew her contract before those decisions were made.[1] Plaintiff's position that Mr. Rothstein's testimony and the report cannot be introduced because

---

[1] For this reason, the cases Plaintiff cites on pages 4 and 5 of her motion are inapposite. Pl. Mot. *In Limine* No. 4 ¶¶ 8-10.

-3-

Dr. Song did not know about the investigation or conclusions relating thereto before or when he made the decisions at issue here is simply illogical.

Second, Mr. Rothstein's testimony about his investigation and the report itself are probative of UCMC's position that once it receives complaints of national origin discrimination, it properly and thoroughly investigates them. Such evidence and testimony are important to rebut Plaintiff's anticipated contentions that UCMC should have investigated her "claims" – that had not been made – earlier. (*See* Pl. Motion Ex. B). Mr. Rothstein's testimony and report in this regard will also help the trier of fact understand why he did not launch that type of investigation when Plaintiff and her husband raised issues to him in November 2011 and May 2012 – because they did not complain of national origin discrimination then, and the issues therefore should be addressed by the Graduate Medical Education Office. (Pl. Motion Ex. B).

Mr. Rothstein's testimony and report are also important to the issue of punitive damages. Per the Supreme Court's decision in *Kolstad v. ADA* and its progeny in the Seventh Circuit, "an employer may not be vicariously liable [for punitive damages] for the discriminatory employment decisions of managerial agents where these decisions are contrary to the employer's 'good faith efforts to comply with Title VII.'" *Cooke v. Stefani Mgmt. Servs., Inc.*, 250 F.3d 564, 568 (7th Cir. 2001), (quoting *Kolstad v. ADA,* 527 U.S. 526, 545, 119 S.Ct. 2118 (1999)). In the event there were to be a finding of Title VII liability, Mr. Rothstein's testimony regarding UCMC's commitment to upholding the requirements of Title VII, its anti-discrimination policies and practices (including as they relate to investigations) and the implementation of same, and specifically regarding his investigation into Plaintiff's claims (and how it complied with and was consistent with UCMC's policies), will support UCMC's *Kolstad* defense. *Id.* ("[s]uch good faith efforts, if proven, demonstrate that the employer itself did not act in reckless disregard of

federally protected rights, thus making it inappropriate to punish the employer for its [manager's] contravention of its established policies.") (internal quotation marks and citation omitted). Depriving UCMC of the opportunity to present Mr. Rothstein's report and testimony for this reason alone is unfairly prejudicial to UCMC, and should not be permitted. FED. R. EVID. 403.

**B.     The Admission of Mr. Rothstein's Testimony and Report Will Not Violate Rules 403, 801 or 802**

Further, the introduction of Mr. Rothstein's testimony and report will not violate Rule 403 and neither is inadmissible hearsay.

At the outset, the jury will not be confused or misled by Mr. Rothstein's report or testimony. (Pl. Motion ¶ 12). Rather, as stated above, both will help the jury understand UCMC's prohibition against national discrimination, how it responds to related complaints and, importantly, how it responded to Plaintiff's complaint – once it was made – in particular. The probative value of this testimony and evidence outweighs any danger of prejudice to plaintiff. And, indeed, it would be unfairly prejudicial to permit Plaintiff to testify about her purported complaints – and to suggest, as she and her counsel undoubtedly would, that UCMC did nothing in response – without allowing UCMC to show how it addressed same once the complaint at issue was in fact made. FED. R. EVID. 403.

Moreover, Plaintiff's contention that trial would be "needlessly lengthened" if Mr. Rothstein testifies should be rejected out of hand. (Pl. Motion ¶ 13). Plaintiff, like Defendant, will have to choose wisely when deciding who to call during her case and the best way to present her position. Should she decide that the most effective way to spend her time at trial is by "cross-examin[ing] [] every individual whose interviews [Mr. Rothstein] summarized in his report," so be it. (Pl. Motion ¶ 13). The fact that the introduction of this testimony and evidence

may impact Plaintiff's trial strategy does not provide sufficient basis to exclude Mr. Rothstein's testimony and report under Rule 403.

Finally, neither Mr. Rothstein's testimony about his investigation nor his report constitute inadmissible hearsay.[2]  First, the information Mr. Rothstein was told by the witnesses he interviewed (to which he will testify and as is reflected in his report) will not be offered for its truth (i.e. that the asserted events the witnesses referenced occurred), but rather to show the effect of the information relayed on Mr. Rothstein in conducting his investigation and reaching his conclusions regarding Plaintiff's complaint.  Accordingly, testimony regarding same and as relayed in the report is not excludable as hearsay. *See, e.g.*, *Olefsky v. William Grant & Sons, Inc.*, No. 98 C 0076, 2000 WL 263974, at *3 (N.D. Ill. Mar. 6, 2000) (affidavit describing the information reported to the affiant during his investigation was not hearsay, as it was offered to show the affiant's state of mind in recommending the plaintiff's discharge); *see also Noble v. Sheahan*, 132 F. Supp. 2d 626, 630 n. 3 (N.D. Ill. 2001) (statements in employer's investigation report were not hearsay because they were offered to explain the plaintiff's supervisor's state of mind when he recommended that the employee be disciplined); *see also Woods v. City of Chicago*, 234 F.3d 979, 987 (7th Cir. 2000) (affirming the admission of a police report, which contained third-party statements, as non-hearsay under FRE 803(6) where third-party statements were offered for their effect on the officers, *i.e.*, whether the officers had probable cause to arrest the plaintiff); *Nobel v. Sheahan*, 132 F. Supp. 2d 626, 630 n.3 (N.D. Ill. 2001) (investigative reports were admissible when they were not being offered for their truth, but to explain the investigator's mental state when he recommended the plaintiff's suspension and termination).

---

[2] It is not clear whether Plaintiff seeks to preclude both Mr. Rothsteins' testimony regarding his investigation and his report on hearsay grounds, so UCMC addresses both issues here.  (Pl. Motion ¶13).

The report will further be offered to show UCMC's good faith efforts to implement an antidiscrimination policy so as to avoid punitive damages, and therefore is not being admitted to establish the truth of the assertions and statements therein. FED. R. EVID. 801, 802.

In addition, the report is admissible as a business record under Federal Rule of Evidence 803(6). Per the Rule, a record of regularly conducted business activity is admissible if (A) the record was made at or near the time by – or from information transmitted by – someone with knowledge; (B) the record was kept in the course of a regularly conducted activity of the business; (C) making the record was a regular practice of that activity; (D) all these conditions are shown by the testimony of the custodian or another qualified witness; and (E) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness. *See Wheeler v. Sims*, 951 F.2d 796, 802 (7th Cir. 1992). Here, Mr. Rothstein will testify that he prepared the report as part of his investigation of Plaintiff's complaint, that doing so in this instance and generally was part of his regular duties at UCMC and that he kept the report in the course of UCMC's regularly conducted business activities and his duties. Moreover, as UCMC's then Director of Employee/Labor Relations, Mr. Rothstein is qualified to provide this testimony because he was at the time responsible for making and keeping these types of investigative reports, enforcing UCMC policies, and he can authenticate the report at issue here. As such, the report is admissible as a business record under Rule 803(6). *See Walker v. Eli Lilly & Co.*, No. 1:10-CV-1700-RLY-DKL, 2013 WL 1180870, at *7 (S.D. Ind. Mar. 20, 2013) (investigative report admissible as a business record); *accord Mathews v. Columbia Coll. Chicago*, 435 F. Supp. 2d 805, 810 n. 7 (N.D. Ill. 2006); *Wilson v. Chrysler Motors Corp.*, No. 95 C 50336, 1998 WL 83098, at *1 (N.D. Ill. Feb. 25, 1998) *rev'd on other*

*grounds*; *see also Moore v. Principi*, No. 00 C 2975, 2002 WL 31767802, at *5 (N.D. Ill. Dec. 10, 2002) (EEO counselor report admissible under Rule 803(6)).

### C. Conclusion

For the foregoing reasons, Plaintiff's Motion *In Limine* No. 4 should be denied.

Dated: December 2, 2016

Respectfully submitted,

THE UNIVERSITY OF CHICAGO
MEDICAL CENTER

By: s/ Elizabeth N. Hall
      One of Its Attorneys

Edward C. Jepson, Jr.
Elizabeth N. Hall
Emily C. Fess
Vedder Price P.C.
222 North LaSalle Street
Chicago, Illinois 60601
T: +1 (312) 609 7500

## **CERTIFICATE OF SERVICE**

I, the undersigned, certify that a true and correct copy of the foregoing document, RESPONSE TO PLAINTIFF'S MOTION IN LIMINE NO. 4 – TO BAR EVIDENCE AND TESTIMONY OF INVESTIGATION AND REPORT BY JONATHAN ROTHSTEIN, was served on December 2, 2016 via the Court's CM/ECF system on the following:

Jamie S. Franklin
The Franklin Law Firm LLC
53 W. Jackson Boulevard, Suite 803
Chicago, IL 60604
jsf@thefranklinlawfirm.com

Cynthia H. Hyndman
Robinson, Curley & Clayton, P.C.
300 South Wacker Drive, Suite 1700
Chicago, IL 60606
chyndman@robinsoncurley.com

s/ Elizabeth N. Hall
Elizabeth N. Hall