# EXHIBIT 1

April 6, 2012

**Barry Kamin, M.S.**
Executive Director of Graduate Medical Education and DIO
Graduate Medical Education
5841 S. Maryland Avenue, J-141, MC 7109
Chicago, IL 60637

Dear Mr. Kamin,

I am writing this letter to request the formation of a Housestaff Grievance Committee to make a formal review of the decisions made by Dr. David H. Song, Chief of the Section of Plastic and Reconstructive Surgery, communicated to me in writing on March 27 and affirmed on April 4 after request for reconsideration. Those decisions are itemized below:

1. **The decision that I had failed my probation period:** In a letter dated November 15, 2011, Dr. Song informed me that I had been placed on probation, a decision I strongly disagreed with but nevertheless accepted, among other reasons because none of the less severe remedial options available were considered first, and also up to that point I had received no timely and constructive advice from him to speak of, as his formal duties as program director required. His letter clearly itemized the criteria to be fulfilled to pass the probation and consequently remain in the program, and a system of weekly evaluations for fellows and senior residents was set up in order to assess my progress in those items. His letter at the end of the probation period of 86 working days, however, made no mention of how his adverse decision followed from objective and careful consideration of those specific criteria, and when I asked for his justification in my request for reconsideration, he again refused to provide it and only affirmed his decision without further explanation. I believe Dr. Song's decision has not been made after a fair and unbiased consideration of the facts in my case, as my independent analysis yields a completely different conclusion than the one he reached and then advocated for to the rest of the Plastic and Reconstructive Surgery faculty.

2. **The non-renewal of my PGY-2 contract:** As stated in the probation letter, the decision to renew my contract was directly linked to the successful completion of the probationary period. The demonstrated improvement I showed over this time and the fulfillment of the probation criteria should therefore entail a revision of this decision as well.

3. **The continuation of my probationary status:** Dr. Song unexpectedly dismissed me from my clinical duties in his March 27 letter effective immediately, citing reasons outside the grounds for dismissal itemized in the GME policy manual. After my request for reconsideration, he reversed his initial decision and instead placed me on permanent, non-evaluative probationary status through the end of my internship year. As I believe there are no objective reasons for me to remain under probation any longer, I must request for this status to be lifted as soon as possible.

1

UCMC00001397

4. **The rearrangement of my surgical rotation schedule:** As a direct consequence of my unexpected dismissal on March 27, the surgery schedule was modified, and upon reinstatement, I was assigned to rotate for 8 weeks through a service (B service) that I had already done in the past for 9 weeks, and even worse, sharing responsibilities with another intern. I am the only intern in the class who has already shared rotations for a total of 2.5 months (PGY-1 average is 0-1 month), and as a consequence, I have logged a significantly lower number of cases than my peers (50 cases in 10 months, PGY-1 average is 100 cases/year). I demand a rotation schedule of at least equal educational value than I had been assigned before the dismissal, where I had an additional 5 weeks of night-float, as well as rotations in Colorectal and Anesthesia as a stand-alone intern.

5. **The documentation of the probation period in my official record:** Given the number of evident irregularities that have been committed in my case, from the grounds to place me on probation in the first place, to the way the probation was conducted by my program director and his designated mentor, to the way it was finally reviewed and evaluated, I believe there are enough elements to justify the removal of all documentation of probationary status from my permanent record.

    I must again make special note of the refusal of Dr. Song to share the objective criteria he used to arrive at these decisions, or even as much as the time, place and attendance at the March 26 faculty meeting where the my probation was evaluated, as I had expressly requested in my response letter from March 29. I hope he finally makes these facts clear in the process of following the Grievance procedure; for a set of decisions that have so gravely jeopardized my professional future, this is the least that I could ask for at this point.

    I will await your instructions concerning a hearing date, as well as submission of written arguments, witness list and supporting materials. Finally, given the objective and independent nature of the Grievance Process, I am requesting that faculty and residents of the Department of Surgery including the Section of Plastic and Reconstructive Surgery not be appointed to the Housestaff Committee.

Sincerely,

*Maria Alexandra Artunduaga*
Maria Alexandra Artunduaga, M.D.

C.C. Dr. David H. Song, Chief Section of Plastic and Reconstructive Surgery

2

UCMC00001398