# EXHIBIT 2

| | |
|---|---|
| From: | Artunduaga, Maria [UCH] </O=UCH/OU=FIRST ADMINISTRATIVE GROUP/CN=RECIPIENTS/CN=MARTUNDUAGA> |
| Sent: | Thursday, May 31, 2012 9:18 PM |
| To: | Polonsky, Kenneth [BSD] <polonsky@bsd.uchicago.edu>; O'Keefe, Sharon [UCH] <Sharon.OKeefe@uchospitals.edu> |
| Cc: | McAtee, Jane [UCH] <Jane.Mcatee@uchospitals.edu>; Curell, Krista [UCH] <Krista.Curell@uchospitals.edu>; Duprey, Anne [UCH] <Anne.Duprey@uchospitals.edu> |
| Bcc: | 'ragomusic@gmail.com'; 'antoniocopete@gmail.com' |
| Subject: | Review request of Grievance Committee decision |
| Attach: | dr_artunduaga_appeal_request_letter (2).pdf |

Mr. Dean and Ms. President,

Attached to this email is the letter with my formal request for you or your representatives to review the adverse decisions made by a Housestaff Grievance Committee against me, immediately following a Grievance Hearing on May 16, and communicated to me by the Chair of the Committee in writing on May 23. Your decision would be the final step in the Grievance Process I initiated on April 6 against the decisions made by Dr. David H. Song, in his capacity as Program Director of the Section of Plastic and Reconstructive Surgery, regarding my continuation in the Program and my current status.

According to the Grievance Procedure (GME Policy 15), the Grievance Committee, represented by Ms. Anne Duprey as legal counsel, should forward you the materials that were reviewed by the Committee, both before and during the Hearing. My letter contains a summary of the decisions I am grieving in this process, the materials I have submitted to the Committee, as well as a comprehensive justification for why I believe this review is warranted.

I look forward to your response, and please contact me if further information is required.

Sincerely,


**MARIA ALEXANDRA ARTUNDUAGA, M.D.**
Physician Resident, Plastic and Reconstructive Surgery
The University of Chicago Biological Sciences
5841 S. Maryland Ave. | Rm J-641, MC 6035 | Chicago, IL 60637, USA
Maria.Artunduaga@uchospitals.edu
Cell: (617) 999-3735
Pager: (773) 652-1363 (#3394)
Website: http://martunduaga.com

-
**AT THE FOREFRONT OF MEDICINE®**
http://www.uchospitals.edu
http://www.uchicagokidshospital.org
http://www.facebook.com/UChicagoMed
Twitter: @UChicagoMed

May 31, 2012

To: Kenneth S. Polonsky, MD, Dean of the Biological Sciences Division and Pritzker School of Medicine, University of Chicago
Sharon O'Keefe, RN, University of Chicago Medical Center President

From: Maria Artunduaga, MD, PGY-1 resident in Plastic and Reconstructive Surgery

Re: Request for review of decision by Housestaff Grievance Committee


Mr. Dean and Ms. President,

This letter constitutes my formal request for you or your representative to review the adverse decisions made by a Housestaff Grievance Committee against me, immediately following a Grievance Hearing on May 16, and communicated to me by the Chair of the Committee in writing on May 23. Your decision would be the final step in the Grievance Process I initiated on April 6 against the decisions made by Dr. David H. Song, in his capacity as Program Director of the Section of Plastic and Reconstructive Surgery. It is also my last resort for a just and fair treatment of my case at University of Chicago.

The decisions the Grievance Committee chose to review and decided on are:

1. Decision not to renew my contract for a second year of training in the Program: affirmed by the Grievance Committee.

2. Decision to keep me permanently under probation: affirmed by the Grievance Committee.

According to the Grievance Procedure (GME Policy 15 [1]), the review of the decision shall be limited to an examination of the same materials reviewed by the Grievance Committee. The Committee is charged with forwarding to you a copy of its decision, as well as the materials it reviewed during the Grievance Process, including at the Hearing. To my recollection, the materials that should be forwarded to you by Ms. Anne Duprey, legal counsel acting in representation of the Committee, are the following:

1. Written arguments and evidence submitted by the Section of Plastic and Reconstructive Surgery to the Committee on May 8.
2. Written arguments and evidence submitted by me on May 8.
3. Rebuttal statement to my written arguments, submitted by Ms. Jane McAtee on behalf of the Section on May 10.
4. Three (3) e-mails I submitted to the Chair of the Committee on May 10 and 11, in response to the Section's rebuttal statement, and which the Chair agreed to forward to the Committee.
5. Rebuttal statement to the Section's written arguments, submitted by me on May 14.
6. Documentation concerning the facts presented at the Grievance Hearing on May 16.

1

UCMC00001730

My motivation for requesting this review originates from well-founded concerns I have that the decision made by the Grievance Committee was arbitrary and capricious, and without proper consideration of the facts presented to them by both sides, particularly the ones presented by me. My serious reservations stem from particular actions and omissions by the Committee, both before and during the Grievance Hearing, which make me question the impartiality with which they reviewed the case. I am itemizing my concerns as follows, and providing my observations and evidence for each of them in the Appendix section of this document:

1. Favoritism as evidenced by the unequal treatment of my petitions compared to the Section's
2. Failure to scrutinize the Section's methods of evaluating my probation period
3. No serious consideration of my written arguments
4. Improper weight given to my arguments compared to the Section's
5. Confusion between verbal feedback and proper documentation of evaluations
6. Improper scrutiny of the Section's accusations against my character in contrast to the evidence provided
7. Failure to recognize my rights as a resident and to inquire the Section about their failure to uphold them
8. Failure to recognize the underlying causes of my particular situation


As part of your review, I hope your decision recognizes the significant degree to which my rights as a resident have been violated by the Section, with no adverse consequences for them so far, not even a recognition of that fact by the Grievance Committee. The evidence of misconduct is serious and varied: from the way critical information about my performance has been either mischaracterized or concealed from me altogether; to the way my probation period was conducted and evaluated without measurable goals and primarily based on anecdotal evidence; to a chronically inadequate exposure to surgical cases and experiences; to two (2) arbitrary dismissals from clinical duties, one based on completely illegitimate reasons, the other based on an evaluation from a senior resident that I was not even allowed to see and contest in a timely fashion. These allegations are based on solid evidence, but they were dismissed by Dr. Song at the hearing by saying they are *"no more truthful than a wish."* Only a decisive action from you would allow me to believe there is actually a functioning system of checks and balances at this institution, a system which holds the rights of residents as absolute, and which nobody regardless of rank can trample on; a system that corrects the types of abuses I have already been made a victim of, even if it failed to prevent them from happening in the first place. My educational and work experience at this University have not been what I had expected and hoped for, my professional future has been put in serious jeopardy as a result, and I hold you as the last resort in order to reverse this injustice and try to work out an acceptable solution.

2

UCMC00001731

On the specific subject of the underlying causes of my particular situation, I want to stress the fact that the Section, particularly Dr. David Song and Dr. Julie Park, have always insisted in equating my situation and expected rate of progress to that of other foreign medical graduates whose native tongue is English and who received their medical education in that language. They have dismissed my concerns and those of several supervisors by claiming on the one hand that *"[my] deficiencies are not caused by a language barrier"* [2], despite significant evidence to the contrary, and that they were instead caused by some fundamental flaws in my ability to think and communicate, my medical knowledge, and my character, to the point of Dr. Park stating at the Grievance Hearing that *"Rush Limbaugh would give better apologies"* than I do. Drs. Jaskowiak, Kaplan, Angelos, Hurst, Moreira, Fleming, Paruch, Shao, as well as a number of other doctors including Plastic Surgery residents Drs. Dickie, Greives and Kleiber who evaluated me, repeatedly claimed that my alleged inability to communicate, and specifically my accent, were significant factors in some of my performance problems. Many comments in the same direction can be found in my official evaluations, such as: *"There seem to be some critical issues that may be cultural, as she has not worked in the American medical system before"* (Dr. Jaskowiak, August); *"Given that she was trained where the routines and customs are not necessarily known to us... it does make it more difficult to assess her overall capabilities so early on in her residency"* (Dr. Hurst, September); or *"I think there are language and cultural barriers that have affected Maria's ability to effectively communicate with patients and medical staff, including nursing staff."* (Dr. Moreira, November).

Despite this, there has been a generalized lack of sensitivity to my cultural and professional background at all levels in the UCMC Housestaff; Drs. Umanskiy, Ferguson and Seal, for instance, have made derogatory remarks to me regarding my communication skills and my medical training in South America during our feedback meetings, not to mention the constant snide comments I would receive from co-workers about my home country or my accent, and which contributed to a hostile work environment for me from the beginning. On Dr. Song's part, he did not hesitate to ask me to either resign or be put on probation as early as November [3], and explicitly withdrew his support of me at a meeting I had with him on November 21, when he said I was "on my own," since I had a "bad reputation" and was an "embarrassment" for him and the Section. The chronically unequal learning opportunities I was given were even noted by some of my direct supervisors in their official evaluations, such as Dr. Fleming when she stated: *"many of her seniors are not giving her the opportunity to learn and instead just bypass her... I just don't think she was given the opportunity to be an intern."* [4]

I have made many complaints of discrimination on the basis of national origin, deriving in particular from comments and criticisms regarding my command of the English language, since as early on in my residency as August, to my chief Plastic Surgery residents (Drs. Justine Lee and Sara Dickie), my Program Director (Dr. David Song), my probation mentor (Dr. Julie Park), the UCMC DIO in the GME office (Mr. Barry Kamin), and the director of Labor relations in Human Resources (Mr. Jonathan Rothstein). All of my complaints have been either completely ignored or dismissed as being an effort to "make up excuses." While I do have confidence in your ability to look at this case impartially, at the same time I am prepared to bring my complaints of discrimination and its supporting evidence to the EEOC, given the uniform response I have received up to this point from the entire institutional hierarchy, a response which in my opinion has been completely unsatisfactory.

3

UCMC00001732

Overall, beyond all the rules and regulations, I hope you recognize the fundamental fact conveyed by my careful analysis of the data in my case, and it is that I have already demonstrated that I am capable of performing at a similar level as other Plastic Surgery residents who still continue in the Program, even if I have not yet achieved a level of consistency that would be impossible to reach in a short probation period of three months. Similarly, I have shown I am perfectly capable of expressing myself well both verbally and in writing, by the admission of the Grievance Committee members themselves, in a language that I only started to learn at the same time I started to learn Medicine. If those fundamental facts were recognized, then the logical conclusion would be that I should be able to continue to do so, in an ever more frequent and consistently competent way. Such level of consistency can only be achieved through continued clinical exposure in a nurturing environment, an opportunity Dr. Song and the Section have been bent on denying me altogether, despite the significant progress I showed and which is unmistakable from the numerical indicators of my performance. This is the main underlying fact and the logical conclusion that the Section's as well as the Grievance Committee's arbitrary and capricious analyses have prevented them from acknowledging with respect to my case.

Finally, regarding the rules for this part of the process, I need to make the following comments:

- The Grievance Procedure does not have an allowance for a statement by the other party in response to this Request for Review, and I expect that rule to be upheld. Furthermore, I see no need for the Section to provide such a statement, since the Grievance Committee decided to uphold the Section's arguments as given.

- The Grievance Procedure further states that, whereas I must submit this request within "five (5) business days" of the written decision by the Committee, your decision is due "within fourteen (14) days" of my request. I interpret this to mean 14 calendar days, or exactly 2 weeks, but I would appreciate that you provide clarification of that point.

I look forward to your communications regarding this Request for Review, and please do not hesitate to contact me regarding questions about the arguments and evidence I have presented.

Sincerely,

*[signature]*

Maria Alexandra Artunduaga, M.D.
Plastic and Reconstructive Surgery Resident
University of Chicago Medical Center

4