**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DR. MARIA ARTUNDUAGA, | |
| Plaintiff, | |
| v. | No. 12 C 8733 |
| THE UNIVERSITY OF CHICAGO MEDICAL CENTER, | Judge Amy J. St. Eve<br>Magistrate Judge Sidney I. Schenkier |
| Defendant. | |

**RESPONSE TO PLAINTIFF'S MOTION *IN LIMINE* NO. 6 – TO BAR EVIDENCE
AND TESTIMONY REGARDING PLAINTIFF'S COMPLAINTS TO THE ACGME
AND THE ACGME'S RESPONSES**

Defendant, The University of Chicago Medical Center ("UCMC"), by its attorneys, submits this Response in Opposition to Plaintiff's Motion *in Limine* No. 6 to Bar Evidence and Testimony Regarding Plaintiff's Complaints to the ACGME and the ACGME's Responses ("Pl. Motion"). In support, UCMC states as follows:

Plaintiff has maintained throughout this litigation that UCMC's treatment of her violated the rules of the Accreditation Council for Graduate Medical Education ("ACGME"), which accredits graduate medical education programs, including the PRS residency program at UCMC in which Plaintiff was a resident. Indeed, she filed two separate complaints with ACGME in which she made the same allegations. ACGME rejected both. While Plaintiff seemingly does not seek to preclude her own testimony that UCMC violated ACGME's regulations, she asks this Court to preclude UCMC from introducing evidence of her complaints to ACGME and its decisions that they were meritless. This evidence is important to UCMC's narrative at trial, including that it treated Plaintiff fairly and in accordance with policy and procedure. It is also relevant to establish that Plaintiff had numerous opportunities to air her claims – regarding her

treatment generally – and they were rejected. And, it is critical to UCMC's position that she did not raise any allegations of alleged national origin discrimination until well after the probationary and non-renewal decisions about which she now complains were made. For all of these reasons, Plaintiff's Motion should be denied.

## I.      BACKGROUND

1.      Plaintiff was a resident in UCMC's Plastic and Reconstructive Surgery ("PRS") residency program during the 2011-12 academic year. (Dkt. #86, Pl.'s Summ. J. Statement of Add'l Facts ("SOAF") ¶ 2.) Dr. David Song was the Program Director for the PRS residency program, made the decision to place Plaintiff on probation in November 2011 and, with other attendings in the PRS Section, made the decision in March 2012 not to renew Plaintiff's residency contract, about which Plaintiff now complains. (Pl. Motion ¶ 2).

2.      When deposed, Plaintiff testified that UCMC's treatment of her violated ACGME's requirements for accredited residency programs (and plastic surgery programs in particular). For example, Plaintiff testified that UCMC, in violation of ACGME's requirements, deprived her of the opportunity to participate in a sufficient number of surgical cases, placed her on an independent study program, retaliated against her for filing a grievance, did not give her the same level of training as other residents and prevented her from "completing" a full residency year. (SOF ¶ 13; April 4, 2014 Deposition of Dr. Maria Artunduaga (Pl. Dep.) 259, 260 (Exhibit 1); January 8, 2016 Deposition of Dr. Maria Artunduaga (Pl. Dep2.) 48-49, 103-04 (Exhibit 2)).

3.      Consistent with the above, on April 27, 2012, Plaintiff filed a complaint with the ACGME concerning her treatment by UCMC, asserting violations of various ACGME requirements. (Def. Prop. Ex. 148 (UCMC 11981-87 (less exhibits) (Exhibit 3)). On May 1, 2012, she submitted an addendum to that complaint. (Def. Prop. Ex. 154 (MA 5272-73 (less

exhibits)) (Exhibit 4)).  And, on June 22, 2012, Plaintiff filed a second complaint to ACGME, in which she raised concerns of alleged national origin discrimination to ACGME for the first time. (Def. Prop. Ex. 185 (MA 12419-00001, 12419.0001-00015 (less exhibits)) (Exhibit 5)).    On July 2, 2012, Plaintiff notified ACGME that she had filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission and provided ACGME with a copy of her charge.  (*See* Def. Proposed Ex. 187 (MA 13377) (Exhibit 6)).

4.    ACGME found no merit to Plaintiff's complaints.  Indeed, in its August 2, 2012 response to Plaintiff regarding her complaints, ACGME stated that "[y]our complaints have been reviewed by the Review Committee for Plastic Surgery and the Institutional Review Committee and the accreditation status of the residency program and institution remains the same.  The complaint file will be closed."   In response to UCMC, ACGME provided "The Review Committee for Plastic Surgery and the Institutional Review Committee have reviewed Maria Artunduaga's complaints alleging the University of Chicago and its Plastic Surgery Program are noncompliant with ACGME requirements…Both review committees judged there was no validity to the complaints and will not pursue any further action related to the complaint." (Pl. Motion Exs. A and B (same as Def. Proposed Exs. 195, 196)).

## II.    ARGUMENT

Evidence regarding Plaintiff's complaints to ACGME and ACGME's rejection of same is relevant and admissible and is not unfairly prejudicial to Plaintiff for numerous reasons.

First, Plaintiff is expected to testify – consistent with her deposition testimony and the claims she filed with ACGME – that UCMC's actions in relation to her violated ACGME's regulations and requirements for accredited residency programs.  Indeed, Plaintiff's counsel will likely argue that UCMC's alleged failure to follow ACGME's requirements supports Plaintiff's

claims of national origin discrimination and retaliation. *See e.g., Giacoletto v. Amax Zinc Co.*, 954 F.2d 424, 427 (7th Cir. 1992) (an employer's failure to follow its own policies may be evidence of pretext). UCMC should be permitted to present evidence that ACGME concluded UCMC was compliant with ACGME's requirements. Such evidence and testimony is also relevant to UCMC's position that Plaintiff was treated fairly and in a manner consistent with her peers. Precluding it from doing so by granting Plaintiff's Motion is unfairly prejudicial to UCMC. FED. R. EVID. 403.

Second, and notably, granting Plaintiff's Motion would *not* prevent her from introducing testimony that UCMC's actions violated ACGME's requirements. Curiously, she does not agree that she will not introduce such evidence. But, granting the Motion would prevent UCMC from effectively responding to and rebutting her contentions, which is unfairly prejudicial to Defendant, and should not be permitted. *See* FED. R. EVID. 403.

Third, evidence regarding Plaintiff's complaints to ACGME is directly probative of her credibility and alleged good faith belief that UCMC subjected her to national origin discrimination. Plaintiff was placed on probation in November 2011 and the decision not to renew her contract was made in March 2012. Yet, she waited until June 22, 2012 – after she had filed her first ACGME complaint and an addendum to it, and after she retained counsel and filed an EEOC Charge on June 11, 2012 (*see* Def. Prop. Exhibit 182) – to raise the issue of national origin discrimination to ACGME. Plaintiff's failure to raise that issue until June 22 is probative of her good faith belief that she had been treated in a manner that violated Title VII months prior, and undermines her credibility, and therefore should be heard by the jury. *See, e.g., United States v. Woolfolk*, 197 F.3d 900, 904 (7th Cir. 1999) ("Questions of witness credibility are reserved for the jury."); *see also Francisco v. Verizon S., Inc.*, 756 F. Supp. 2d 705, 727 (E.D.

-4-

Va. 2010), aff'd, 442 F. App'x 752 (4th Cir. 2011) (fact that plaintiff waited three months before reporting incident of racial discrimination suggested that she did not have an objectively reasonable belief that a violation of Title VII was actually occurring); FED. R. EVID. 401, 402.

In addition, Plaintiff's arguments for precluding this evidence and testimony are baseless. It is illogical to suggest that the ACGME decisions would be relevant only if communicated to the decision makers *before* the decision not to renew her contract was made. Indeed, Plaintiff did not raise any concerns to ACGME until after the decisions at issue were made – ACGME's findings could not have issued before those decisions occurred, and Plaintiff's argument should be rejected out of hand. [1]

In addition, the evidence and testimony is not unfairly prejudiced under Rule 403. Rather, it would be unfairly prejudicial to UCMC to permit Plaintiff to testify that UCMC's actions violated ACGME's requirements without giving UCMC the chance to respond and establish that Plaintiff's concerns were properly and thoroughly addressed by the ACGME and deemed to be unfounded. FED. R. EVID. 403. Moreover, there is no risk of confusing the issues or misleading the jury because the jury can understand the difference between an administrative decision concerning accreditation and a legal determination concerning Title VII. Further, contrary to Plaintiff's position, UCMC does not intend to offer this evidence to invade the providence of the jury, but to rebut Plaintiff's misleading testimony and characterization concerning the nature of her treatment by UCMC. *See id.*

Finally, permitting evidence and testimony concerning Plaintiff's ACGME complaints would not cause undue delay or waste time, as Plaintiff suggests. *See* Pl. Mot. *In Limine* No. 6 ¶

---

[1] For these reasons, Plaintiff's argument that this evidence and testimony is irrelevant because the decision maker did not consider it is inapposite, as are the cases she cites on pages 4 and 5 of her Motion.

CHICAGO/#2917866.5

13. Plaintiff and Defendant can effectively present succinct testimony and evidence regarding these matters, including through the direct and cross-examination of witnesses already on the parties' witness lists. The evidence will simply be the fact she filed complaints, the issues raised and when and the ACGME conclusion. There is no need to call ACGME witnesses who might have participated in the investigation into Plaintiff's complaints. Notably, Plaintiff offers only superficial argument as to why the testimony of all these individuals could plausibly be necessary – and it simply is not. Moreover, each party must make strategic decisions about how to best present its case. UCMC has no doubt that Plaintiff can find a way to present her case in a manner that does not waste the Court's time or unnecessarily extend the length of trial.

## III.    CONCLUSION

For the foregoing reasons, Plaintiff's Motion *in Limine* No. 6 should be denied.

Dated:  December 2, 2016

Respectfully submitted,

THE UNIVERSITY OF CHICAGO
MEDICAL CENTER


By:    /s/ Elizabeth N. Hall
                   One of Its Attorneys

Edward C. Jepson, Jr.
Elizabeth N. Hall
Vedder Price P.C.
222 North LaSalle Street
Chicago, Illinois 60601
T:  +1 (312) 609 7500

CHICAGO/#2917866.5

## CERTIFICATE OF SERVICE

I, the undersigned, certify that a true and correct copy of the foregoing document, RESPONSE TO PLAINTIFF'S MOTION *IN LIMINE* NO. 6 – TO BAR EVIDENCE AND TESTIMONY REGARDING PLAINTIFF'S COMPLAINTS TO THE ACGME AND THE ACGME'S RESPONSES, was served on December 2, 2016 via the Court's CM/ECF system on the following:

Jamie S. Franklin
The Franklin Law Firm LLC
53 W. Jackson Boulevard, Suite 803
Chicago, IL 60604
jsf@thefranklinlawfirm.com

Cynthia H. Hyndman
Robinson, Curley & Clayton, P.C.
300 South Wacker Drive, Suite 1700
Chicago, IL  60606
chyndman@robinsoncurley.com

/s/ Elizabeth N. Hall
Elizabeth N. Hall