IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DR. MARIA ARTUNDUAGA,  )
                                        )
              Plaintiff,  )
                                        )  Case No. 12 C 8733
      v.  )
                                        )
THE UNIVERSITY OF CHICAGO  )
MEDICAL CENTER,  )
                                        )
              Defendant.  )

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

On June 19, 2015, the Honorable James B. Zagel granted in part and denied in part Defendant University of Chicago Medical Center's ("UCMC" or "Defendant") motion for summary judgment brought pursuant to Federal Rule of Civil Procedure 56(a). The Court presumes familiarity with the June 19, 2015 summary judgment ruling, as well as Judge Zagel's other rulings in this matter. The two remaining claims in this lawsuit include Plaintiff Dr. Maria Artunduaga's ("Dr. Artunduaga" or "Plaintiff") national origin discrimination and retaliation claims brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*.[1]

Before the Court are five of Defendant's motions in limine in advance of the January 30, 2017 trial date. For the following reasons, the Court, in its discretion, grants in part, grants in part without prejudice, denies in part, and denies in part without prejudice Defendant's motions in limine. [R. 152, 153, 154, 155, 157]. The Court will address Defendant's motion brought pursuant to *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d

---

[1] On October 24, 2016, the Executive Committee reassigned this lawsuit to this Court, after which the Court set a trial date for January 30, 2017.

469 (1993), in a separate order. Likewise, the Court will address Defendant's motion in limine #5 seeking to bar certain exhibits and testimony concerning consultations with counsel and Defendant's motion in limine #7 in which it seeks to exclude evidence regarding "improper comparators" in another order.

**BACKGROUND**

Dr. Artunduaga was born and raised in Colombia, graduated from a Colombian medical school in 2003, practiced medicine in Colombia for three years, and completed a post-doctoral research fellowship at Harvard Medical School in 2011. She is a native Spanish speaker, who also speaks English. In late June 2011, Dr. Artunduaga began working at UCMC as a resident in the Section of Plastic and Reconstructive Surgery ("PRS") – a residency that lasts six years. In 2011, Plaintiff signed a one-year residency contract that was subject to renewal in the spring of 2012. Dr. David Song served as the program director for UCMC's PRS residency program. The PRS residency program is considered a "combined program" with UCMC's General Surgery residency program. The General Surgery residency program directors during the relevant time period were Dr. Mitchell Posner and Dr. Kevin Roggin.

In this lawsuit, Dr. Artunduaga claims that beginning in July 2011 she was subjected to discrimination at UCMC based on her national origin. Further, Dr. Artunduaga asserts that she complained about this national origin discrimination to various persons at UCMC. In mid-November 2011, UCMC placed Dr. Artunduaga on probation, and in March 2012, PRS faculty decided not to renew Dr. Artunduaga's one-year residency contract. UCMC denies that it subjected Dr. Artunduaga to any discrimination. In addition, UCMC maintains that Dr. Artunduaga did not complain about the alleged national origin discrimination until after UCMC decided not to renew her contract.

**LEGAL STANDARDS**

I.  **Motions in Limine**

Trial courts have broad discretion in ruling on evidentiary issues before and during trial. *See Bridgeview Health Care Ctr., Ltd. v. Clark*, 816 F.3d 935, 939 (7th Cir. 2016); *Whitfield v. Int'l Truck & Engine Corp.,* 755 F.3d 438, 447 (7th Cir. 2014). "Although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States,* 469 U.S. 38, 41 n.4, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984); *see also Dietz v. Bouldin*, ___ U.S. ___, 136 S.Ct. 1885, 1891 195 L.Ed.2d 161 (2016) ("The Federal Rules of Civil Procedure set out many of the specific powers of a federal district court," but "they are not all encompassing," for example, they make no provision "for the power of a judge to hear a motion *in limine*."). "Trial courts issue rulings on motions in limine to guide the parties on what evidence it will admit later in trial," and "[a]s a trial progresses, the presiding judge remains free to alter earlier rulings." *Perry v. City of Chicago,* 733 F.3d 248, 252 (7th Cir. 2013). It is well-established that a motion in limine "is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings" and that it "permits the trial judge to eliminate from further consideration evidentiary submissions that clearly ought not be presented to the jury because they clearly would be inadmissible for any purpose." *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997).

II. **Federal Rules of Evidence**

Pursuant to Federal Rule of Evidence 401, evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed.R.Evid. 401; *United States v. Boros*, 668 F.3d 901,

3

907 (7th Cir. 2012). In short, Rule 401 defines relevance broadly. *See United States v. Boswell,* 772 F.3d 469, 475 (7th Cir. 2014). Rule 402 "provides the corollary that, with certain exceptions, '[r]elevant evidence is admissible' and '[i]rrelevant evidence is not admissible.'" *Boros,* 668 F.3d at 907. The Court, however, may exclude relevant evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. When considering Rule 403, courts use "a sliding scale approach: as the probative value increases, so does our tolerance of the risk of prejudice." *Whitehead v. Bond,* 680 F.3d 919, 930 (7th Cir. 2012). "Evidence is unduly prejudicial if it creates a genuine risk that the emotions of the jury will be excited to irrational behavior, and the risk is disproportionate to the probative value of the offered evidence." *Morgan v. City of Chicago,* 822 F.3d 317, 339 (7th Cir. 2016) (citation omitted).

## ANALYSIS[2]

### I. Defendant's Motion in Limine #1

In its motion in limine # 1, Defendant seeks to bar Plaintiff from calling former UCMC associate general counsel Jane McAtee as a witness at trial. Defendant explains that during Plaintiff's residency at UCMC, McAtee provided legal advice to the PRS Section regarding Plaintiff's probation, contract non-renewal, and Plaintiff's internal grievance. Under these circumstances, Defendant asserts that Plaintiff cannot call McAtee as a trial witness because she

---

[2] Although the parties filed numerous documents under seal, the Seventh Circuit has held that "[d]ocuments that affect the disposition of federal litigation are presumptively open to public view, even if the litigants strongly prefer secrecy, unless a statute, rule, or privilege justifies confidentiality." *In re Specht,* 622 F.3d 697, 701 (7th Cir. 2010); *see also United States v. Foster,* 564 F.3d 852, 853 (7th Cir. 2009) (sealed documents "that influence or underpin the judicial decision are open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality.").

4

is "opposing counsel" under the Eighth Circuit's *Shelton* factors. *See Shelton v. Am. Motors Corp.*, 805 F.2d 1323 (8th Cir. 1986). In *Shelton*, the Eighth Circuit set up a strict three-part test in order for a litigant to depose opposing counsel. *See Pamida, Inc. v. E.S. Originals, Inc.,* 281 F.3d 726, 729-30 (8th Cir. 2002); *see also Armada (Singapore) Pte Ltd v. Amcol Int'l Corp.*, 160 F. Supp. 3d 1069, 1071 (N.D. Ill. 2016). As the *Pamida* decision explains "the difficult burden imposed by *Shelton* was intended to guard against the 'harassing practice of deposing opposing counsel ... that does nothing for the administration of justice but rather prolongs and increases the costs of litigation, demeans the profession, and constitutes an abuse of the discovery process.'" *Pamida,* 281 F.3d at 729-30. Since the Eighth Circuit decided *Shelton* over thirty years ago, "the Eighth Circuit has limited *Shelton* to the depositions of trial counsel regarding their knowledge about the particular case in which they served as trial counsel." *aaiPharma, Inc. v. Kremers Urban Dev. Co.*, 361 F. Supp. 2d 770, 775 (N.D. Ill. 2005). Although the Seventh Circuit has yet to adopt the *Shelton* standard, courts in this district have applied a more flexible approach in determining whether to allow the deposition or trial testimony of a party's attorney, namely, by looking to the circumstances of each particular case. *See, e.g., Armada,* 160 F.Supp.3d at 1071; *Espejo v. Santander Consumer USA, Inc.*, No. 11 CV 8987, 2014 WL 6704382, at *2 (N.D. Ill. Nov. 25, 2014).

Here, Plaintiff maintains that the *Shelton* factors are inapplicable under the circumstances because the now-retired McAtee is not "opposing counsel" for purposes of *Shelton*, especially because she did not attend any depositions or settlement conferences in this case and has not filed an appearance in these proceedings. Whether McAtee is opposing counsel for purposes of *Shelton* turns on if she was actively involved in the present federal litigation. *See, e.g., Friendship Vill. of Mill Creek v. Philadelphia Indem. Ins. Co.*, No. 14 C 1593, 2016 WL

3702680, at *2 (N.D. Ill. Jan. 6, 2016); *Lincoln Nat'l Life Ins. v. TCF Nat'l Bank*, No. 10 C 6142, 2011 WL 13119407, at *2 (N.D. Ill. Dec. 12, 2011). On the record before the Court, it is unclear how actively involved McAtee was in this litigation before her retirement. Further, if Plaintiff calls McAtee as a witness, work product and attorney privilege issues will most likely arise. Therefore, the best course of action is to address privilege and work product issues on a question-by-question basis after the parties establish a factual foundation that McAtee was or was not actively involved as trial counsel in the present litigation. *See Armada,* 160 F.Supp.3d at 1071. The Court therefore denies Defendant's motion in limine #1 without prejudice. Plaintiff must provide the Court with a written proffer of the anticipated testimony she seeks to elicit from McAtee and explain its relevance by no later than December 16, 2016.

## II.     Defendant's Motion in Limine # 2

In UCMC's motion in limine #2, it seeks to bar Plaintiff from presenting testimony, evidence, or argument concerning publicity that is unrelated to this lawsuit and unfavorable to UCMC, its witnesses, or the University of Chicago. Defendant specifically points to two incidents: (1) UCMC's decision to build a trauma center in Hyde Park; and (2) the University of Chicago's recent letter to students regarding academic freedom. Defendant contends that these incidents are not relevant to the present lawsuit and will serve only to unfairly prejudice the jury and confuse it as to the relevant issues." *See United States v. Alayeto,* 628 F.3d 917, 922 (7th Cir. 2010) (evidence is confusing if it distracts jurors from central issue of case).

In response, Plaintiff asserts that she has no intention of introducing evidence related to the trauma center and letter to students about academic freedom. Therefore, the Court grants Defendant's in limine motion without objection and excludes evidence and testimony regarding these two incidents. Plaintiff, however, argues that Defendant's request to bar evidence

regarding unfavorable publicity in relation to its trial witnesses is overly broad. The Court agrees that Defendant has not met its burden of establishing that other unfavorable evidence as it relates to its witnesses is inadmissible for any purpose. *See SEC v. Ferrone,* 163 F. Supp. 3d 549, 555 (N.D. Ill. 2016) ("moving party bears the burden of establishing clear inadmissibility"). Defendant may object to any such evidence at trial after the parties present "the context, foundation, and relevance of the contested evidence within the framework of the trial as a whole." *Id.* (quoting *Casares v. Bernal*, 790 F.Supp.2d 769, 775 (N.D. Ill. 2011)). The Court therefore grants in part and denies in part Defendant's motion in limine #2. The parties must be prepared to address the specifics of such evidence at the final pretrial conference on December 20, 2016.

## III. Defendant's Motion in Limine # 3

Next, Defendant moves to exclude evidence, testimony, and argument regarding Plaintiff's claims against UCMC and Dr. Song that Judge Zagel dismissed, including Plaintiff's claims of defamation, intentional inference with an employment relation, state law retaliatory discharge, violations of the Illinois Whistleblower Act, discrimination claims brought pursuant to 42 U.S.C. § 1981, and Plaintiff's Title VII hostile work environment claim. Defendant argues that what little probative value this evidence may have is substantially outweighed by the danger of unfair prejudice, namely, that the jury will conclude that UCMC and/or Dr. Song engaged in wrongdoing as to these claims. *See* Fed.R.Evid. 403; *Morgan,* 822 F.3d at 339 ("Evidence is unduly prejudicial if it creates a genuine risk that the emotions of the jury will be excited to irrational behavior, and the risk is disproportionate to the probative value of the offered evidence.") (citation omitted).

7

Plaintiff asserts that she has no intention of referring to the previously dismissed claims. Rather, Plaintiff argues that Defendant's motion in limine seeks to bar all evidence that formed the basis of her dismissed claims and that Defendant has not met its burden of showing that the underlying evidence is "inadmissible for any purpose." *Jonasson*, 115 F.3d at 440; *Ferrone,* 163 F.Supp.3d at 555. Plaintiff, for example, takes issue with Defendant's argument that the Court should bar evidence concerning damages under 42 U.S.C. § 1981. In particular, Plaintiff maintains that although damages under § 1981 are not subject to the statutory cap for Title VII damages, her damages under Title VII include damages available under § 1981, such as emotional distress damages, damages for lost future earnings capacity, and damages for medical expenses incurred. *See Humphries v. CBOCS W., Inc.,* 474 F.3d 387, 409 (7th Cir. 2007) (Title VII and 1981 have overlapping damages provisions). The Court agrees that Plaintiff may present evidence of her Title VII damages that are also recoverable under § 1981, and denies this aspect of Defendant's in limine motion.

Furthermore, Defendant argues that the Court should bar Plaintiff from referring to Dr. Song as a Defendant – to which Plaintiff agrees. Nonetheless, Defendant also moves to bar Plaintiff from "from attempting to tarnish Dr. Song's credibility and reputation in any way." Dr. Song will be a witness at trial and credibility determinations will be central to this case. Although the basis of Plaintiff's dismissed claims may not be relevant to the remaining claims in this lawsuit, Defendant's request to bar evidence concerning Dr. Song's credibility is too broad, especially because the credibility of any witness is fair game and a question for the jury. *See Whitehead,* 680 F.3d at 927; *see also* Fed.R.Evid. 801(d)(1). The Court, in its discretion, denies Defendant's broad request concerning Dr. Song's credibility.

Defendant, however, specifically moves to bar evidence concerning Plaintiff's Illinois Whistleblower claim raised in a motion to amend her pleadings that Judge Zagel denied. The underlying allegations include that Dr. Song asked her and other junior residents to participate in complex surgeries and to double-bill surgical procedures. Any such evidence and arguments are not relevant to the remaining claims in this lawsuit and what little probative value this evidence has is substantially outweighed by the danger of prejudice and juror confusion. *See* Fed.R.Evid. 403, 404(b); *see also Davies,* 836 F.3d at 890 ("Evidence is unfairly prejudicial 'only if it will induce the jury to decide the case on an improper basis, commonly an emotional one, rather than on the evidence presented.'"). In short, this evidence would only serve the purpose of "dirtying up" Dr. Song with unrelated bad acts evidence. *See Scott v. City of Chicago,* 724 F.Supp.2d 917, 927 (N.D. Ill. 2010). The Court grants this part of Defendant's motion in limine #3.

## IV. Defendant's Motion in Limine #4

In Defendant's next motion in limine, it seeks to exclude evidence of other types of discrimination other than national origin discrimination or evidence of discrimination or retaliation against persons who are not PRS residents. Defendant maintains that the employment decisions at issue in this lawsuit concern Plaintiff's PRS residency and the non-renewal of her one-year residency contract. Although Defendant does not point to the exact evidence it seeks to bar, the Court agrees that any such generalized evidence of discrimination directed at others has limited probative value in relation to Plaintiff's national origin claims, *see Lewis v. City of Chicago,* 590 F.3d 427, 443 (7th Cir. 2009), and has the danger of distracting jurors from the central issue in this case. *See Alayeto,* 628 F.3d at 922. The Court thus grants this aspect of Defendant's motion in limine # 4.

Similarly, Defendant moves to exclude evidence regarding discrimination or retaliation against anyone who is not a PRS resident because Plaintiff's claims focus on the decision-makers in the PRS residency program. Again, Defendant does not direct the Court's attention to the exact testimony or other evidence that it seeks to exclude in the present motion in limine. Defendant, however, moves to exclude evidence and argument concerning "improper comparators," including residents in UCMC's General Surgery Residency Program in its motion in limine #7, that the Court will discuss in a separate order.

V.      **Defendant's Motion in Limine # 6**

Next, Defendant moves to bar evidence, testimony, and argument regarding Plaintiff's state law claims. To clarify, Plaintiff brought a lawsuit against UCMC and Dr. Song in the Circuit Court of Cook County that involved claims of breach of contract, tortious interference with contract, and tortious inference of prospective business relations claims. In response to the present motion, Plaintiff asserts that she has no intention of referring to the state case or any claims that she brought in that matter.

Defendant also asks the Court to bar evidence relevant to Plaintiff's tortious inference of prospective business relations claims, namely, emails that Dr. Song received and/or sent to program directors at other residency programs about her, as well as an email to a program director at the University of North Carolina at Chapel Hill, as not relevant to the remaining claims in this federal lawsuit. Plaintiff, on the other hand, explains that these emails are relevant in relation to her damages for loss to her future earning capacity as a result of damage to her reputation. Furthermore, Plaintiff contends that this evidence is probative to rebut Defendant's assertion that she failed to mitigate her damages. Under these circumstances, these emails are highly probative to Plaintiff's damages claims that are not substantially outweighed by the

10

danger of unfair prejudice.  *See Whitehead,* 680 F.3d at 930 (courts use "a sliding scale approach: as the probative value increases, so does our tolerance of the risk of prejudice.").  As such, Defendant has failed in its burden of establishing that this evidence is inadmissible for any purpose.  *See Ferrone,* 163 F. Supp. 3d at 555; *Wielgus v. Ryobi Techs., Inc.*, 893 F. Supp. 2d 920, 923 (N.D. Ill. 2012).  The Court, in its discretion, denies Defendant's motion in limine #6.

## CONCLUSION

For these reasons, the Court, in its discretion, grants in part, grants in part without prejudice, denies in part, and denies in part without prejudice Defendant's in limine motions.

**Dated:** December 8, 2016

**ENTERED**

_____
**AMY J. ST. EVE**
**United States District Court Judge**