N 47

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

DR. MARIA ARTUNDUAGA,      )
                           )
                Plaintiff, )      Case No. 12 C 8733
                           )
                           )      Judge Amy J. St. Eve
        v.                 )
                           )
THE UNIVERSITY OF CHICAGO  )
MEDICAL CENTER,            )
                           )
                Defendant. )

**JURY INSTRUCTIONS**

FILED

FEB – 9 2017

JUDGE AMY ST. EVE
United States District Court

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear or public opinion to influence you. You should not be influenced by any person's race, color, religion, national ancestry or sex.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

1

In this case the Defendant is a medical center. All parties are equal before the law. A medical center is entitled to the same fair consideration that you would give any individual person.

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence and stipulations.

During the trial, certain testimony was presented to you by the reading of depositions and video. You should give this testimony the same consideration you would give it had the witnesses appeared and testified here in court.

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, Internet or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, direct evidence that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying;

- and the reasonableness of the witness's testimony in light of all the evidence in the case.

You may consider statements given by a Party or a Witness under oath before trial as evidence of the truth of what he or she said in the earlier statements, as well as in deciding what weight to give his or her testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement not under oath or acted in a manner that is inconsistent with his or her testimony here in court, you may consider the earlier statement or conduct only in deciding whether his or her testimony here in court was true and what weight to give to his or her testimony here in court.

In considering a prior inconsistent statement or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

It is proper for a lawyer to meet with any witness in preparation for trial.

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

You have heard witnesses give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness's qualifications, and all of the other evidence in the case.

Certain demonstrative exhibits, such as calendars, timelines, and charts have been shown to you. These demonstrative exhibits are not themselves evidence or proof of any facts.

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean:

When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

Dr. Artunduaga has two claims against the University of Chicago Medical Center under Title VII of the Civil Rights Act of 1964.  First, she claims that UCMC terminated her from the residency program because of her Colombian national origin.  Second, she claims that UCMC terminated her from the residency program because she complained that she had been subjected to discrimination on the basis of her Colombian national origin.  UCMC denies that Dr. Artunduaga was subject to national origin discrimination or that she complained about alleged national origin discrimination until after the decision not to renew her contract was made. UCMC maintains that Dr. Artunduaga's poor performance, conduct and behavior caused the termination of her residency contract.

You have been shown emails exchanged by Defendant's management personnel and Defendant's in house legal counsel that were redacted for purposes of protecting the attorney-client privilege. When management personnel seek the advice of legal counsel about personnel issues, the substance of such communications is protected by the attorney client privilege and is not subject to public disclosure. You may not make any inferences regarding the substance of the legal advice requested or received by Defendant's management personnel from Defendant's legal counsel that is contained in the redacted portions of the emails.

The fact that Defendant's management personnel communicated with legal counsel about Plaintiff, or the fact that those communications are redacted is not evidence that Defendant discriminated against Plaintiff because of her Colombian national origin or retaliated against her for complaining about national origin discrimination.

Plaintiff claims that she was terminated from the residency program by Defendant because of her Colombian national origin. To succeed on this claim, Plaintiff must prove by a preponderance of the evidence that she was terminated from the residency program by Defendant because of her Colombian national origin. To determine that Plaintiff was terminated from the residency program because of her Colombian national origin, you must decide that Defendant would not have terminated Plaintiff from the residency program had she not been Colombian but everything else had been the same.

If you find that Plaintiff has proved this by a preponderance of the evidence, then you must find for Plaintiff on this claim. However, if you find that Plaintiff did not prove this by a preponderance of the evidence, then you must find for Defendant on this claim.

Plaintiff also claims that Defendant terminated her from the residency program because she complained about national origin discrimination. To succeed on this claim, Plaintiff must prove by a preponderance of the evidence that Defendant terminated her because she complained about national origin discrimination. To determine that Plaintiff was terminated because she complained about national origin discrimination, you must decide that Defendant would not have terminated Plaintiff if she had not complained about national origin discrimination but everything else had been the same.

If you find that Plaintiff has proved this by a preponderance of the evidence, then you must find for Plaintiff on this claim. However, if you find that Plaintiff did not prove this by a preponderance of the evidence, then you must find for Defendant on this claim.

In deciding Plaintiff's claims, you should not concern yourselves with whether Defendant's actions were wise, reasonable, or fair. Rather, your concern is only whether Plaintiff has proved by a preponderance of the evidence that Defendant terminated her from the residency program (a) because of her Colombian national origin or (b) because she complained about national origin discrimination.

You have heard testimony and received evidence regarding the fact that Plaintiff filed a grievance that was heard by a grievance committee at a grievance hearing.

The grievance hearing was not a legal proceeding and the grievance committee was not asked to consider and did not consider or determine whether Defendant terminated Plaintiff from the residency program because of her Colombian national origin or because she complained about national origin discrimination. Accordingly, in making your determination of whether Plaintiff has proved that Defendant terminated her from the residency program because of her Colombian national origin or because she complained about national origin discrimination, you may not conclude that the grievance committee's decision constitutes any type of conclusion regarding Plaintiff's claims of discrimination or retaliation.

Dr. Killingsworth was not asked to consider and did not consider whether the University of Chicago Medical Center has caused Plaintiff to suffer any injury or damages. You may not consider Dr. Killingsworth's testimony or any evidence he offered to be proof that the University of Chicago Medical Center caused Plaintiff to suffer any injury or damages.

If you find that Plaintiff has proved any of her claims against Defendant, then you must determine what amount of damages, if any, Plaintiff is entitled to recover. Plaintiff must prove her damages by a preponderance of the evidence.

If you find that Plaintiff has failed to prove any of her claims, then you will not consider the question of damages.

If you decide for Defendant on the question of liability, then you should not consider the question of damages.

You may award compensatory damages only for injuries that Plaintiff has proved by a preponderance of the evidence were caused by Defendant's discrimination against Plaintiff because of her Colombian national origin and/or retaliation against Plaintiff because she complained of national origin discrimination.

Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

In calculating compensatory damages, you should not consider the issue of lost wages and benefits. The Court will calculate and determine any damages for past or future lost wages and benefits.

You should consider the following types of compensatory damages, and no others:

1.      The physical and mental/emotional pain and suffering that Plaintiff has experienced that was caused by Defendant's unlawful discrimination and/or retaliation and is reasonably certain to experience in the future because of Defendant's unlawful discrimination and/or retaliation. No evidence of the dollar value of physical or mental/emotional pain and suffering has been or needs to be introduced.  There is no exact standard for setting the damages to be awarded on account of pain and suffering.  You are to determine an amount that will fairly compensate Plaintiff for the injury she has sustained.

2.      The reasonable value of medical care that Plaintiff reasonably needed and actually received as a direct result of Defendant's unlawful discrimination and/or retaliation, as well as the present value of the care that she is reasonably certain to need and receive in the future as a direct result of Defendant's unlawful discrimination and/or retaliation.

3.    The reasonable value of educational expenses Plaintiff reasonably incurred as a direct result of Defendant's unlawful discrimination and/or retaliation.

4.    The present value of the reduction in Plaintiff's future earning capacity caused by Defendant's unlawful discrimination and/or retaliation.

Defendant argues that Plaintiff's claim for lost future earning capacity damages should be reduced by amounts she would have been paid had she obtained comparable employment in another residency program.

If you find that Plaintiff:

1.     did not take reasonable actions to reduce her damages, and

2.     that Plaintiff reasonably might have found comparable employment in another residency program, if she had taken such action,

You should reduce by any amount you might award Plaintiff for lost future earning capacity by the amount Plaintiff reasonably would have earned during the period for which you are awarding lost future earning capacity damages.

Defendant must prove both that the reduction should be made and its amount.

If you find for Plaintiff, you may, but are not required to, assess punitive damages against Defendant. The purposes of punitive damages are to punish a defendant for its conduct and to serve as an example or warning to Defendant and others not to engage in similar conduct in the future.

Plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against Defendant. You may assess punitive damages only if you find that the conduct of Defendant's managerial employees was in reckless disregard of Plaintiff's rights. An action is in reckless disregard of Plaintiff's rights if taken with knowledge that it may violate the law. In determining whether a person was a managerial employee of Defendant, you should consider the kind of authority Defendant gave him or her, the amount of discretion he or she had in carrying out his or her job duties and the manner in which he or she carried them out. You should not, however, award Plaintiff punitive damages if Defendant proves that it made a good faith effort to implement an antidiscrimination policy.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward either party. In determining the amount of any punitive damages, you should consider the following factors:

- the reprehensibility of Defendant's conduct;
- the impact of Defendant's conduct on Plaintiff;
- the relationship between Plaintiff and Defendant;

31

- the likelihood that Defendant would repeat the conduct if an award of punitive damages is not made;
- the relationship of any award of punitive damages to the amount of actual harm the Plaintiff suffered.

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court. Forms of verdict have been prepared for you.

[Forms of verdict read.]

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the appropriate form, and all of you will sign it.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as the telephone, a cell phone, a smart phone, iPhone, Blackberry or computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, LinkedIn, You Tube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations.

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally. If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

Please be advised that transcripts of trial testimony are not available to you. You must rely on your collective memory of the testimony.

The verdict must represent the considered judgment of each juror. Your verdict, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.