IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DR. MARIA ARTUNDUAGA, | |
| Plaintiff, | |
| v. | No. 12 C 8733 |
| THE UNIVERSITY OF CHICAGO MEDICAL CENTER, | Judge Amy J. St. Eve<br>Magistrate Judge Sidney I. Schenkier |
| Defendant. | |

## DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS BILL OF COSTS

On February 9, 2017, a jury decided in favor of Defendant The University of Chicago Medical Center ("UCMC") on all of Plaintiff's claims and judgment was entered for UCMC. (Dkt. Nos. 280, 281). UCMC files its Memorandum in Support of its Bill of Costs pursuant to Federal Rule of Civil Procedure 54(d)(1) and Local Rule 54.1.[1]

Under Rule 54(d)(1), costs, other than attorney's fees, are allowed to the prevailing party. *See* 28 U.S.C. § 1920. "The determination of whether costs should be awarded remains within the discretion of the district court." *Bagwe v. Sedgwick Claims Mgmt. Servs., Inc.*, Case No. 11-cv-2450, 2015 WL 351244, at * 1 (N.D. Ill. Jan. 27, 2015) (citation omitted). Costs in the prevailing party's favor are presumed, and the losing party has the burden of establishing that costs are not appropriate. *See Ayala v. Rosales*, Case No. 13-cv-04425, 2016 WL 2659553, at *1 (N.D. Ill. May 9, 2016) (citing *Blackwell v. Kalinowsi*, Case No. 08-C-7257, 2011 WL 3555770, at * 1 (N.D. Ill. Aug. 11, 2011)). Because the Parties agreed that depositions and

---

[1] UCMC files its Bill of Costs and Schedules in support of same contemporaneously herewith. Invoices attached to the Schedules are redacted to protect the attorney-client privilege/work product and/or to reflect only the costs UCMC seeks to recoup.

documents procured during this case and Plaintiff's state court suit could be used for purposes of the trial in this case, UCMC seeks, as appropriate, costs relating to both suits.

      **A.    FEES OF THE CLERK, FEES FOR SERVICE OF SUMMONS AND SUBPOENA AND FEES AND COSTS FOR WITNESSES (SCHEDULES A, B , C AND G)**

UCMC seeks a total of $3,254.19 in costs for fees of the clerk, service of summons and subpoenas and for witnesses appearance and preparation fees. (Schedules A, B, C, G).

      **1.    Summons and Subpoenas for Appearances**

An award of subpoena service costs is appropriate if the subpoenas were reasonably necessary when served. *See Ayala*, 2016 WL 26559553, at * 1. Here, Plaintiff identified Drs. Dantz, Keough and Velander as medical treaters with information relevant to her emotional distress damages, and, later, as potential trial witnesses (Ex. 1; Dkt. 189-2). Accordingly, UCMC sought and secured the deposition of each provider via subpoena as was appropriate, and asks for the costs associated with doing so. (*See* Schedule A).

      **2.    Witness Deposition and Trial Attendance Fees**

Per 28 U.S.C. §1821(b), a witness is to be paid an attendance fee of $40 per day at court or a deposition, plus reasonable travel. Advanced witness fees are incidental to the service of witness subpoenas and are properly awarded when service was reasonable when made. *See id.*, 2016 WL 26559553, at * 4. Here, Plaintiff identified Ricardo Garcia, Antonio Copete, Dr. Irma Fleming and her treaters as having information pertinent to her claims. (Ex. 1). UCMC's service of subpoenas on these individuals at the time was therefore reasonable, and the related witness fees should be awarded to UCMC, as should the travel and parking fees for which UCMC reimbursed Plaintiff's expert (Dr. Killingsworth) for his deposition and Drs. Dickie and Umanskiy for their trial appearances. *See id.*, 2016 WL 26559553, at *4 (Schedule A, B, G).

### 3. Expert Deposition Fees

Federal Rule of Civil Procedure 24(b)(4)(E) allows for the recovery of "costs associated with the time spent [by an expert] preparing for a deposition[.]" *Goldberg v. 401 N. Wabash Venture LLC*, Case No. 09-C-6455, 2013 WL 4506071, at * 5 (N.D. Ill. Aug. 23, 2013). Here, UCMC's expert, Dr. Malcolm Cohen, invoiced UCMC for a total of 5.2 hours of time spent preparing for his 3 hour and 20 minute deposition on December 1, 2015 (Schedule C); Ex.2 (Cohen Dep. 1, 170)). Because the time Dr. Cohen spent preparing his deposition was reasonable in light of the length of same, his preparation fees (Schedule C) should be awarded to UCMC. *See id*, 2013 WL 4506071, at *6 (holding that a "3 to 1 preparation to deposition time is reasonable in complex cases" for an expert fee award).

### B. FEES FOR PRINTED OR ELECTRONICALLY RECORDED TRANSCRIPTS NECESSARILY OBTAINED FOR USE IN THE CASE (SCHEDULE D)

UCMC seeks $24,559.91 in costs for obtaining deposition transcripts and videos of same, and $9,475.55 for daily trial transcripts. (Schedule D). "The cost of a transcript is recoverable if it is 'reasonably necessary to the case at the time it was taken,'" *see* 28 U.S.C. § 1920(2); *see Goldberg*, 2013 WL 4506071, at * 2; *see LG Electronics U.S.A., Inc. v. Whirlpool Corp.*, Case No. 08 C 0242, 2011 WL 5008425, at * 3 (N.D. Ill. Oct. 20, 2011) (costs of digitalizing and synchronizing video depositions may be awarded to prevailing party). Transcripts need not be "absolutely indispensable in order to provide the basis of an award of costs[.]" *Lewis v. City of Chicago*, Case No. 04 C 6050, 2012 WL 6720411, at * 5 (N.D. Ill. Dec. 21, 2012).

### 1. Deposition Costs

UCMC seeks the costs associated with deposing Plaintiff (in 2014), Garcia and Copete and Drs. Dantz, Killingsworth, Velander, Keough and Joly Raju, as Plaintiff identified each during discovery as having information relevant to her claims, making the taking of their

depositions inherently reasonable. (Ex. 1). *See Lewis*, 2012 WL 6720411, at * 6. UCMC also obtained the transcripts of each of the aforementioned depositions, Plaintiff's 2016 deposition and the depositions of Drs. Song, Kaplan, Umanskiy, Angelos, Ferguson, Grossman, Jaskowiak, Lusardi, Fleming (2014/2016 depositions), Dantz, Simon, Posner, Roggin, Killingsworth, Cohen, Velander and Keough, and Peggy Simpson, Krista Curell, Barry Kamin, Akilah Williams and Joly Raju. Each deposition transcript (with the exception of Plaintiff (2016), Song (2016), Dantz, Killingsworth, Cohen, Simpson, Raju, Velander and Keough) was needed for summary judgment. (Dkt. 82, 93 (*see* dep references therein)). Each of these witnesses was also listed by Plaintiff as a potential witness with information regarding Plaintiff's claims and/or on either party's witness list for trial, making their transcripts necessary for case assessment, trial preparation and trial purposes. (Ex. 1; Dkt. 189; Schedule D).

In addition, UCMC utilized videographer services and/or obtained the videos of the depositions of Dr. Song (2013 and 2015 depositions), Plaintiff (2014 and 2016 depositions), Antonio Copete and Drs. Grossman, Lusardi, Fleming (2014 and 2016), Dantz, Killingsworth, Velander, Keough and Joly Raju. The Lusardi, Fleming, Grossman, Raju, Velander and Keough videos were used for trial purposes and/or designating trial testimony. In addition, the Song and Plaintiff videos were used for trial preparation by UCMC's counsel, and those of Drs. Dantz, Killingsworth and Copete were secured for later use during the case and at trial, as deemed appropriate by counsel. UCMC therefore seeks the costs associated with obtaining those videos. (Schedule D); *see Trading Technologies Int'l, Inc. v. eSpeed, Inc.*, 750 F.Supp.2d 962, 976 (N.D. Ill. 2010) (granting the cost of video depositions where obtaining same was necessary and reasonable in the context of the case); *see Olivarius v. Tharaldson Prop. Mgmt. Inc.*, Case No. 08

C 463, 2012 WL 1117468, at * 3 (N.D. Ill. Apr. 3, 2012) (allowing costs for video dep and synchronization fees).

### 2. Daily Trial Testimony Transcripts

"Charges for daily [trial] transcripts 'may be awarded where the trial is long, the issues complex, or a transcript is needed to cross-examine a witness[.]" *See Ayala*, 2016 WL 2659553, at * 7 (quoting *Marcus & Millichap Real Estate Investment Services Inc. v. Sekulovski*, 2010 WL 145785, at * 9 (N.D. Ill. Jan. 12, 2010)). In evaluating a request for these costs, courts may consider, among other things, the length and complexity of the issues, whether the case involved expert witnesses, the size of the claim and the importance of witness credibility. See *Ernst v. Anderson*, No. 02 C 4884, 2006 WL 163024, at * 2 (N.D. Ill. Jan. 18, 2006)).

Here, Plaintiff sought over $9 million in damages, her credibility was hotly contested, the issues to be resolved during the trial (which lasted over a week) were complex and Plaintiff's expert and over 20 other witnesses testified at trial. (*See e.g.* Dkt. No. 189). Further, UCMC utilized the daily transcripts to prepare to examine and examine witnesses at trial based on earlier trial testimony (for purposes of Dr. Umanskiy's testimony, for example (Ex. 3)). Accordingly, the daily transcript costs should be awarded. (Schedule D); *see Ayala*, 2016 WL 2659553, at *7 (granting daily transcript costs where transcripts assisted counsel in exam preparation and closing arguments).

### C. FEES AND DISBURSEMENTS FOR PRINTING (SCHEDULE E)

UCMC seeks a total of $479.86 for the costs associated with obtaining Plaintiff's EEOC file and her medical records from her treaters. (Schedule E). Such records were needed to assess Plaintiff's claims and alleged entitlement to emotional distress damages, and are awardable to UCMC. See *Goldberg*, 2013 WL 4506071, at * 2; *Lewis*, 2012 WL 6720411, at * 8 (N.D. Ill. Dec. 21, 2012) (granting costs of obtaining medical records).

### D. FEES FOR EXEMPLIFICATION AND THE COSTS OF MAKING COPIES OF ANY MATERIALS WHERE THE COPIES ARE NECESSARILY OBTAINED FOR USE IN THE CASE (SCHEDULE F)

#### 1. Copying Costs

UCMC seeks $4,072.95 in copying costs for copies that were "necessarily obtained for use in the case." 28 U.S.C. § 1920(4); (Schedule F). "The prevailing party is 'not required to submit a bill of costs containing a description so detailed as to make it impossible economically to recover photocopying costs,' but instead must 'provide the best breakdown obtainable from retained records." *Williams v. Fico*, Case No. 11 C 1105, 2015 WL 3759753, at * 6 (N.D. Ill. June 15, 2015) (quoting *Northbrook Express & Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 643 (7th Cir. 1991)). "Reasonably necessary" copies include copies "attributable to discovery and copies of pleadings, motions, and memoranda submitted to the court[.]" *Id.* (quoting *Roney v. Illinois Dep't of Transp.*, No. 99 C 4941, 2007 WL 1100751, at * 1 (N.D. Ill. Apr. 12, 2007)). Local Rule 54.1(b), provides for costs of deposition transcripts needed by counsel and the cost of a copy of a deposition transcript provided to the Court.

Here, UCMC seeks costs for two copies of its pleadings (for UCMC/the Court), discovery requests, responses, subpoenas and deposition notices (for UCMC, Plaintiff and/or the witness) and one copy of its productions (including for documents received from third parties). UCMC also seeks the costs of two copies (for UCMC/the Court) of each deposition transcript that included trial designations or that was used to impeach (Garcia and Plaintiff), and one copy of every other transcript (in minuscript format), which were used by UCMC's counsel during the case to prepare for summary judgment and/or witness testimony, to have present at trial for possible impeachment and refreshing recollection and/or for trial arguments. *See* N.D. Ill. Local Rule 54.1(b). And, UCMC seeks the costs of one copy of Plaintiff's trial exhibits (used by UCMC at trial), two copies of UCMC's exhibits and the joint exhibits (for UCMC/the Court) and

one copy of the admitted UCMC and joint exhibits (for the jury). (Schedule F). All such copying costs (invoiced at $.07 per page (Schedule F Part 1)) were reasonable and should be awarded. *See* LR 54.1(b); *see also Williams*, 2015 WL 3759753, at * 6 (awarding costs of copies at $.15 per page); *see also Amer. Safety Casualty Ins. Co. v. City of Waukegan*, Case No. 07 C 1990, 2011 WL 6437535, at * 9 (N.D. Ill. Dec. 20, 2011).

### 2. Trial Technologist Costs

UCMC seeks $12,970.00 relating to the services of its trial technologist, Michael Newell. (Schedule F Part 2 (Newell Affidavit)). Time spent by a trial technologist organizing and presenting exhibits to the Court and jury at trial, which offers an "efficient, time-saving method of presenting complex evidence under the circumstances," may be assessed against Plaintiff. *See LG Electronics U.S.A., Inc.*, 2011 WL 5008425, at * 7.

Here, Newell organized and coded the parties' trial exhibits (including DX 232 (6,000 plus pages)) into his trial database so that the admitted exhibits could be promptly accessed and presented to the jury at trial. (*See* Newell Aff. ¶ 6). He also spent time editing and reviewing the video depositions of Drs. Fleming and Grossman, which were shown at trial. (*See* Newell Dep. ¶¶ 7, 8). Finally, he was present each trial day and, among other things, then accessed and presented UCMC's evidence to the jury electronically, highlighting and calling out important portions of multiple-paged documents at counsel's direction to help the jury zone in on key information. Mr. Newell's work and presence at trial helped UCMC present complex and voluminous evidence to the jury in an efficient manner, and the costs for his time should be awarded. *See id.*, 2011 WL 5008425, at * 7 (awarding in trial technologist costs); *see also Chicago Board Options Exchange, Inc. v. International Securities Exchange, LLC*, Case No. 07 CV 623, 2014 WL 125937, at * 5-7 (N.D. Ill. Jan. 14, 2014) (granting costs of over $25,000 relating to technician's organization and presentation to jury of exhibits and depositions).

### 3. Timeline Demonstrative Exhibits

28 U.S.C. § 1920(4) permits the Court to tax as costs "fees for exemplification[,]" which can include "the reasonable expense of preparing maps, charts [and] photographs" and demonstrative exhibits "necessarily obtained for the use of the case." *See Olivarius*, 2012 WL 117468, at *5 (citing *Cefalu v. Village of Elk Grove Village*, 211 F.3d 416, 427-28 (7th Cir. 2000)). To determine whether an exemplification was so obtained, the Court should consider "whether the nature and context of the information being presented genuinely called for the means of illustration that the party employed." *See Cefalu*, 211 F.3d at 428.

Here, UCMC seeks $5,577.50 associated with procuring the three timelines shown to the jury (in opening and/or closing arguments, in "board" format and electronically). (Schedule F Part 3). These outlines were necessary to effectively and visually demonstrate to the jury the complex series of events which were essential to casting doubt on Plaintiff's credibility and establishing UCMC's defenses. For example, the first timeline refuted Plaintiff's claims that she had inadequate experience in the US medical system when she came to UCMC, the second illustrated her pre probation and probation period and significant events therein and the third timeline identified the actions Plaintiff took, and when, which UCMC contended could have caused her not to be selected for another residency. UCMC's presentation of the events reflected in the timelines was effective, reasonable and appropriate given the complexities of this case, and the related costs should be awarded. *See Olivarius*, 2012 WL 1117468, at * 5 (granting timeline costs); *see also LG Electronics*, 2011 WL 5008425, at *7.

### 4. E-Discovery Costs

While the Seventh Circuit has "not fully addressed the extent to which e-discovery costs may be taxed against a nonprevailing party under 28 U.S.C. § 1920[,]" the Court has held that a nonprevailing party may be assessed the prevailing party's "costs for converting computer data

into a readable format in response to [a] discovery request." *Allen v. City of Chicago*, Case No. 10 C 3183, 2016 WL 1070828, at * 8 (N.D. Ill. Mar. 16, 2016) (citing *Intercontinental Great Brands LLC v. Kellog N. Am. Co.*, No. 13 C 321, 2016 WL 316865, at * 6 (N.D. Ill. Jan. 26, 2016) (collecting cases) and quoting *Hecker v. Deere & Co.*, 556 F.3d 575, 591 (7th Cir. 2009)). Further, this Court has at least twice awarded electronic discovery costs submitted by prevailing parties and associated with electronically processing, hosting and producing documents. *See Goldberg*, 2013 WL 4506071, at * 7; *see also LG Electronics U.S.A., Inc.*, 2011 WL 5008425, at * 8. And, courts in this District have also awarded costs associated with converting documents into a readable format, for bates labeling and endorsement of documents for production and for optical character recognition charges. *See Bagwe*, 2015 WL 351244, at * 6 (holding that converting documents and information into a readable format are "akin to providing photocopies of responsive documents to the requesting party."); *see also Chicago Board Options Exchange, Inc.*, 2014 WL 125937, at * 8-9 (awarding ESI conversion, OCR and bates labeling costs).

During discovery in the instant litigation and the state court case Plaintiff requested that UCMC collect and search the emails of a multitude of custodians for emails and other electronically stored information ("ESI") relating to Plaintiff's allegations against UCMC. Accordingly, during discovery in this case, UCMC gathered, searched and produced certain available emails of Drs. Jaskowiak, Becker, Roggin, Ferguson, Grossman, Song, Park, Dickie, Lee, Seal, Umanskiy, Kaplan, and Angelos and Jonathan Rothstein and Akilah Williams, and incurred hosting, conversion, bates labeling and OCR costs associated with same. (Ex. 4; Schedule F Part 4)[2]. In the state case, at Plaintiff's request, UCMC further gathered, searched

---

[2] In an abundance of caution and given the provisions of the vendor agreement with Advanced Discovery ("AD"), UCMC has also redacted in the AD invoices (Exhibit A to the Siarny Affidavit) the "quantity" and "rate" information (although the total amount charged is visible). UCMC can produce the unredacted quantity and rate

-9-

and produced additional ESI and certain available emails of Drs. Song, Posner, Simon, Roggin, Dickie, Lee, Jaskowiak, Fleming, Lusardi, Becker, Park, In, and Seal and Barry Kamin, Krista Curell, Jonathan Rothstein and Akilah Williams, and incurred hosting and processing/conversion costs related to those emails (which were fair game in the instant litigation). (Exhibit 4). All such e-discovery costs were reasonably necessitated by Plaintiff's claims against UCMC and specific requests for electronic discovery, and UCMC therefore asks that they be assessed against Plaintiff. (*See* Schedule F Part 4).

Dated: March 10, 2017

Respectfully submitted,

THE UNIVERSITY OF CHICAGO
MEDICAL CENTER

By:    s/ Elizabeth N. Hall
             One of Its Attorneys

Edward C. Jepson, Jr.
Elizabeth N. Hall
Emily C. Fess
Vedder Price P.C.
222 North LaSalle Street
Chicago, Illinois 60601
T: +1 (312) 609 7500

information to the Court for *in camera* review and to Plaintiff with a Court Order if the Court concludes that such information is necessary to evaluate the Bill of Costs.

## **CERTIFICATE OF SERVICE**

I, the undersigned, certify that a true and correct copy of the foregoing MEMORANDUM IN SUPPORT OF BILL OF COSTS was served on March 10, 2017 via the Court's CM/ECF system on the following:

Jamie S. Franklin
The Franklin Law Firm LLC
53 W. Jackson Boulevard, Suite 803
Chicago, IL 60604
jsf@thefranklinlawfirm.com

Cynthia H. Hyndman
Robinson, Curley & Clayton, P.C.
300 South Wacker Drive, Suite 1700
Chicago, IL 60606
chyndman@robinsoncurley.com

                                                   s/ Elizabeth N. Hall
                                                      Elizabeth N. Hall